**NOTICE OF REMOVAL**

**EXHIBIT A**

**Certified State Court Pleadings**

*Dee Voigt, et al. v. Echo Tours and Charters, et al.*
**United States District Court, Norther District of Texas,
Dallas Division**

FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET
## CASE NO. DC-17-02842

| | | | |
|---|---|---|---|
| DEE VOIGT, et al | § | Location: | **44th District Court** |
| vs. | § | Judicial Officer: | **GOLDSTEIN, BONNIE LEE** |
| ECHO TOURS AND CHARTERS, LP, et al | § | Filed on: | **03/08/2017** |
| | § | | |

---

## CASE INFORMATION

Case Type: **MOTOR VEHICLE ACCIDENT**

---

## PARTY INFORMATION

*Lead Attorneys*

| | | |
|---|---|---|
| **PLAINTIFF** | COX, LINDA | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | CRUZ, JUANITA | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | CRUZ, LOUISA | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | DE LA CRUZ, MARY | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | DE LA CRUZ, SANTIAGO | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | ESTATE OF DEBORAH ORR | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | HALL, MARY | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | HANNA, DARWYN | **TOUPS, MITCHELL A** <br> *Retained* <br> 409-838-0101(W) |
| | HANNA, MARIE | **TOUPS, MITCHELL A** <br> *Retained* <br> 409-838-0101(W) |
| | HOFFMAN, PEGGY | |
| | LUCAS, MARY | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | MCCAN, JILL | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | NYGREN, JUSTINE | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |
| | ORR, TIM | **BUZBEE, ANTHONY G** <br> *Retained* <br> 713-223-5393(W) |

*Printed on 04/10/2017 at 2:42 PM*

FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET
## CASE NO. DC-17-02842

| | | |
|---|---|---|
| **RABEL, BETTY** | | **BUZBEE, ANTHONY G** |
| | | *Retained* |
| | | 713-223-5393(W) |
| **RABEL, JC** | | **BUZBEE, ANTHONY G** |
| | | *Retained* |
| | | 713-223-5393(W) |
| **SCHELL, LESLIE** | | **BUZBEE, ANTHONY G** |
| | | *Retained* |
| | | 713-223-5393(W) |
| **SHEETS, CATHERINE** | | **BUZBEE, ANTHONY G** |
| | | *Retained* |
| | | 713-223-5393(W) |
| **TORRES, PRISCILLA** | | **BUZBEE, ANTHONY G** |
| | | *Retained* |
| | | 713-223-5393(W) |
| **TURNER, CATHERINE** | | **BUZBEE, ANTHONY G** |
| | | *Retained* |
| | | 713-223-5393(W) |
| **TURNER, MIKE** | | **BUZBEE, ANTHONY G** |
| | | *Retained* |
| | | 713-223-5393(W) |
| **VOIGT, DEE** | | **WATTS, MIKAL** |
| INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF | | *Retained* |
| PEGGY HOFFMAN DECEASED AND | | 210-447-0500(W) |

| | | | |
|---|---|---|---|
| **DEFENDANT** | **ABC COMPANIES, INC.** | | |
| | **AMBROSE, LOUIS, Jr.** | | **SHARP, MICHAEL PAUL** |
| | | | *Retained* |
| | | | 972-934-9100(W) |
| | **CSX TRANSPORTATION INC** | | **PROCTOR, JOHN W** |
| | | | *Retained* |
| | | | 817-332-1391(W) |
| | **DIAMOND TOURS INC.** | | **ROSS, JEFFREY R.** |
| | | | *Retained* |
| | | | 214-420-2280(W) |
| | **DOE, JOHN** | | |
| | **ECHO TOURS AND CHARTERS, LP** | | |
| | **ECHO TRANSPORTATION, INC.** | | **SHARP, MICHAEL PAUL** |
| | | | *Retained* |
| | | | 972-934-9100(W) |
| | **TLB GROUP INC.** | | **SHARP, MICHAEL PAUL** |
| | | | *Retained* |
| | | | 972-934-9100(W) |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 03/08/2017 | NEW CASE FILED (OCA) - CIVIL | |
| 03/08/2017 | ORIGINAL PETITION | |
| 03/08/2017 | CASE FILING COVER SHEET | |
| 03/08/2017 | ISSUE CITATION | |

*Printed on 04/10/2017 at 2:42 PM*

FELICIA PITRE, DISTRICT CLERK
# DOCKET SHEET
## CASE NO. DC-17-02842

*DO NOT SEND BY CERT.MAIL ATTY WANTS TO PICK THEM UP\*CDM*

| | |
|---|---|
| 03/08/2017 | JURY DEMAND<br>    Party: PLAINTIFF VOIGT, DEE |
| 03/10/2017 | INTERVENTION<br>   *MELISSA MESSERLY* |
| 03/10/2017 | **CITATION**<br>   ECHO TOURS AND CHARTERS, LP<br>   Served: 03/14/2017<br>   TLB GROUP INC.<br>   Served: 03/14/2017<br>   DIAMOND TOURS INC.<br>   Served: 03/13/2017<br>   CSX TRANSPORTATION INC<br>   Served: 03/13/2017 |
| 03/15/2017 | INTERVENTION<br>   *- KIMBERLY KAY CHAPMAN* |
| 03/16/2017 | RETURN OF SERVICE<br>   *CITATION ECHO TOURS* |
| 03/16/2017 | RETURN OF SERVICE<br>   *CITATION TBL GROUP INC* |
| 03/16/2017 | RETURN OF SERVICE<br>   *CITATION CSX TRANSPORTATION INC* |
| 03/16/2017 | RETURN OF SERVICE<br>   *CITATION DIAMOND TOURS* |
| 03/24/2017 | MOTION - CONSOLIDATE<br>    Party: PLAINTIFF HANNA, DARWYN; PLAINTIFF HANNA, MARIE |
| 03/24/2017 | NON-SIGNED PROPOSED ORDER/JUDGMENT<br>   *CONSOLIDATE* |
| 03/24/2017 | AMENDED PETITION |
| 03/24/2017 | INTERVENTION |
| 03/24/2017 | ISSUE CITATION |
| 03/24/2017 | ISSUE CITATION |
| 03/27/2017 | NOTE - ADMINISTRATOR<br>   *SEE NOTES* |
| 03/27/2017 | INTERVENTION |
| 03/27/2017 | ISSUE CITATION |
| 03/28/2017 | **CITATION** |

*Printed on 04/10/2017 at 2:42 PM*

# DOCKET SHEET

## CASE NO. DC-17-02842

|  |  |
|---|---|
| | ECHO TOURS AND CHARTERS, LP<br>Served: 03/28/2017 |
| | TLB GROUP INC.<br>Served: 03/28/2017 |
| | DIAMOND TOURS INC.<br>Served: 03/28/2017 |
| | CSX TRANSPORTATION INC<br>Served: 03/28/2017 |
| | AMBROSE, LOUIS, Jr.<br>Unserved<br>*ATTY/DB* |
| 03/28/2017 | **CITATION**<br> ECHO TOURS AND CHARTERS, LP<br>Served: 03/28/2017<br> TLB GROUP INC.<br>Served: 03/28/2017<br>DIAMOND TOURS INC.<br>Unserved<br> CSX TRANSPORTATION INC<br>Served: 03/28/2017<br> AMBROSE, LOUIS, Jr.<br>Served: 03/28/2017<br>*ATTY/DB* |
| 03/29/2017 | **CITATION**<br> DIAMOND TOURS INC.<br>Served: 04/04/2017<br>*9214 8901 0661 5400 0104 5914 93/ GDL* |
| 03/29/2017 | CITATION ISSUED |
| 03/29/2017 | NOTICE OF HEARING / FIAT<br>*ON MOTION TO CONSOLIDATE* |
| 03/29/2017 | SPECIAL APPEARANCE<br>*& MOTION - DISMISS* |
| 03/31/2017 | ORIGINAL ANSWER - GENERAL DENIAL<br>Party: DEFENDANT DIAMOND TOURS INC. |
| 03/31/2017 | OBJECTION<br>*CONSOLIDATE/WITHOUT/WAIVING/SPCL/APPEAR/M/DISMIS--DEF/CSX*<br>*TRANSPORTION* |
| 03/31/2017 | INTERVENTION |
| 03/31/2017 | ISSUE CITATION |
| 03/31/2017 | INTERVENTION |
| 03/31/2017 | REQUEST FOR SERVICE |
| 03/31/2017 | ISSUE CITATION |

# DOCKET SHEET
## CASE NO. DC-17-02842

| | |
|---|---|
| 03/31/2017 | **JURY DEMAND**<br>Party: PLAINTIFF ORR, TIM |
| 04/03/2017 | NOTICE OF HEARING / FIAT<br>*5/19/17, 1H 10:30 ON SPECIAL APPEARANCE, INTERVENTION & DISMISS* |
| 04/04/2017 | **CITATION**<br>ECHO TOURS AND CHARTERS, LP<br>Unserved<br>TLB GROUP INC.<br>Unserved<br>AMBROSE, LOUIS, Jr.<br>Unserved<br>*3 ESERVE RR PET IN INTERVENTION* |
| 04/04/2017 | CITATION ISSUED |
| 04/04/2017 | RETURN OF SERVICE<br>*TBL GROUP CITATION -- 1st AMENDED RETURN OF SERVICE EXEC 3/28/17* |
| 04/04/2017 | RETURN OF SERVICE<br>*CSX TRANSPORTATION CITATION - 1ST AMENDED RETURN EXEC 3/28/17* |
| 04/04/2017 | RETURN OF SERVICE<br>*TBL GROUP CITATION - INTERVENTION RETURN EXEC 3/28/17* |
| 04/04/2017 | RETURN OF SERVICE<br>*DIAMOND TOURS CITATION - FIRST AMENDED RETURN EXEC 3/28/17* |
| 04/04/2017 | RETURN OF SERVICE<br>*LOUIS AMBROSE JR CITATION - INTERVENTION RETURN EXEC 3/28/17* |
| 04/04/2017 | RETURN OF SERVICE<br>*CITATION ECHO TOURS AND CHARTERS* |
| 04/04/2017 | RETURN OF SERVICE<br>*CITATION CSX TRANSPORTATION* |
| 04/04/2017 | RETURN OF SERVICE<br>*CITATION ECHO TOURS* |
| 04/06/2017 | NOTICE OF HEARING / FIAT<br>*CANCELLED 4/7/17 CONSOLIDATE* |
| 04/07/2017 | *CANCELED* **Motion - Consolidate** (1:50 PM) (Judicial Officer: GOLDSTEIN, BONNIE LEE)<br>*REQUESTED BY JUDGE*<br>*15 MIN - PETER MALOUF - 972-971-5509 BROADUS SPIVEY TO APPEAR BY PHONE* |
| 04/07/2017 | RETURN OF SERVICE<br>*CIT EXEC 4/4/47 TO DIAMOND TOURS INC CERT MAIL* |
| 04/07/2017 | **CITATION SOS/COI/COH/HAG**<br>DIAMOND TOURS INC.<br>Unserved<br>ABC COMPANIES, INC.<br>Unserved<br>*ATTY/DB* |

# DOCKET SHEET
## CASE NO. DC-17-02842

| | |
|---|---|
| 04/07/2017 | **CITATION**<br>TLB GROUP INC.<br>Unserved<br>CSX TRANSPORTATION INC<br>Unserved<br>ECHO TRANSPORTATION, INC.<br>Unserved<br>*ATTY/DB* |
| 04/10/2017 | 📄 ORIGINAL ANSWER - GENERAL DENIAL<br>　Party: DEFENDANT  AMBROSE, LOUIS, Jr. |
| 04/10/2017 | 📄 ORIGINAL ANSWER - GENERAL DENIAL<br>　Party: DEFENDANT  ECHO TRANSPORTATION, INC. |
| 04/10/2017 | 📄 ORIGINAL ANSWER - GENERAL DENIAL<br>　Party: DEFENDANT  TLB GROUP INC. |
| 04/10/2017 | 📄 RETURN OF SERVICE<br>　*CITATION LUIS AMROSE* |
| 05/19/2017 | **MOTION HEARING** (10:30 AM)  (Judicial Officer: GOLDSTEIN, BONNIE LEE)<br>　Events: 03/29/2017 SPECIAL APPEARANCE<br>　　　　03/31/2017 INTERVENTION<br>　*INTERVENTION, 1H 10:30 SET BY TIFFANY 817-332-1391, REQUESTED COURTESY*<br>　*COPY* |

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **INTERVENOR** CHAPMAN, KIMBERLY KAY<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of 4/10/2017** | | 75.00<br>75.00<br>**0.00** |
| 03/15/2017 | Charge | INTERVENOR CHAPMAN,<br>KIMBERLY KAY | 75.00 |
| 03/15/2017 | CREDIT CARD -  Receipt # 16632-2017-DCLK<br>TEXFILE (DC) | INTERVENOR CHAPMAN,<br>KIMBERLY KAY | (75.00) |
| | **INTERVENOR** FRANK, GLADYS JANE<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of 4/10/2017** | | 99.00<br>99.00<br>**0.00** |
| 04/03/2017 | Charge | INTERVENOR FRANK, GLADYS<br>JANE | 99.00 |
| 04/03/2017 | CREDIT CARD -  Receipt # 20861-2017-DCLK<br>TEXFILE (DC) | INTERVENOR FRANK, GLADYS<br>JANE | (99.00) |
| | **INTERVENOR** HAVRAN, ANNIE MAY<br>Total Charges<br>Total Payments and Credits<br>**Balance Due as of 4/10/2017** | | 193.00<br>193.00<br>**0.00** |
| 03/28/2017 | Charge | INTERVENOR HAVRAN, ANNIE<br>MAY | 193.00 |
| 03/28/2017 | CREDIT CARD -  Receipt # 19597-2017-DCLK<br>TEXFILE (DC) | INTERVENOR HAVRAN, ANNIE<br>MAY | (193.00) |
| | **INTERVENOR** LANDDRUM, AUBREY O<br>Total Charges | | 180.00 |

FELICIA PITRE, DISTRICT CLERK

# DOCKET SHEET
### CASE NO. DC-17-02842

| | | | |
|---|---|---|---:|
| | Total Payments and Credits | | 180.00 |
| | **Balance Due as of  4/10/2017** | | **0.00** |
| 03/27/2017 | Charge | INTERVENOR LANDDRUM, AUBREY O | 180.00 |
| 03/27/2017 | CREDIT CARD -   Receipt # 19164-2017-DCLK TEXFILE (DC) | INTERVENOR LANDDRUM, AUBREY O | (180.00) |
| | **INTERVENOR**  MESSERLY, MELISSA | | |
| | Total Charges | | 75.00 |
| | Total Payments and Credits | | 75.00 |
| | **Balance Due as of  4/10/2017** | | **0.00** |
| 03/10/2017 | Charge | INTERVENOR MESSERLY, MELISSA | 75.00 |
| 03/10/2017 | CREDIT CARD -   Receipt # 15371-2017-DCLK TEXFILE (DC) | INTERVENOR MESSERLY, MELISSA | (75.00) |
| | **PLAINTIFF**  ORR, TIM | | |
| | Total Charges | | 307.00 |
| | Total Payments and Credits | | 307.00 |
| | **Balance Due as of  4/10/2017** | | **0.00** |
| 04/04/2017 | Charge | PLAINTIFF ORR, TIM | 307.00 |
| 04/04/2017 | CREDIT CARD -   Receipt # 21124-2017-DCLK TEXFILE (DC) | PLAINTIFF ORR, TIM | (307.00) |
| | **PLAINTIFF**  VOIGT, DEE | | |
| | Total Charges | | 804.00 |
| | Total Payments and Credits | | 804.00 |
| | **Balance Due as of  4/10/2017** | | **0.00** |
| 03/10/2017 | Charge | PLAINTIFF VOIGT, DEE | 699.00 |
| 03/10/2017 | CREDIT CARD -   Receipt # 15309-2017-DCLK TEXFILE (DC) | PLAINTIFF VOIGT, DEE | (699.00) |
| 03/27/2017 | Charge | PLAINTIFF VOIGT, DEE | 105.00 |
| 03/27/2017 | CREDIT CARD -   Receipt # 19161-2017-DCLK TEXFILE (DC) | PLAINTIFF VOIGT, DEE | (105.00) |

*Printed on 04/10/2017 at 2:42 PM*

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this ___15th___ day of ___APRIL___ A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
3/8/2017 4:47:47 PM
FELICIA PITRE
DISTRICT CLERK
Jesse Reyes

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| Dee Voigt, Individually and as Representative of the Estate of Peggy Hoffman, Deceased, and on Behalf of all Those Entitled to Recover for the Death of Peggy Hoffman, Deceased, under the Texas Wrongful Death act; | § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| VS. | § § | |
| Echo Tours and Charters, LP dba Echo Transportation; TLB Group Inc.; Diamond Tours Inc.; CSX Transportation, Inc.; and John Doe | § § § § § | DALLAS COUNTY, T E X A S |
| *Defendants.* | § § § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFFS' ORIGINAL PETITION

---

COME NOW, PLAINTIFFS DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT complaining of ECHO TOURS AND CHARTERS, LP DBA ECHO TRANSPORTATION; TLB GROUP INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC.; AND JOHN DOE and respectfully show the Court as follows:

# I.
## DISCOVERY TRACK

1.1    Plaintiffs plead that this case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an agreed Order or other Court Order to this effect.

# II.
## PARTIES

2.1    Plaintiff, Dee Voigt, is an individual citizen and resident of McMahan, Texas. He is bringing his individual wrongful death claims for the loss of his mother, Peggy Hoffman. He is also bringing claims as the Representative of the Estate of Peggy Hoffman, and on behalf of all those entitled to recover for the death of Peggy Hoffman, under the Texas Wrongful Death Act.

2.2    Defendant, ECHO Tours and Charters, LP d/b/a ECHO Transportation (hereafter referred to as ECHO), is a Texas limited partnership with its principal place of business in Dallas, Texas. ECHO can be served at its principal place of business located at 9314 West Jefferson Blvd., Dallas, TX 75211.

2.3    Defendant, TBL Group Inc. (hereafter referred to as TBLG), is a Texas corporation with its principal place of business in Houston, Texas. TBLG can be served with process through its registered agent, Elisa Fox, at 801 Cherry Street, Unit 46, Fort Worth, TX 76102.

2.4    Defendant, Diamond Tours, Inc. (hereafter referred to as Diamond Tours), is a Florida Corporation with its principal place of business in Fort Meyers, Florida. Diamond Tours can be served with process through its registered agent, E. Murray Moore Jr., at 215 S. Monroe Street, Suite 200, Tallahassee, FL 32302.

2.5    Defendant, John Doe, was the driver of a passenger bus involved in the

accident giving rise to this lawsuit. Plaintiffs have sought, but are unable to obtain, exact identifying information as to John Doe. Defendant Doe is an individual believed to be employed by ECHO. Defendant Doe is believed to be a resident of Texas.

2.6     CSX Transportation, Inc. is a Virginia corporation doing business in the State of Texas with its principal place of business in Jacksonville, Florida.   CSX Transportation, Inc. can be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.
## JURISDICTION AND VENUE

3.1     The amount in controversy far exceeds the minimal jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek, by their lawsuit, monetary relief over $1,000,000.00.

3.2     Venue in this case is proper in Dallas County, Texas, under the general venue rule of Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, because it is the county of defendant, ECHO's principal place of business at the time the cause of action accrued.

3.3     Venue is proper in Dallas County as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because venue is proper in Dallas County as to Defendant ECHO, and because all of Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

3.4     Plaintiffs expressly disavow that any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000.00, there is a lack of complete diversity because at least one plaintiff and one defendant are both citizens of Texas. Further, one or more of the properly joined and

---

served Defendants are citizens of the state in which this action is brought. Any removal, or consent to removal, of this case to federal court would be improper.

## IV.
### GENERAL ALLEGATIONS OF FACTS

4.1    On March 7, 2017, an ECHO bus traveling from Austin, Texas to Biloxi, Mississippi was struck by a CSX freight train, leaving at least four people dead and numerous passengers injured. The accident happened at approximately 2:15 p.m., as the northbound charter bus, carrying more than 40 people, was stopped, straddling the tracks at the Main Street railroad crossing in Biloxi, Mississippi. The charter bus appeared unable to move from the crossing, when the 52-car train, pulled by three locomotives, slammed into the charter bus. The force of the collision pushed the bus approximately 200 feet after impact.

4.2    A "Humped" crossing sign indicating low ground clearance was posted several feet in advance of grade crossing.

4.3    After the accident, it took more than thirty minutes for witnesses and emergency crews to remove injured passengers through the emergency windows. The investigation into the cause of the accident is ongoing.

4.4    Defendant John Doe was driving the bus in the course and scope of his employment for ECHO. Peggy Hoffman of Lockhart, Texas was a passenger in the bus and paid consideration to Diamond Tours for transportation in the Echo bus. As a result of this accident, Peggy Hoffman suffered serious personal injuries, which ultimately resulted in her death. Mrs. Hoffman, a retired assistant principal of Lockhart High School, was traveling to South Mississippi on a seven-day charter trip organized by Bastrop Senior Center.

4.5     Two months prior, on January 5, 2017, another CSX Transportation train hit a Pepsi delivery vehicle at precisely the same Main Street crossing. The tractor-trailer had become hung up and immobilized by the steep grade at the crossing. The driver of the Pepsi truck, after he was unable to move his vehicle, called for help and had attempted to flag down the CSX train before it ultimately crashed into his stopped truck.

4.6     In fact, at this precise crossing there have been sixteen (16) similar accidents since 1976.

4.7     Dallas-based ECHO is a wholly owned subsidiary of TBLG. ECHO and TBLG are common carriers who are in the business of carrying passengers for hire, hold themselves out for hire by the public, and are available for hire by the general public. The Defendants were in the course of acting as common carriers with regard to Peggy Hoffman, at the time of the subject incident.

<div align="center">

**CLAIMS FOR RELIEF**

**V.**
**NEGLIGENCE**

</div>

5.1     Defendants JOHN DOE, ECHO, TBLG, and Diamond Tours committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the death of Ms. Hoffman.

5.2     Defendant John Doe had a duty to exercise a high degree of care and breached that duty by:

(a)      failing to control the bus;

(b)      failing to keep a proper lookout as a reasonable and prudent person would have done;

(c)     failing to act as a reasonable and prudent person would have done; and

(d)     failing to abide by and/or observe traffic signs.

5.3     Defendant ECHO is liable for the conduct of Defendant John Doe under the doctrine of *respondeat superior* because John Doe, at all relevant times, acted within the course and scope of his employment for Echo.   At the time of the incident, Defendant John Doe was operating the vehicle in the course and scope of his employment and/or agency for Defendant Echo.  Defendant Echo intentionally granted Defendant John Doe the authority to act on behalf of Echo.  The relevant acts of Defendant John Doe were performed while in the employment of Echo, to further its business, to accomplish the objective for which Defendant John Doe was hired, and within the scope of his employment or within the authority delegated to him. Defendant Echo, therefore, is vicariously liable for the negligence of Defendant John Doe.

5.4     Defendant ECHO committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiffs.

5.5.     Defendants, ECHO and TBLG had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to, failing to properly train drivers of vehicles regarding the appropriate methods and procedures for safely handling the vehicle and its passengers in emergency situations.

5.6     The negligence of Defendants ECHO, TBLG, and John Doe on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiffs.

---

5.7    ECHO and TBLG are jointly and severally liable for the damages arising out of this incident because they are a joint enterprise and/or joint venture with regard to the operation and maintenance of the charter bus.

## VI.
## CAUSE OF ACTION AGAINST CSX TRANSPORTATION - NEGLIGENCE

6.1    CSX Transportation committed acts of commission and omission, collectively and severally, constituting negligence, which were a proximate cause of the accident, the death of Peggy Hoffman, and Plaintiffs' damages.

6.2    CSX Transportation had a duty to maintain the subject railroad crossing where the incident occurred, including the duty to maintain the condition of the roadway traversing the crossing and its grade. CSX Transportation owed a duty to the driving public to act reasonably when maintaining the subject railroad crossing, to ensure that the crossing was not ultrahazardous or so dangerous that persons using ordinary care could not pass over it safely.  It also had a duty to act reasonably to adequately warn the driving public of the existence of any ultra hazardous conditions in the crossing.  CSX Transportation failed to act reasonably, because, at the time of the subject collision, the railroad failed to prevent the ultra hazardous conditions.

6.3    CSX Transportation's acts and omissions proximately caused the subject train/vehicle collision, the death of Peggy Hoffman, and Plaintiffs' damages.

## VII.
## COMPENSATORY DAMAGES

7.1    As a result of the injuries and death of Peggy Hoffman, Plaintiff Dee Voigt, seeks compensatory damages from the defendants arising from the injuries he suffered to the degree of care, maintenance, services, advice, counsel, love, comfort, affection, protection, emotional support, companionship, and society, which he

otherwise would have received from his mother, Peggy Hoffman; mental anguish; and any pecuniary damages, all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount in excess of $75,000.00.

7.2    As a result of the conduct of Defendants, Peggy Hoffman's Estate seeks monetary damages from Defendants to compensate for pain and suffering, mental anguish, medical expenses, and funeral and burial expenses of Peggy Hoffman.

## VIII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1    Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## IX.
### RESERVATION OF RIGHTS

9.1    Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition and add additional counts and/or parties as discovery continues.

## X.
### CONDITIONS PRECEDENT

10.1    All conditions precedent to Plaintiffs' right to recover and Defendants' liability have been performed or have occurred.

## XI.
### JURY DEMAND

11.1    Plaintiffs request a trial by jury.

## XII.
### REQUESTS FOR DISCLOSURE

12.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are to disclose, within fifty (50) days of service of this

request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be entitled, whether at law or in equity.

Respectfully submitted,

WATTS GUERRA, LLP
4 Dominion Dr., Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone: (210) 447-0500
Fax: (210) 447-0501

By:

_____
MIKAL C. WATTS
State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV.
State Bar No. 00796684
Email: fguerra@wattsguerra.com
PAIGE BOLDT
State Bar No. 24082626
Email: pboldt@wattsguerra.com

LISA BLUE
State Bar No. 02510500
Email: lblue@baronandblue.com
BARON & BLUE
3811 Turtle Creek Blvd., Suite 800
Dallas, TX 75219
Phone: 214-969-7373
Fax: 214-969-7648

**ATTORNEYS FOR PLAINTIFFS**

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to the original ... correct copy of the original as it appears on ...

... Seal ... of office in ... this the 10TH day of APRIL 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By Michael E. Clark Deputy

FILED
DALLAS COUNTY
3/8/2017 4:47:47 PM
FELICIA PITRE
DISTRICT CLERK
Jesse Reyes

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY):* DC-17-02842   Court *(FOR CLERK USE ONLY):*

STYLED Dee Voigt, etal vs. Echo Tours, et al
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Mikal C. Watts    Email: mcwatts@wattsguerra.com | Plaintiff(s)/Petitioner(s): Dee Voigt, etal | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 4 Dominion Dr. Bldg 3 Ste 100    Telephone: 210.447.0500 | | Additional Parties in Child Support Case: |
| City/State/Zip: San Antonio Tx 78257    Fax: 210.447.0501 | Defendant(s)/Respondent(s): Echo Tours Charters, LP dba Echo Transportation, et al. | Custodial Parent: |
| Signature: /w/ permission by Mikal Watts    State Bar No: 20981820 | | Non-Custodial Parent: |
| | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☒Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| | ☐Other Injury or Damage: | | | |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of office at my office
in Dallas, Texas, this _10th_ day of _APRIL_, _2017_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**
**9314 WEST JEFFERSON BLVD.**
**DALLAS, TEXAS 75211**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
SPRINGE MCKINLEY

| ATTY |
|---|
| **CITATION** |
| **DC-17-02842-B** |
| **DEE VOIGT, et al**<br>**vs.**<br>**ECHO TOURS AND CHARTERS, LP**<br>**, et al** |
| **ISSUED THIS**<br>**10th day of March, 2017** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: SPRINGE MCKINLEY, Deputy |
| **Attorney for Plaintiff**<br>MIKAL WATTS<br>4 DOMINION DR BLDG 3<br>SUITE 100<br>SAN ANTONIO, TEXAS 78257<br>210-447-0500 |

**DALLAS COUNTY CONSTABLE**
**FEES PAID**    **FEES NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that the above and foregoing is a true and correct copy of the original document as it appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said court, at office in Dallas, Texas, this 18th day of APRIL, 2017.

FELICIA PITRE DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** CSX TRANSPORTATIO, INC.
BY SERVING ITS REGISTERED AGENT, ELISA FOX
1999 BRYAN STREET, SUITE 900
DALLAS, TEXAS 75201-3136

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court  **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered <u>DC-17-02842-B,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
SPRINGE MCKINLEY

---

**CITATION**

**DC-17-02842-B**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP**
**et al**

**ISSUED THIS**
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS  78257
210-447-0500



DALLAS COUNTY CONSTABLE
FEES PAID     FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|                        |              |                                              |
|------------------------|--------------|----------------------------------------------|
| For serving Citation   | $_____  | _____       |
| For mileage            | $_____  | of_____County, _____   |
| For Notary             | $_____  | By_____Deputy |

{Must be verified if served outside the State of Texas.}

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, District Clerk of the District of Dallas County,
Texas, do hereby certify that the foregoing is a true correct copy
to be a full, true, and correct copy of the original as it appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT OFFICE
in Dallas, Texas this the ____ day of ____ April ____ A.D., 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**   **DIAMOND TOURS, INC.**
**BY SERVING ITS REGISTERED AGENT, E. MURRAY MOORE JR.**
**215 S. MONROE STREET, SUITE 200**
**TALLAHASSEE, FL 32302**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered <u>DC-17-02842-B,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

_____, Deputy
SPRINGE MCKINLEY

---

**ATTY**

**CITATION**

**DC-17-02842-B**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP**
et al

**ISSUED THIS**
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS  78257
210-447-0500



DALLAS COUNTY CONSTABLE
FEES PAID      FEES NOT PAID

Civil Action No. 3:17-cv-01018

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No. 44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_____ . _____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument and it is a true and correct copy of the original as it appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this _____ day of _____ A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **TLB GROUP INC,**
       **BY SERVING ITS REGISTERED AGENT, ELISA FOX**
       **801 CHERRY STREET, UNIT 466**
       **FT. WORTH, TEXAS 76102**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court  **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
SPRINGE MCKINLEY

---

**ATTY**

**CITATION**

**DC-17-02842-B**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP**
**et al**

ISSUED THIS
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS  78257
210-447-0500

---

**DALLAS COUNTY CONSTABLE**
**FEES PAID**     **FEES NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

STATE OF TEXAS

COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to the above numbered and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 10TH day of APRIL A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:  CSX TRANSPORTATIO, INC.
     BY SERVING ITS REGISTERED AGENT, ELISA FOX
     1999 BRYAN STREET, SUITE 900
     DALLAS, TEXAS 75201-3136

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
    SPRINGE MCKINLEY

---

**ATTY**

**CITATION**

**DC-17-02842-B**

---

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP**
et al

ISSUED THIS
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS  78257
210-447-0500



## AFFIDAVIT OF SERVICE

State of Texas                    County of Dallas                    44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 12:00 pm to be served on **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201.**

I, Randy Shelley, being duly sworn, depose and say that on the **13th day of March, 2017 at 12:30 pm, I:**

delivered to **CSX Transportation, Inc.** by delivering to CT Corporation System, **Registered Agent,** a true copy of the **Citation - Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Terri Thongsavat, who is authorized to accept service for CT Corporation System,** at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the __14__ day of
__March__ , __2017__ by the affiant who is
personally known to me.

_Kelli Shotts_
NOTARY PUBLIC

_Randy Q Shelley_
**Randy Shelley**
SCH-3990  Exp:08/31/2017

Our Job Serial Number: ESA-2017000368


Kelli Shotts
Commission Expires
07-11-2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
to certify the foregoing is a true and correct copy as appears
Record in my office ... this ... day of ... the Instrument
Record in my office ... this copy of the original as appears on

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___ day of _APRIL_ A.D., _2017_

FELICIA PITRE DISTRICT CLERK
By_____ Deputy

FILED
DALLAS COUNTY
3/16/2017 4:23:59 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

FORM NO. 353-3 - CITATION

THE STATE OF TEXAS

To: DIAMOND TOURS, INC.
BY SERVING ITS REGISTERED AGENT, E. MURRAY MOORE JR.
215 S. MONROE STREET, SUITE 200
TALLAHASSEE, FL 32302

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th** District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL.**

Filed in said Court **8th** day of **March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ Deputy
SPRINGER MCKINLEY

---

**ATTY**

CITATION

DC-17-02842-B

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP
et al

ISSUED THIS
10th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas, County, Texas

By: SPRINGE MCKINLEY, Deputy

Attorney for Plaintiff
MIKAL WATTS
4-DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS 78257
210-447-0500

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# AFFIDAVIT OF SERVICE

**State of Texas**  **County of Dallas**  **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 1:44 pm to be served on **Diamond Tours, Inc. by delivering to E. Murray Moore, Jr., Registered Agent, 215 S. Monroe Street, Suite 200, Tallahassee, Leon County, FL 32302**

I, Wyatt Kady, being duly sworn, depose and say that on the **13th day of March, 2017** at **3:00 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiffs' Original Petition** with the date of service endorsed thereon by me, to: **Kameen Lee as Authorized/Legal Clerk** at the address of: **215 S. Monroe Street, Suite 200, Tallahassee, Leon County, FL 32302**, who stated they are authorized to accept service for **Diamond Tours, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ⌐4th day of
March , 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

_____
**Wyatt Kady**

Our Job Serial Number: ESA-2017000369

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
with the original and that the above and foregoing is a true and
correct copy of the original as appears on
file in the office

WITNESS MY HAND AND SEAL of said court, at office
in Dallas, Texas, this 10th day of APRIL , A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _Michael F. Clark_ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** TLB GROUP INC,
BY SERVING ITS REGISTERED AGENT, ELISA FOX
801 CHERRY STREET, UNIT 466
FT. WORTH, TEXAS 76102

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

_____, Deputy
SPRINGE MCKINLEY

---

**ATTY**

**CITATION**

**DC-17-02842-B**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP**
**et al**

ISSUED THIS
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS 78257
210-447-0500

DALLAS COUNTY CONSTABLE
FEES PAID    FEES NOT PAID

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 1:44 pm to be served on **TBL Group Inc. by delivering to Elisa Fox, Registered Agent, 801 Cherry Street, Unit 46, Fort Worth, Tarrant County, TX 76102**

I, Randy Shelley, being duly sworn, depose and say that on the **14th day of March, 2017 at 1:58 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Elisa Fox** as **Registered Agent** at the address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102**, who stated they are authorized to accept service for **TBL Group Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _15_ day of
_March_, _2017_ by the affiant who is
personally known to me.

_Kelli Shotts_
NOTARY PUBLIC

_Randy a Shelley_
**Randy Shelley**
SCH-3990 Exp.08/31/2017

Our Job Serial Number: ESA-2017000367



Kelli Shotts
Commission Expires
27-11-2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to the original filed in my office of the original as it appears on

this the 10TH day of APRIL, 2017

FELICIA PITRE, DISTRICT CLERK
COUNTY TEXAS

By _____ Deputy

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:    ECHO TOURS AND CHARTERS,  LP  D/B/A ECHO TRANSPORTATION
       9314 WEST JEFFERSON BLVD.
       DALLAS, TEXAS 75211

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty   days after you were served this citation and  petition, a default judgment may be
taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court  **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                                                  By _____ , Deputy
                                                       SPRINGE MCKINLEY

---

| ATTY |
|---|
| **CITATION** |

**DC-17-02842-B**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP
, et al**

ISSUED THIS
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS  78257
210-447-0500

---

**DALLAS COUNTY CONSTABLE**
**FEES
PAID**        **FEES NOT
PAID**

# AFFIDAVIT OF SERVICE

| State of Texas | County of Dallas | 44th District Court |
|---|---|---|

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 1:44 pm to be served on **Echo Tours And Charters, LP d/b/a Echo Transportation, 9314 West Jefferson Blvd, Dallas, Dallas County, TX 75211.**

I, Randy Shelley, being duly sworn, depose and say that on the **14th day of March, 2017 at 1:58 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the alternate address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102,** as authorized to accept delivery for **Echo Tours And Charters, LP d/b/a Echo Transportation,** and informed said person of the contents therein.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _15_ day of
_March_ , _2017_ by the affiant who is
personally known to me.

_Kelli Shotts_
NOTARY PUBLIC

_Randy A Shelley_
**Randy Shelley**
SCH-3990  Exp:08/31/2017

Our Job Serial Number: ESA-2017000366

Kelli Shotts
Commission Expires
27-11-2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, District Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record of the original copy of the instrument

GIVEN UNDER MY HAND AND SEAL of said Court, at office
In Dallas, Texas, this 10th day of APRIL, A.D., 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
3/10/2017 9:42:41 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, *Plaintiffs,* AND | § § § § § § § § § | IN THE DISTRICT COURT OF |
| MELISSA MESSERLY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH HOFFMAN, DECEASED *Plaintiff/Intervenor,* | § § § § § | DALLAS COUNTY, TEXAS |
| VS. | § § | |
| ECHO TOURS AND CHARTERS, LP DBA ECHO TRANSPORTATION, TLB GROUP, INC., DIAMOND TOURS INC.; CSX TRANSPORTATION, INC.; AND JOHN DOE *Defendants.* | § § § § § § | 44TH JUDICIAL DISTRICT |

# PETITION IN INTERVENTION

COMES NOW, Melissa Messerly, Individually and as Representative of the Estate of Kenneth Hoffman, Deceased, Intervenor (hereafter referred to as Plaintiff or Intervenor) complaining of ECHO Tours and Charters, LP d/b/a ECHO Transportation, TLB Group, Inc., Diamond Tours, Inc., CSX Transportation, Inc., and John Doe and would respectfully show the Court as follows:

9368P.002                                              1

# I.
## DISCOVERY TRACK

1.1    This case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and the parties will seek an agreed Order or other Court Order to this effect.

# II.
## PARTIES

2.1    Plaintiff, Dee Voigt, is an individual citizen and resident of McMahan, Texas.  He is bringing his individual wrongful death claims for the loss of his mother, Peggy Hoffman. He is also bringing claims as the Representative of the Estate of Peggy Hoffman, and on behalf of all those entitled to recover for the death of Peggy Hoffman, under the Texas Wrongful Death Act.

2.2    Plaintiff/Intervenor, Melissa Messerly, is an individual citizen and resident of Dale, Caldwell County, Texas.  She is bringing these survival and wrongful death claims for the loss of her father, Kenneth Hoffman, individually and as the Representative of the Estate of Kenneth Hoffman, and on behalf of all those entitled to recover for the death of Kenneth Hoffman, under the Texas Wrongful Death and Survival Acts.

2.3    Defendant, ECHO Tours and Charters, LP d/b/a ECHO Transportation (hereafter referred to as ECHO), is a Texas limited partnership with its principal place of business in Dallas, Texas.  ECHO can be served at its principal place of business, 9314 West Jefferson Blvd., Dallas, TX 75211.

2.4    Defendant, TBL Group, Inc. (hereafter referred to as TBLG), is a Texas corporation with its principal place of business in Houston, Texas.  TBLG can be served with process by serving Elisa Fox, 801 Cherry Street, Unit 46 Fort Worth, TX 76102.

9368P.002                                                        2

2.5     Defendant, Diamond Tours, Inc. (hereafter referred to as Diamond Tours), is a Florida Corporation with its principal place of business in Fort Meyers, Florida.  Diamond Tours can be served with process by serving E. Murray Moore Jr. at 215 S. Monroe Street, Suite 200, Tallahassee, FL 32302.

2.6     Defendant, John Doe, was the driver of the passenger bus involved in the accident giving rise to this lawsuit.  Plaintiffs/Intervenors have sought, but are unable to obtain, exact identifying information as to John Doe.  Defendant Doe is an individual believed to be employed by ECHO.  Defendant Doe is believed to be a resident of Texas.

2.7     CSX Transportation, Inc. is a Virginia corporation doing business in the State of Texas with its principal place of business in Jacksonville, Florida.  CSX Transportation, Inc. can be served with process by serving CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.
#### JURISDICTION AND VENUE

3.1     The amount in controversy far exceeds the minimal jurisdictional limits of this Court.  Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek, by their lawsuit, monetary relief over $1,000,000.00.

3.2     Venue in this case is proper in Dallas County, Texas, under the general venue rule of Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, because it is the county of defendant, ECHO's principal place of business at the time the cause of action accrued.

3.3     Venue is proper in Dallas County as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because venue is proper in Dallas County as to

9368P.002                                          3

Defendant ECHO, and because all of Plaintiffs'/Intervenors claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

3.4     Plaintiffs/Intervenors expressly disavow that any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000, there is a lack of complete diversity because at least one plaintiff and at least one defendant are both citizens of Texas. Further, one or more of the properly joined and served Defendants are citizens of the state in which this action is brought. Any removal, or consent to removal, of this case to federal court would be improper.

<div align="center">

**IV.**
**GENERAL ALLEGATIONS OF FACTS**

</div>

4.1     On March 7, 2017, an ECHO bus traveling from Austin, Texas to Biloxi, Mississippi was struck by a CSX freight train, leaving at least four people dead and numerous passengers injured. The accident happened at approximately 2:15 p.m., as the northbound charter bus, carrying more than 40 people, was stopped, straddling the tracks at the Main Street railroad crossing in Biloxi, Mississippi. The charter bus appeared unable to move from the crossing, when the 52-car train, pulled by three locomotives, slammed into the charter bus. The force of the collision pushed the bus approximately 200 feet after impact.

4.2     A "Humped" crossing sign indicating low ground clearance was posted several feet in advance of grade crossing.

4.3     After the collision, it took more than thirty minutes for witnesses and emergency crews to remove injured passengers through the emergency windows. The investigation into the cause of the accident is ongoing.

9368P.002                                    4

4.4     Defendant John Doe was driving the bus in the course and scope of his employment for ECHO.  Kenneth Hoffman of Lockhart, Texas was a passenger in the bus and paid consideration to Diamond Tours for transportation in the ECHO bus.  As a result of this collision, Kenneth Hoffman suffered serious personal injuries, which ultimately resulted in his death. Mr. Hoffman, a retired assistant superintendent of Lockhart High School, was traveling as a passenger to South Mississippi on a seven-day charter trip organized by Bastrop Senior Center.

4.5     Two months prior, on January 5, 2017, another CSX Transportation train hit a Pepsi delivery vehicle at precisely the same Main Street crossing. The tractor-trailer had become hung up and immobilized by the steep grade at the crossing. The driver of the Pepsi truck, after unable to move his vehicle, called for help and had attempted to flag down the CSX train before it ultimately crashed into his stopped truck.

4.6     Dallas-based ECHO is a wholly owned subsidiary of TBLG.  ECHO and TBLG are common carriers who are in the business of carrying passengers for hire, hold themselves out for hire by the public, and are available for hire by the general public.  The Defendants were in the course of acting as common carriers with regard to Kenneth Hoffman, at the time of the subject incident.

## CLAIMS FOR RELIEF

### V.
#### NEGLIGENCE

5.1     Defendant JOHN DOE, ECHO, TBLG, and Diamond Tours committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the death of Mr. Hoffman.

5.2     Defendant John Doe had a duty to exercise a high degree of care and breached that duty by

(a)     failing to control the bus;

(b)     failing to keep a proper lookout as a reasonable and prudent person would have;

(c)     failure to act as a reasonable and prudent person would have; and

(d)     failing to abide and/or observe by traffic signs.

5.3     Defendant ECHO is liable for the conduct of Defendant John Doe under the doctrine of *respondeat superior* because John Doe, at all relevant times, acted within the course and scope of his employment for Echo. At the time of the incident, Defendant John Doe was operating the vehicle in the course and scope of his employment and/or agency for Defendant Echo. Defendant Echo intentionally granted Defendant John Doe the authority to act on behalf of Echo. The relevant acts of Defendant John Doe were performed while in the employment of Echo, to further its business, to accomplish the objective for which Defendant John Doe was hired, and within the scope of his employment or within the authority delegated to him. Defendant Echo, therefore, is vicariously liable for the negligence of Defendant John Doe.

5.4     Defendant ECHO committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiffs/Intervenors.

5.5     Defendants, ECHO and TBLG had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to, failing to properly train drivers of vehicles regarding the appropriate methods and procedures for safely handling the vehicle and its passengers in emergency situations.

9368P.002                                    6

5.6    The negligence of Defendants ECHO, TBLG, and John Doe on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiffs.

5.7    ECHO and TBLG are jointly and severally liable for the damages arising out of this incident because they are a joint enterprise and/or joint venture with regard to the operation and maintenance of the charter bus.

## VI.
## CAUSE OF ACTION AGAINST CSX TRANSPORTATION - NEGLIGENCE

6.1    CSX Transportation committed acts of commission and omission, collectively and severally, constituting negligence, which were a proximate cause of the accident, the death of Kenneth Hoffman, and Intervenors damages.

6.2    CSX Transportation had a duty to maintain the subject railroad crossing where the incident occurred, including the duty to maintain the condition of the roadway traversing the crossing and its grade. CSX Transportation owed a duty to the driving public to act reasonably when maintaining the subject railroad crossing, to ensure that the crossing was not ultra hazardous or so dangerous that persons using ordinary care could not pass over it safely. It also had a duty to act reasonably to adequately warn the driving public of the existence of any ultra hazardous conditions in the crossing. CSX Transportation failed to act reasonably, because, at the time of the subject collision, the railroad failed to prevent the ultra hazardous conditions.

6.3    CSX Transportation's acts and omissions proximately caused the subject train/vehicle collision, the death of Kenneth Hoffman, and Plaintiffs'/Intervenors damages.

# VII.
## COMPENSATORY DAMAGES

7.1     As a result of the injuries and death of Kenneth Hoffman, Plaintiff/Intervenor Melissa Messerly, seeks compensatory damages from the defendants arising from the injuries she suffered to the degree of care, maintenance, services, advice, counsel, love, comfort, affection, protection, emotional support, companionship, and society, which she otherwise would have received from her father, Kenneth Hoffman, deceased, mental anguish, and any pecuniary damages all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount far in excess of $75,000.

7.2     As a result of the conduct of Defendants, Kenneth Hoffman's Estate seeks monetary damages from Defendants to compensate for pain and suffering, mental anguish, medical expenses, and funeral and burial expenses of Kenneth Hoffman

# VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1     Plaintiffs/Intervenor seek pre-judgment and post-judgment interest as provided by law.

# IX.
## RESERVATION OF RIGHTS

9.1     Plaintiffs and Intervenors reserve the right to prove the amount of damages at trial.  Plaintiffs/Intervenors reserve the right to amend their petition and add additional counts and/or parties as discovery continues.

## X.
### CONDITIONS PRECEDENT

10.1   All   conditions   precedent   to   Plaintiffs'/Intervenors   right   to   recover   and
Defendants' liability have been performed or have occurred.

## XI.
### JURY DEMAND

11.1   Plaintiffs request a trial by jury.

## XII.
### REQUESTS FOR DISCLOSURE

12.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named
herein as Defendants are to disclose, within fifty (50) days of service of this request, the
information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs/Intervenor pray that Defendants
be cited to appear and answer herein, that this cause be set down for trial before a jury, and that
Plaintiffs/Intervenor recover judgment of and from Defendants for their damages, in such
amount as the evidence shows and the jury determines to be proper, together with pre-judgment
interest and post-judgment interest, costs of suit, and such other and further relief to which
Plaintiffs/Intervenor may show themselves to be entitled, whether at law or in equity.


Filed this 10th day of March, 2017.


9368P.002                                    9

Respectfully submitted,

By: *Broadus A Spivey*
/ Broadus A. Spivey

Broadus A. Spivey
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Dr., Ste. 205
Austin, TX 78731
o: 512-474-6061   f: 512-474-1605
bas@spivey-law.com
SBOT No. 00000076

Joe Turner
JOSEPH A. TURNER, PC
1504 West Avenue,
Austin, TX 78701
o: 512-474-4892  f: 512-474-8252
joeturnerpc@gmail.com
SBOT No. 20322500

**ATTORNEYS FOR PLAINTIFF/INTERVENOR**

## CERTIFICATE OF SERVICE

I certify that on March 10, 2017, the foregoing document was electronically filed on the efile.texascourts.gov system, which will automatically serve a Notice of Electronic Filing on the following attorneys of record.

*Attorneys for Plaintiff Dee Voigt:*
  Mikal C. Watts
  Francisco Guerra, IV
  WATTS GUERRA, LLP
  4 Dominion Dr., Bldg. 3, Ste. 100
  San Antonio, TX 78257
  o: 210-447-0500  f: 210-447-0501
  mcwatts@wattguera.com

*Local Attorney for Plaintiff Dee Voigt:*
  Lisa Blue
  BARON & BLUE
  3811 Turtle Creek Blvd., Ste. 800
  Dallas, TX 75219
  o: 214-969-7373  f: 214-969-7648
  lblue@barronandblue.com

*Broadus A Spivey*
/Broadus A. Spivey

9368P.002

**STATE OF TEXAS**
**COUNTY OF DALLAS** }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
In Dallas, Texas, this ___10TH___ day of ___APRIL___ A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By ___Michael E. Clark___ Deputy

FILED
DALLAS COUNTY
3/15/2017 2:26:40 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, *Plaintiffs*, | § § § § § § § § | IN THE DISTRICT COURT OF |
| AND | § § | |
| KIMBERLY KAY CHAPMAN, *Plaintiff/Intervenor* | § § § | DALLAS COUNTY, TEXAS |
| v. | § § | |
| ECHO TOURS AND CHARTERS, LP DBA ECHO TRANSPORTATION; TBL GROUP, INC., DIAMOND TOURS, INC., AND CSX TRANSPORTATION, INC. AND JOHN DOE, | § § § § § | |
| *Defendants*. | § § | 44TH JUDICIAL DISTRICT |

## INTERVENOR'S ORIGINAL PETITION IN INTERVENTION

COMES NOW, KIMBERLY KAY CHAPMAN, Intervenor (hereinafter referred to as Plaintiff or Intervenor) complaining of ECHO TOURS AND CHARTERS, LP dba ECHO TRANSPORTATION; TBL GROUP INC.; DIAMOND TOURS, INC., and CSX TRANSPORTATION, INC. and respectfully shows the Court as follows:

### I.
### DISCOVERY TRACK

1.    Plaintiff pleads that this case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an Agreed Order or other court Order to this effect.

## II.
## PARTIES

2.     Plaintiff Kimberly Chapman is an individual citizen and resident of Lockhart, Texas.  She is bringing her individual wrongful death claims for the loss of her father, Kenneth Hoffman and on behalf of all those entitled to recover for the death of Kenneth Hoffman, under the Texas Wrongful Death Act and on behalf of the wrongful death beneficiaries.

3.     Defendant ECHO Tours and Charters, LP d/b/a ECHO Transportation (hereafter referred to as ECHO) is a Texas limited partnership with its principal place of  business in Dallas, Texas. ECHO can be served at its principal place of business located at 9314 West Jefferson Blvd., Dallas, TX 75211.

4.     Defendant TBL Group Inc. (hereafter referred to as TBLG) is a Texas corporation with its principal place of business in Houston, Texas. TBLG can be served with process through its registered agent, Elisa Fox, at 801 Cherry Street, Unit 46, Fort Worth, TX 76102.

5.     Defendant Diamond Tours, Inc. (hereafter referred to as Diamond Tours), is a Florida Corporation with its principal place of business in Fort Meyers, Florida. Diamond Tours can be served with process through its registered agent. E. Murray Moore Jr., at 215 S. Monroe Street, Suite 200, Tallahassee, FL 32302.

6.     Defendant CSX Transportation, Inc. is a Virginia corporation doing business in the State of Texas with its principal place to business in Jacksonville, Florida. CSX Transportation, Inc. can be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2

## III.
## JURISDICTION AND VENUE

7.    The amount in controversy far exceeds the minimal jurisdictional limits of this court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that they seek, by their lawsuit, monetary relief over $1,000,000.00.

8.    Venue in this case is proper in Dallas County, Texas, under the general venue rule of Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, because it is the county of Defendant ECHO's principal place of business at the time the cause of action accrued.

9.    Venue is proper in Dallas County as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because venue is proper in Dallas County as to Defendant ECHO, and because all of Plaintiff's claims arise out of  the same transaction, occurrence, or series of transactions or occurrences.

10.    Plaintiff expressly disavows that any claims are being made pursuant to federal law, treaties, or constitution.  Although the amount in controversy exceeds $75,000.00, there is a lack of complete diversity because at least one Plaintiff and one Defendant are both citizens of Texas.  Further, one or more of the properly joined and served Defendants and citizens of the state in which this action is brought.  Any removal, or consent to removal, of this case to federal court would be improper.

## IV.
## GENERAL ALLEGATIONS OF FACTS

11.    On March 7, 2017, an ECHO bus traveling from Austin, Texas to Biloxi, Mississippi was struck by a CSX freight train, leaving at least four people dead and numerous passengers injured.  The accident happened at approximately 2:15 p.m., as the northbound charter bus, carrying more than 40 people, was stopped, straddling the tracks at the Main Street

railroad crossing in Biloxi, Mississippi. The charter bus appeared unable to move from the crossing, when the 52-car train, pulled by three locomotives, slammed into the charter bus. The force of the collision pushed the bus approximately 200 feet after impact.

12.    A "Humped" crossing sign warning of the potential to high center was placed before the crossing.

13.    After the accident, it took more than thirty minutes for witnesses and emergency crews to remove injured passengers through the emergency windows. The investigation into the cause of the accident is ongoing.

14.    The driver of the touring bus was driving the bus in the course and scope of his employment for ECHO. Kenneth Hoffman of Lockhart, Texas was a passenger in the bus and paid consideration to Diamond Tour for Transportation in the Echo bus. As a result of this accident, Kenneth Hoffman died. Mr. Hoffman was traveling to South Mississippi on a seven-day charter trip organized by Bastrop Senior Center.

15.    Two months prior, on January 5, 2017, another CSX Transportation train hit a Pepsi delivery vehicle at precisely the same Main Street crossing. The tractor-trailer had become hung up and immobilized by the steep grade at the crossing. The driver of the Pepsi truck, after he was unable to move his vehicle, called for help and had attempted to flag down the CSX train before it ultimately crashed into his stopped truck.

16.    In fact, at this precise crossing there have been sixteen (16) similar accidents since 1976.

17.    Dallas-based ECHO is a wholly owned subsidiary of TBLG. ECHO and TBLG are common carriers who are in the business of carrying passengers for hire, hold themselves out for hire by the public, and are available for hire by the general public. The Defendants were in

4

the course of acting as common carriers with regard to Kenneth Hoffman, at the time of the subject incident.

## V.
## CAUSE OF ACTION AGAINST ECHO, TBLG AND DIAMOND TOURS – NEGLIGENCE

18.     Defendants ECHO, TBLG, and Diamond Tours committed actions of omission and commission, which collectively and severally, constituted negligence, which were a proximate cause of the death of Mr. Hoffman.

19.     The driver of the bus had a duty to exercise a high degree of care and breached that duty by:

    (a)      Driving onto the crossing without sufficient regard for the "hump" sign;
    (b)      Failing to keep a proper lookout for an oncoming train;
    (c)      Failing to act as a reasonable and prudent person would have done; and
    (d)      Failing to abide by and/or observe traffic signs.

20.     Defendant ECHO is liable for the conduct of the driver under the doctrine of respondent superior because the driver, at all relevant times, acted within the course and scope of his employment for Echo. At the time of the incident, the driver was operating the vehicle in the course and scope of his employment and/or agency for Defendant Echo. Defendant Echo intentionally granted the driver the authority to act on behalf of Echo. The relevant acts of driver were performed while in the employment of Echo, to further its business, to accomplish the objective for which the driver was hired, and within scope of his employment or within the authority delegated to him. Defendant Echo, therefore, is vicariously liable for the negligence of the driver.

21.     Defendant ECHO committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiff.

22.     Defendant, ECHO and TBLG had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to, failing to properly train drivers of vehicles regarding the appropriate methods and procedures for safely handling the vehicle and its passengers in emergency situations.

23.     The negligence of Defendants ECHO, TBLG and Diamond Tours on the occasion in question were a proximate cause of the occurrence in question and the injuries and the damages of Plaintiff.

24.     ECHO, TBLG and Diamond Tours are jointly and severally liable for the damages arising out of this incident because they are a joint enterprise and/ or joint venture with regard to the operation and maintenance of the charter bus.

## VI.
## CAUSE OF ACTION AGAINST CSX TRANSPORTATION – NEGLIGENCE

25.     CSX Transportation committed acts of commission and omission, collectively and severally, constituting negligence, which were a proximate cause of the accident, the death of Kenneth Hoffman, and Plaintiff's damages.

26.     CSX Transportation had a duty to maintain the subject railroad crossing where the incident occurred, including the duty to maintain the condition of the roadway traversing the crossing and its grade. CSX Transportation owed a duty to the driving public to act reasonably when maintaining the subject railroad crossing, to ensure that the crossing was not ultra-hazardous or so dangerous that persons using ordinary care could not pass over it safely. It also had a duty to act reasonably to adequately warn the driving public of the existence of any ultra-hazardous conditions in the crossing. CSX Transportation failed to act reasonably, because, at the time of the subject collision, the railroad failed to prevent the ultra-hazardous conditions. CSX Transportation also failed to train its engineers and conductors of the dangers unique to this

crossing and failed to train its employees to travel at a speed where collisions could be avoided if traffic became immobile at the crossing.

27.    CSX Transportation's acts and omissions proximately caused the subject train/ vehicle collision, the death of  Kenneth Hoffman, and Plaintiffs' damages.

<div align="center">

**VII.**
**COMPENSATORY DAMAGES**

</div>

28.    As a result of the injuries and death of Kenneth Hoffman, Plaintiff Kimberly Chapman, seeks compensatory damages from the Defendants arising from the injuries she suffered  to the degree of care, maintenance, services, advice, counsel, love, comfort, affection, protection, emotional  support, companionship, and society, which she otherwise would have received from her father, Kenneth Hoffman; mental anguish; and any pecuniary damages, all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount in excess of $75,000.00.

<div align="center">

**VIII.**
**PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

</div>

29.    Plaintiff seeks pre-judgment and post-judgment interest as provided by law.

<div align="center">

**IX.**
**JURY DEMAND**

</div>

30.    Plaintiff requests a trial by jury.

<div align="center">

**X.**
**REQUESTS FOR DISCLOSURE**

</div>

31.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are to disclose, within thirty (30) days of service of  this request, the information  and  material described in the Texas Rules of Civil Procedure 194.2(a)-(1).

<div align="center">

7

</div>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this case be set for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for her damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgement interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show herself to be entitled, whether at law or in equity.

Respectfully submitted,

THE LANIER LAW FIRM, P.C.

By: /s/ Lawrence P. Wilson
      W. MARK LANIER
      State Bar No.: 11934600
      Lawrence P. Wilson
      State Bar No. 21704100
      P.O. Box 691448
      6810 FM 1960 West (77069)
      Houston, Texas 77269-1448
      Telephone: (713) 659-5200
      Telecopier: (713) 659-2204
      Larry.wilson@lanierlawfirm.com

Gregory J. Alexander
State Bar No. 00783529
Alexander Law Firm
8866 Gulf Freeway Suite 520
Houston, Texas 77017
(800) 350-5110
Fax: (713) 237-0708
Greg.alexander@injuryattorney.com

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

This is to certify that on this 15th day of March, 2017, a true and correct copy of the above and foregoing document was served in accordance with the Texas Rules of Civil Procedure on the following counsel of record:

Broadus A. Spivey
State Bar No. 00000076
Law Offices of Broadus A. Spivey
3303 Northland Drive, Suite 205
Austin, TX 78731
(512) 474-6061
(512) 474-1605 – Fax
bas@spivey-law.com

Joe Turner
State Bar No. 20322500
Joseph A. Turner, PC
1504 West Avenue
Austin, TX 78701
(512) 474-4892
(512) 474-8252 – Fax
joeturnerpc@gmail.com
*Attorneys for Plaintiff/Intervenor,*
*Melissa Messerly, Individually and as*
*Representative of the Estate of Kenneth*
*Hoffman, Deceased*

Lisa Blue
Baron & Blue
3811 Turtle Creek Blvd., Suite 800
Dallas, TX 75219
(214) 969-7373
(214) 969-7648 – Fax
lblue@barronandblue.com
*Local Attorney for Plaintiff,*
*Dee Voigt*

Mikal C. Watts
Francisco Guerra, IV
Watts Guerra, LLP
4 Dominion Dr., Bldg. 3, Suite 100
San Antonio, TX 78257
(210) 477-0500
(210) 447-0501 – Fax
mcwatts@wattsguerra.com
*Attorneys for Plaintiff,*
*Dee Voigt*

/s/ Lawrence P. Wilson
Lawrence P. Wilson

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
In Dallas, Texas, this 10th day of Apell A.D., 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By Michael E Clark Deputy

FILED
DALLAS COUNTY
3/29/2017 10:20:07 AM
FELICIA PITRE
DISTRICT CLERK

# THE LAW OFFICE OF PETER G. MALOUF*

P.O. Box 12745
Dallas, Texas 75225
(972) 971-5509 Phone
(866) 272- 8779 Facsimile                              *Also Licensed in the District of Columbia

March 29, 2017

**Via E-File and Email**
John W. Proctor
Brown, Dean, Proctor, & Howell, L.L.P.
306 West Seventh Street, Suite 200
Fort Worth, Texas   76102

**Via E-File and Email**
S. Camille Reifers
Boyle Brasher LLC
80 Monroe Avenue, Suite 410
Memphis, Tennessee 38103

**Via E-File and Email**
Michael Sharp
Daniel Karp
Fee, Smith, Sharp & Vitullo
Three Galleria Tower
13155 Noel Road Suite 1000
Dallas, Texas 75240

Re:   *Dee Voight et al v. Echo Tours and et al*
      Cause No.: DC 17-02842; 44th Judicial District Court

      And

      *Darwyn Hanna v. Echo Tours & Charters, L.P. et al*
      Cause No.: DC 17-02833; 192nd judicial District Court

## NOTICE OF HEARING

Dear Counsel:

Plaintiff's Motion to Consolidate has been set for hearing **April 7th 2017 at 1:50 p.m.** in the 44th Judicial District Court. If you have any questions, please feel free to call.

Best Regards,

Peter Malouf

Cc:   All Counsel of Record Via E-File Service and Email

STATE OF TEXAS    }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___10th___ day of ___APRIL___ A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Michael E. Clark_____Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    DIAMOND TOURS INC.
       BY SERVING ITS REGISTERED AGENT E MURRAY MOORE JR
       215 S MONROE STREET SUITE 200
       TALLAHASSEE FL 32302

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff/ Intervenor being **ANNIE MAY HAVRAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CLINTONLOUI HAVRAN, DECEASED**

Filed in said Court  **27th day of March, 2017** against

**DIAMOND TOURS INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas.

By _____, Deputy
       GAY LANE

---

**CERT MAIL**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
29th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

**Attorney for Plaintiff / Intervenor**
ROBERT HASLAM
HASLAM & GALLAGHER
555 SOUTH SUMMIT AVENUE
FORT WORTH  TX 76104
817-332-3115

DALLAS COUNTY CONSTABLE
FEES PAID        FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____29_____ day of ____MARCH_____, 20__17_____, at __8:47____ o'clock_A_____.M. Executed at215 S MONROE ST

STE 200_____, within the County of _____ at _____ o'clock _____ .M. on the _____day

of_____, 20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $__76.00_____ | _____ |  |
| For mileage | $_____ | of_____County,_____ |  |
| For Notary | $_____ | By_____Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0104 5914 93**

Notary Public_____County_____

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 10th day of April A.D., 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** **DIAMOND TOURS INC.**
**BY SERVING ITS REGISTERED AGENT E MURRAY MOORE JR**
**215 S MONROE STREET SUITE 200**
**TALLAHASSEE FL 32302**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff/ Intervenor being **ANNIE MAY HAVRAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CLINTONLOUI HAVRAN, DECEASED**

Filed in said Court **27th day of March, 2017** against

**DIAMOND TOURS INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
GAY LANE

---

**CERT MAIL**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**29th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

---

**Attorney for Plaintiff / Intervenor**
ROBERT HASLAM
HASLAM & GALLAGHER
555 SOUTH SUMMIT AVENUE
FORT WORTH TX 76104
817-332-3115

**DALLAS COUNTY CONSTABLE**
FEES PAID      FEES NOT PAID


**UNITED STATES
POSTAL SERVICE**

Date: April 4, 2017

MAIL MAIL:

The following is in response to your April 4, 2017 request for delivery information on your
Certified Mail™/RRE item number 9214890106615400010459193. The delivery record
shows that this item was delivered on April 4, 2017 at 2:45 pm in TALLAHASSEE, FL
32301. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

Reference ID: 9214890106615400010459193
DC-17-02842/ GDL
BY SERVING ITS REGISTERED AGENT E MURRAY MOORE JR
DIAMOND TOURS INC
215 S Monroe St Ste 200
Tallahassee, FL  32301-1852



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that the above and foregoing is a true and correct copy of the original instrument now on file in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this the 10th day of APRIL, A.D. 2017.

FELICIA PITRE DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
4/4/2017 8:36:20 PM
Civil Action No. 3:17-cv-01018   FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:

**CSX TRANSPORTATION INC**
**BY SERVING CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty   days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken
against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF**
**PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR**
**THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court  **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND**
**TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy
of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
DENOSHA BOSTON

---

**ATTY**

**CITATION**

DC-17-02842

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et**
**al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX  78257; P O BOX 350
BEAUMONT  TX  77704
210-447-0500; 409-838-0101

---

**DALLAS COUNTY CONSTABLE**
FEES        FEES NOT
PAID         PAID



# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Dallas** | **44th District Court** |

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:00 pm, I:**

delivered to **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent** a true copy of the **Citation - Plaintiffs' First Amended Petition** with the date of service endorsed thereon by me, to: **Terri Thongsavat, who is authorized to accept service for CT Corporation System,** at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _____ day of
_____, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000446

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas ... that I have ... certified copy of the original as appears on ...

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Dallas, Texas, this 10th day of APRIL, 2017.

FELICIA PITRE, DISTRICT CLERK

By: Michael E. Clark, Deputy

FILED
DALLAS COUNTY
4/4/2017 8:39:58 PM
FELICIA PITRE
DISTRICT CLERK

Civil Action No. 3:17-cv-01018

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:

**TBL GROUP INC.**
**BY SERVING ELISA FOX**
**801 CHERRY STREET UNIT 46**
**FORT WORTH TX 76102**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty   days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken
against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court  **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy
of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
　　　　DENOSHA BOSTON

| **ATTY** |
| :---: |
| **CITATION** |
| **DC-17-02842** |
| **DEE VOIGT, et al**<br>vs.<br>**ECHO TOURS AND CHARTERS, LP, et al** |
| ISSUED THIS<br>28th day of March, 2017 |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: DENOSHA BOSTON, Deputy |

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT  TX 77704
210-447-0500; 409-838-0101



DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

# AFFIDAVIT OF SERVICE

State of Texas                          County of Dallas                          44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **TBL Group Inc. by delivering to Elisa Fox, Registered Agent, 801 Cherry Street, Unit 46, Fort Worth, TX 76102.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiffs' First Amended Petition** with the date of service endorsed thereon by me, to: **Elisa Fox** as **Registered Agent** at the address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102,** who stated they are authorized to accept service for TBL Group Inc., and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ___ day of
_____, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000449

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL RECORD NOW IN MY LAWFUL CUSTODY AND POSSESSION AS THE SAME APPEARS ON FILE

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS
10th DAY OF APRIL 2017

FELICIA PITRE, DISTRICT CLERK
Dallas County, Texas

By _Michael F. Clark_ Deputy

FILED
DALLAS COUNTY
4/10/2017 12:35:57 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
LOUIS AMBROSE JR
2109 JOYNER RANCH RD
FORT WORTH TX 00000

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and FIRST AMENDED petition, a default judgment may be taken
against you. Your answer should be addressed to the clerk of the 44th District Court at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT

Filed in said Court 24th day of March, 2017 against

ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.

For Suit, said suit being numbered DC-17-02842, the nature of which demand is as follows:
Suit on MOTOR VEHICLE ACCIDENT etc. as shown on said petition REQUEST FOR DISCLOSURE, a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        DENOSHA BOSTON

| ATTY |
| --- |
| **CITATION** |
| **DC-17-02842** |
| **DEE VOIGT, et al**<br>**vs.**<br>**ECHO TOURS AND CHARTERS, LP, et al** |
| ISSUED THIS<br>28th day of March, 2017 |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: DENOSHA BOSTON, Deputy |
| **Attorney for Plaintiff**<br>MIKAL WATTS; MITCHELL A TOUPS<br>4 DOMINION DR BLDG 3<br>SUITE 100<br>SAN ANTONIO TX 78257; P O BOX 350<br>BEAUMONT TX 77704<br>210-447-0500; 409-838-0101 |



DALLAS COUNTY CONSTABLE
FEES        FEES NOT
PAID        PAID

# AFFIDAVIT OF SERVICE

State of Texas        County of Dallas        44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**

vs.

Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Louis Ambrose Jr., 2109 Joyner Ranch Rd, Forth Worth, TX 76134.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 2:20 pm, I:**

**Personally** delivered a true copy of the **Citation - Plaintiffs' First Amended Petition** to: **Louis Ambrose Jr.** at the address of: **2109 Joyner Ranch Rd, Forth Worth, Tarrant County, TX 76134,** pursuant to state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _____ day of
_____, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000453

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Civil Action No. 3:17-cv-01018

## OFFICER'S RETURN

Case No. :  DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the ____29____ day of ____MARCH_____, 20 _17_____, at __8:47____ o'clock _A_____.M. Executed at215 S MONROE ST STE 200_____, within the County of _____ at _2:45___ o'clock _P__.M. on the __4th___ day of __April_____, 20 _17_____, by delivering to the within named _Diamond Tours IN_ _By Serving its Registered Agent E.Murray Moore Jr By US Certified Mail_ _Return Receipt Received and Signed by unreadable signature)_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $__76.00_____ | _unreadable signature_ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_Fay Lane_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0104 5914 93**

Notary Public_____County_____

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

**STATE OF TEXAS**
**COUNTY OF DALLAS** }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___10th___ day of ___April___, A.D., _2017_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _Michael E. Clark_____Deputy

Civil Action No. 3:17-cv-01018

Marissa Pittman

FILED
DALLAS COUNTY
4/4/2017 8:43:51 PM
FELICIA PITRE
DISTRICT CLERK

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

    **ECHO TOURS AND CHARTERS, LP**
    **9314 WEST JEFFERSON BLVD**
    **DALLAS TX 75211**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered <u>**DC-17-02842,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

        By_____, Deputy
              DENOSHA BOSTON

---

<u>**ATTY**</u>

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

~~DALLAS COUNTY CONSTABLE~~
FEES
PAID

FEES NOT
PAID

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**

vs.

Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Echo Tours And Charters, LP d/b/a Echo Transportation, 9314 West Jefferson Blvd, Dallas, TX 75211.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017** at **1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiffs' First Amended Petition** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the alternate address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102,** as authorized to accept delivery for **Echo Tours And Charters, LP d/b/a Echo Transportation,** and informed said person of the contents therein.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ___ day of
_____, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000450

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to the same and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas this _____ day of _____ A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
4/4/2017 8:33:42 PM
Civil Action No. 3:17-cv-01018 FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:

**LOUIS AMBROSE JR**
**2109 JOYNER RANCH RD**
**FORT WORTH TX 00000**

**GREETINGS:**
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 44th **District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**WITNESS: FELICIA PITRE**, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101



DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

# AFFIDAVIT OF SERVICE

**State of Texas**                **County of Dallas**                **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Louis Ambrose Jr., 2109 Joyner Ranch Rd, Forth Worth, TX 76134**.

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 2:20 pm, I:**

**Personally** delivered a true copy of the Citation - Petition of Intervention to:  **Louis Ambrose Jr.** at the address of: **2109 Joyner Ranch Rd, Forth Worth, Tarrant County, TX 76134**, pursuant to state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _____ day of
_____, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

> EDRICK ALVISO
> MY COMMISSION EXPIRES
> March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000452

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have this day compared this instrument
with the original copy of this instrument as same appears on file in
my office.

GIVEN UNDER MY HAND AND SEAL of said court, at office,
in Dallas, Texas this ____ day of __APRIL__, A.D., __2017__

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

Civil Action No. 3:17-cv-01018

FILED
DALLAS COUNTY
4/4/2017 8:38:08 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:

    CSX TRANSPORTATION INC
    BY SERVING CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900
    DALLAS TX 75201-3136

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken
against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       DENOSHA BOSTON





DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

| | |
|---|---|
| **<u>ATTY</u>** | |

**CITATION**

---

**DC-17-02842**

---

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et
al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

# AFFIDAVIT OF SERVICE

**State of Texas**                          **County of Dallas**                          **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**

vs.

Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017** at **1:00 pm, I:**

delivered to **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent** a true copy of the **Citation - Petition of Intervention** with the date of service endorsed thereon by me, to: **Terri Thongsavat, who is authorized to accept service for CT Corporation System,** at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ___Z___ day of
___APRIL___, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
Carlos Barrera
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000447

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to the true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 10th day of April A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____ Deputy

FILED
DALLAS COUNTY
4/4/2017 9:18:50 PM
Civil Action No. 3:17-cv-01018 FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
**DIAMOND TOURS INC.**
**BY SERVING E. MURRAY MOORE JR**
**215 S. MONROE STREET SUITE 200**
**TALLAHASSEE FL 32302**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken
against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
     DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

---



DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Dallas** | **District Court** |

Case Number: DC-17-02842

Plaintiff:
**DEE VOIGT, ET AL**

vs.

Defendant:
**ECHO TOURS AND CHARTERS, LP ET AL**

For:
MIKAL WATTS
4 DOMINION DR
BLDG 3 SUITE 100
SAN ANTONIO, TX 78257

Received these papers on the 28th day of March, 2017 at 3:30 pm to be served on **DIAMOND TOURS, INC. BY DELIVERING TO E. MURRAY, JR., REGISTERED AGENT, 215 S MONROE STREET, SUITE 200, TALLAHASSEE, FL 32302.**

I, CHRISTOPHER KADY, being duly sworn, depose and say that on the **28th day of March, 2017** at **4:10 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **CITATION, 1ST AMENDED PETITION** with the date and hour of service endorsed thereon by me, to: **KAMDEN LEE as LEGAL ASSISTANT** authorized to accept service, of the within named corporation, at the address of: **215 S MONROE STREET, SUITE 200, TALLAHASSEE, FL 32302** on behalf of **DIAMOND TOURS, INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 120, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO FS 92.525

STATE OF FLORIDA, COUNTY OF LEON

Subscribed and Sworn to before me on the 29th day of March, 2017 by the affiant who is personally known to me

_Jessica Powell_
PRINTED NAME

_Jessica Powell_
NOTARY PUBLIC

**CHRISTOPHER KADY**
Process Server 237

Our Job Serial Number: KDY-2017009472

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1i

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
is a true and correct copy of the original as appears on
file in my office.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office
in Dallas, Texas, this _____ day of _____ A.D. _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
4/4/2017 8:41:48 PM
Action No. 3:17-cv-01018  FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
    TBL GROUP INC.
    BY SERVING ELISA FOX
    801 CHERRY STREET UNIT 46
    FORT WORTH TX 76102

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty  days after you were served this citation and INTERVENTION petition, a default judgment may be taken
against you.  Your answer should be addressed to the clerk of the 44th District Court at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT

Filed in said Court  24th day of March, 2017 against

ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.

For Suit, said suit being numbered DC-17-02842, the nature of which demand is as follows:
Suit on MOTOR VEHICLE ACCIDENT etc. as shown on said petition REQUEST FOR DISCLOSURE, a copy
of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    DENOSHA BOSTON

---

**ATTY**

**CITATION**

DC-17-02842

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et
al

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX  78257; P O BOX 350
BEAUMONT  TX 77704
210-447-0500; 409-838-0101



DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID

## AFFIDAVIT OF SERVICE

**State of Texas**                         **County of Dallas**                         **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**

vs.

Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **TBL Group Inc. by delivering to Elisa Fox, Registered Agent, 801 Cherry Street, Unit 46, Fort Worth, TX 76102.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Petition of Intervention** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102,** who stated they are authorized to accept service for **TBL Group Inc.,** and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ___2___ day of
___April___ , ___2017___ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000448

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

APRIL 3, 2017

DALLAS, TEXAS

Deputy

Marissa Pittman

FILED
DALLAS COUNTY
4/4/2017 8:52:58 PM
FELICIA PITRE
DISTRICT CLERK

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

**ECHO TOURS AND CHARTERS, LP**
**9314 WEST JEFFERSON BLVD**
**DALLAS TX 75211**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

**DALLAS COUNTY CONSTABLE**
FEES     FEES NOT
PAID     PAID

# AFFIDAVIT OF SERVICE

State of Texas                    County of Dallas                    44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**

vs.

Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Echo Tours And Charters, LP d/b/a Echo Transportation, 9314 West Jefferson Blvd, Dallas, TX 75211**.

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Petition of Intervention** with the date of service endorsed thereon by me, to: **Elisa Fox** as Registered Agent at the alternate address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102**, as authorized to accept delivery for **Echo Tours And Charters, LP d/b/a Echo Transportation**, and informed said person of the contents therein.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ____ day of
_____ 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
Carlos Barrera
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000451

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _APRIL_ A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy

FILED
DALLAS COUNTY
3/27/2017 3:56:59 PM
FELICIA PITRE
DISTRICT CLERK

Civil Action No. 397-cv-01018

Tonya Pointer

## CAUSE NO.  DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, *Plaintiffs,* | § § § § § § § § § § | IN THE DISTRICT COURT OF |
| AND | § § | |
| KIMBERLY KAY CHAPMAN, *Plaintiff/Intervenor,* | § § § | DALLAS COUNTY, TEXAS |
| AND | § § | |
| ANNIE MAY HAVRAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CLINTON LOUIS HAVRAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, *Plaintiff/Intervenor* | § § § § § § § § § § § | |
| ECHO TOURS AND CHARTERS, LP DBA ECHO TRANSPORTATION; TBL GROUP, INC., DIAMOND TOURS, INC., AND CSX TRANSPORTATION, INC., AND JOHN DOE, *Defendants.* | § § § § § § | 44TH JUDICIAL DISTRICT |

## INTERVENOR HAVRANS' ORIGINAL PETITION IN INTERVENTION

COME NOW, ANNIE MAY HAVRAN, INDIVIDUALLY AND AS

REPRESENTATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, AND

ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CLINTON

INTERVENOR'S HAVRAN ORIGINAL PETITION IN INTERVENTION

LOUIS HAVRAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, Intervenor

(hereinafter referred to as Plaintiffs or Intervenors) complaining of ECHO TOURS AND

CHARTERS, LP dba ECHO TRANSPORTATION;   TBL   GROUP   INC.;   DIAMOND

TOURS,   INC.,   and   CSX TRANSPORTATION, INC. and respectfully shows the Court as

follows:

## I.
## DISCOVERY TRACK

Havran Intervenors plead that this case should be assigned to Discovery Track

Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an Agreed

Order or other court Order to this effect.

## II.
## PARTIES

1.      Intervenor Annie May Havran is an individual citizen and resident of Sealy,

Texas. She is bringing her individual wrongful death claim for the loss of her husband, Clinton

Louis Havran and on behalf of all those entitled to recover for the death of Clinton Louis

Havran, under the Texas Wrongful Death Act and on behalf of the wrongful death beneficiaries.

Intervenor Annie May Havran is also bringing this cause of action for her individual injuries and

damages.

2.      Defendant ECHO Tours and Charters, LP d/b/a ECHO Transportation (hereafter

referred to as ECHO) is a Texas limited partnership with its principal place of business in Dallas,

Texas. ECHO can be served at its principal place of business located at 9314 West Jefferson

Blvd., Dallas, TX 75211.

3.      Defendant TBL Group Inc. (hereafter referred to as TBLG) is a Texas corporation

with its principal place of business in Houston, Texas. TBLG can be served with process through its registered agent, Elisa Fox, at 801 Cherry Street, Unit 46, Fort Worth, TX 76102.

4. Defendant Diamond Tours, Inc. (hereafter referred to as Diamond Tours), is a Florida Corporation with its principal place of business in Fort Meyers, Florida. Diamond Tours can be served with process through its registered agent. E. Murray Moore Jr., at 215 S. Monroe Street, Suite 200, Tallahassee, FL 32302.

5. Defendant CSX Transportation, Inc. is a Virginia corporation doing business in the State of Texas with its principal place to business in Jacksonville, Florida. CSX Transportation, Inc. can be served with process through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. John Doe, to be named later, is the driver of the Echo bus in question.

### III.
### JURISDICTION AND VENUE

7. The amount in controversy far exceeds the minimal jurisdictional limits of this court. Pursuant to Texas Rule of Civil Procedure 47(c), Havran Intervenors state that they seek, by their lawsuit, monetary relief over $1,000,000.00.

8. Venue in this case is proper in Dallas County, Texas, under the general venue rule of Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, Texas law and because it is the county of Defendant ECHO's principal place of business at the time the cause of action accrued.

9. Venue is proper in Dallas County as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code and Texas law because venue is proper in Dallas County as to Defendant ECHO, and because all of Havran Intervenors claims arise out of the

same transaction, occurrence, or series of transactions or occurrences.

10.     Havran Intervenors expressly disavow that any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000.00, there is a lack of complete diversity because at least one Plaintiff and one Defendant are both citizens of Texas. Further, one or more of the properly joined and served Defendants and citizens of the state in which this action is brought. Any removal, or consent to removal, of this case to federal court would be improper.

## IV.
## GENERAL ALLEGATIONS OF FACTS

11.     On March 7, 2017, an ECHO bus traveling from Austin, Texas to Biloxi, Mississippi was struck by a CSX freight train, leaving at least four people dead and numerous passengers injured.  The crash occurred at approximately 2:15 p.m., as the northbound charter bus, carrying more than 40 people, was stopped, straddling the tracks at the Main Street railroad crossing in Biloxi, Mississippi. The charter bus appeared unable to move from the crossing, when the 52-car train, pulled by three locomotives, slammed into the charter bus. The force of the collision pushed the bus approximately 200 feet after impact.

12.     A "Humped" crossing sign warning of the potential to high center was placed before the crossing.

13.     After the crash, it took more than thirty minutes for witnesses and emergency crews to remove injured passengers through the emergency windows. The investigation into the cause of the crash is ongoing.

14.     The driver of the touring bus was driving the bus in the course and scope of his employment for Defendant ECHO. Clinton Louis Havran and his wife Annie May Havran of

Sealy, Texas were passengers in the bus and paid consideration to Diamond Tour for Transportation in the Echo bus. As a result of this crash, Clinton Louis Havran died and Annie May Havran suffered serious injuries and damages. The Havran's were traveling to South Mississippi on a seven- day charter trip organized by Bastrop Senior Center.

15.     Two months prior, on January 5, 2017, another CSX Transportation train hit a Pepsi delivery vehicle at precisely the same Main Street crossing. The vehicle had become hung up and immobilized by the steep grade at the crossing. The driver of the Pepsi truck, after he was unable to move his vehicle, called for help and had attempted to flag down the CSX train before it ultimately crashed into his stopped truck.

16.     In fact, at this precise crossing there have been sixteen (16) similar crashes since 1976.

17.     Dallas-based ECHO is a wholly owned subsidiary of TBLG. ECHO and TBLG are common carriers who are in the business of carrying passengers for hire, hold themselves out for hire by the public, and are available for hire by the general public.  The Defendants were in the course of acting as common carriers with regard to Clinton Louis Havran and Annie May Havran, at the time of the subject occurrence.

### V.
### CAUSE OF ACTION AGAINST ECHO, TBLG AND DIAMOND TOURS – NEGLIGENCE

18.     Defendants ECHO, TBLG, Diamond Tours, and John Doe committed actions of omission and commission, which collectively and severally, constituted negligence, which were a proximate cause of the death of Mr. Havran and injuries to Mrs. Havran.

19.     The driver of the bus had a duty to exercise a high degree of care and breached that duty by:

INTERVENOR'S HAVRAN ORIGINAL PETITION IN INTERVENTION

(a)    Driving onto the crossing without sufficient regard for the "hump" sign;
(b)    Failing to keep a proper lookout for an oncoming train;
(c)    Failing to act as a reasonable and prudent person would have done; and
(d)    Failing to abide by and/or observe traffic signs;
(e)    Failing to properly plan the trip.

20.    Defendant ECHO is liable for the conduct of the driver under the doctrine of respondent superior because the driver, at all relevant times, acted within the course and scope of his employment for Echo. At the time of the occurrence, the driver was operating the commercial vehicle in the course and scope of his employment and/or agency for Defendant Echo. Defendant Echo intentionally granted the driver the authority to act on behalf of Echo. The relevant acts of driver were performed while in the employment of Echo, to further its business, to accomplish the objective for which the driver was hired, and within scope of his employment or within the authority delegated to him. Defendant Echo, therefore, is vicariously liable for the negligence of the driver.

21.    Defendant ECHO committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Havran Intervenors.

22.    Defendant, ECHO, TBLG and Diamond Tours had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to, failing to properly train drivers of vehicles regarding the appropriate methods and procedures for safely handling the vehicle and its passengers in emergency situations and failing to communicate with each other and others about the driving route.

23.    The negligence of Defendants ECHO, TBLG and Diamond Tours on the occasion in question were a proximate cause of the occurrence in question and the injuries and the damages of Havran Intervenors.

24.     ECHO, TBLG and Diamond Tours are jointly and severally liable for the damages arising out of this incident because they are a joint enterprise and/ or joint venture with regard to the operation and maintenance of the charter bus.

<div align="center">

**VI.**
**CAUSE OF ACTION AGAINST CSX TRANSPORTATION – NEGLIGENCE**

</div>

25.     CSX Transportation committed acts of commission and omission, collectively and severally, constituting negligence, which were a proximate cause of the crash, the death of Clinton Louis Havran, and Annie May Havran's injuries and damages.

26.     CSX Transportation had a duty to maintain the subject railroad crossing where the incident occurred, including the duty to maintain the condition of the roadway traversing the crossing and its grade. CSX Transportation owed a duty to the driving public to act reasonably when maintaining the subject railroad crossing, to ensure that the crossing was not ultra-hazardous or so dangerous that persons using ordinary care could not pass over it safely. It also had a duty to act reasonably to adequately warn the driving public of the existence of any ultra-hazardous conditions in the crossing. CSX Transportation failed to act reasonably, because, at the time of the subject collision, the railroad failed to prevent the ultra-hazardous conditions. CSX Transportation also failed to train its engineers and conductors of the dangers unique to this crossing and failed to train its employees to travel at a speed where collisions could be avoided if traffic became immobile at the crossing.  CSX Transportation knew or should have known about prior crossing crashes at this intersection.

27.     CSX Transportation's acts and omissions proximately caused the subject train/ vehicle collision, the death of Clinton Louis Havran, and Annie May Havran's injuries damages.

## VII.
## COMPENSATORY DAMAGES

28.     Intervenor Annie Mae Havran and Estate of Clinton Louis Havran, seek compensatory damages from the Defendants arising from the injuries they suffered to the degree of care, maintenance, services, advice, counsel, love, comfort, affection, protection, emotional support, companionship, and society, which she otherwise would have received from her husband, Clinton Louis Havran; mental anguish; and any pecuniary damages, all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount in excess of $75,000.00.

## VIII.

29.     In addition, as a proximate result of the negligence described, Intervenor/Petitioner, ANNIE MAE HAVRAN, sustained personal injuries, all of which have caused her in the past and will in the future physical pain, mental anguish, physical impairment, loss of consortium, loss of household services, bystander damages, and medical and hospital expenses, all of which Intervenor/Petitioner, ANNIE MAE HAVRAN, should be compensated.

## IX.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

30.     Havran Intervenors seek pre-judgment and post-judgment interest as provided by law.

## X.
## JURY DEMAND

31.     Havran Intervenors request a trial by jury.

## XI.
## REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named

herein as Defendants are to disclose, within thirty (30) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(1).

WHEREFORE, PREMISES CONSIDERED, Havran Intervenors pray that Defendants be cited to appear and answer herein, and that Havran Intervenors recover judgment of and from Defendants for their damages, in such amount as the evidence shows to be proper, together with pre-judgement interest and post-judgment interest, costs of suit, and such other and further relief to which Havran Intervenors may show to be entitled, whether at law or in equity.

Respectfully submitted,

_____/s/ Robert Haslam_____
ROBERT HASLAM
STATE BAR NO. 09201900
HASLAM & GALLAGHER
555 South Summit Avenue
Fort Worth, TX 76104
Telephone: 817/332-3115
Telecopier: 817/332-3148
robert@hg555.com
carrie@hg555.com

_____/s/ Coby L. Wooten_____
Coby L. Wooten
SBN: 00797742
Law Office of Coby L. Wooten, P.C.
1301 Ballinger Street, Suite 100
Fort Worth, Texas 76102
Telephone: 817-632-8400
Facsimile: 817-529-2629
coby@cobywootenlaw.com

ATTORNEYS FOR Intervenors/Petitioner,
ANNIE MAE HAVRAN AND ESTATE OF
CLINTON LOUIS HAVRAN

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of March, 2017, a true and correct copy of the

above and foregoing document was served in accordance with the Texas Rules of Civil

Procedure via Texas Online Efile Service.

<div style="text-align:right">

_____/s/ Coby L. Wooten_____

Coby L. Wooten

_____/s/ Robert Haslam_____

Robert Haslam

</div>

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original that appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _APRIL_ A.D. _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

To:

**ECHO TOURS AND CHARTERS, LP**
**9314 WEST JEFFERSON BLVD**
**DALLAS TX 75211**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC, LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit said suit being numbered **DC-17-02842**, the nature of which demand is as follows: Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**WITNESS:** FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By _____, Deputy
DENOSHA BOSTON

---

**ATTY**

CITATION

DC-17-02842

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et al

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

**DALLAS COUNTY CONSTABLE**

FEES
PAID

FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No. 44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20 ____ at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20 ____, by delivering to the within named _____

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation        $ _____

For mileage                 $ _____   of _____ County, _____

For Notary                  $ _____   By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 ____.

to certify which witness my hand and seal of office.

_____

_____ County

Notary Public _____ County



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to the true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _____, A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
    CSX TRANSPORTATION INC
    BY SERVING CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900
    DALLAS TX 75201-3136

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and FIRST AMENDED petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____
    DENOSHA BOSTON
                        Deputy



DISTRICT COURT OF DALLAS COUNTY TEXAS

---

**ATTY**

**CITATION**

DC-17-02842

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

Attorney for Plaintiff
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No. 44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20____ , at _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____

20____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | | | |
|---|---|---|---|---|
| For serving Citation | $ _____ | | | |
| For mileage | $ _____ | of _____ County, | | |
| For Notary | $ _____ | By _____ | | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

before me this _____ day of _____, 20____ ,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County



STATE OF TEXAS
COUNTY OF DALLAS

I, GARY FITZSIMMONS, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared the instrument
hereto attached and correct copy of the original as appears on
file in my office.

Given under my hand and seal of said Court, at office in
Dallas, Texas, this 10th day of April A.D., 2017

GARY FITZSIMMONS, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

**FORM NO. 353-3 - CITATION**

**THE STATE OF TEXAS**

To:

**LOUIS AMBROSE JR**
**2109 JOYNER RANCH RD**
**FORT WORTH TX 00000**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
DENOSHA BOSTON



**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

**DALLAS COUNTY CONSTABLE**

**FEES PAID**

**FEES NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, L.P. et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____

For mileage            $ _____    of _____ County, _____

For Notary             $ _____    By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said

_____ before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

_____
Notary Public

_____
County

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
now on file and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ____ day of ____ A.D. ____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:

DIAMOND TOURS INC.
BY SERVING E. MURRAY MOORE JR
215 S. MONROE STREET SUITE 200
TALLAHASSEE FL 32302

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC, DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____
DENOSHA BOSTON

_____ , Deputy



---

**ATTY**

**CITATION**

DC-17-02842

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES
PAID
FEES NOT
PAID

# OFFICER'S RETURN

Case No.: DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP., et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20 _____, by delivering to the within named

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation      $ _____

For mileage      $ _____      of _____ County,

For Notary      $ _____      By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

to certify which witness my hand and seal of office.      before me this _____ day of _____, 20 _____.

_____
Notary Public _____ County

STATE OF TEXAS
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
hereby certify that I have compared this instrument
to the original and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 10TH day of APRIL A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:

**TBL GROUP INC.**
**BY SERVING ELISA FOX**
**801 CHERRY STREET UNIT 46**
**FORT WORTH TX 76102**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
DENOSHA BOSTON



---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

_____

**Attorney for Plaintiff**
**MIKAL WATTS; MITCHELL A TOUPS**
**4 DOMINION DR BLDG 3**
**SUITE 100**
**SAN ANTONIO TX 78257; P O BOX 350**
**BEAUMONT TX 77704**
**210-447-0500; 409-838-0101**

**DALLAS COUNTY CONSTABLE**
**FEES PAID**
**FEES NOT PAID**

# OFFICER'S RETURN

Case No.: DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _____ | |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $ _____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____, before me this _____ day of _____, 20_____

to certify which witness my hand and seal of office.

Notary Public _____ County

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas do hereby certify that I have compared this instrument
to the original and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, the _____ day of _____, A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

**FORM NO. 353-3 – CITATION**

**THE STATE OF TEXAS**

To:
TBL GROUP INC.
BY SERVING ELISA FOX
801 CHERRY STREET UNIT 46
FORT WORTH TX 76102

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and INTERVENTION petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
DENOSHA BOSTON



**ATTY**

**CITATION**

**DC-17-02842**

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et al

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20 _____ at _____ o'clock _____.M. Executed at _____

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by
me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $ _____ | of _____ | County, _____ |
| For mileage | $ _____ | | |
| For Notary | $ _____ | By _____ | Deputy _____ |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

_____

_____   _____
Notary Public _____ County _____

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to the true and correct copy of the original as it appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of office
in Dallas, Texas, this 10th day of April A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By: _____ Deputy

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:     CSX TRANSPORTATION INC
        BY SERVING CT CORPORATION SYSTEM
        1999 BRYAN STREET SUITE 900
        DALLAS TX 75201-3136

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ Deputy
        DENOSHA BOSTON





**ATTY**

**CITATION**

DC-17-02842

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et al

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____

20 _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____

For mileage              $ _____         of _____ County, _____

For Notary               $ _____         By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____

before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

_____
Notary Public _____ County _____



FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
    **LOUIS AMBROSE JR**
    **2109 JOYNER RANCH RD**
    **FORT WORTH TX 00000**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken
against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered <u>**DC-17-02842,**</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et
al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

**DALLAS COUNTY CONSTABLE
FEES
PAID**



**FEES NOT
PAID**

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____County, _____ |
| For Notary | $_____ | By _____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _____, A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:
    **DIAMOND TOURS INC.**
    **BY SERVING E. MURRAY MOORE JR**
    **215 S. MONROE STREET SUITE 200**
    **TALLAHASSEE FL 32302**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    DENOSHA BOSTON



---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of office on this
in Dallas, Texas, this ___ day of ____ A.D. ___

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
**ECHO TOURS AND CHARTERS, LP**
**9314 WEST JEFFERSON BLVD**
**DALLAS TX 75211**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default
judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District
Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC.,
DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR
DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be
returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
DENOSHA BOSTON

---

**ATTY**

**CITATION**

---

**DC-17-02842**

---

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et
al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES
PAID          FEES NOT
PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to the original and it is a correct copy of the original as it appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said court, at office in Dallas, Texas, this _____ day of _____ A.D. _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
3/24/2017 5:27:25 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT; | § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § § | |
| AND | § § | |
| MELISSA MESSERLY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH HOFFMAN, DECEASED, | § § § § § | |
| *Plaintiff/Intervenor,* | § § | DALLAS COUNTY, T E X A S |
| AND | § § | |
| AUBREY O. LANDRUM, INDIVIDUALLY AND KAREN O. LANDRUM, INDIVIDUALLY, | § § § § | |
| *Plaintiffs/Intervenors,* | § § | |
| VS. | § § | |
| ECHO TOURS AND CHARTERS, LP DBA ECHO TRANSPORTATION; TLB GROUP INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC.; LOUIS AMBROSE, JR. AND JOHN DOES. | § § § § § § | |
| *Defendants.* | § | 44TH JUDICIAL DISTRICT |

## PETITION IN INTERVENTION

COMES NOW, Aubrey O. Landrum, Individually and Karen O. Landrum, Individually, (hereafter referred to as "Plaintiffs or Intervenors") complaining of ECHO Tours and Charters, LP d/b/a ECHO Transportation, TLB Group, Inc.,

Diamond Tours, Inc., CSX Transportation, Inc., and Louis Ambrose, Jr., and John Does and would respectfully show the Court as follows:

## I.
## DISCOVERY TRACK

1.1   This case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and the parties will seek an agreed Order or other Court Order to this effect.

## II.
## PARTIES

2.1   Plaintiff/Intervenor, Aubrey O. Landrum, is an individual citizen and resident of Cat Spring, Austin County, Texas. He is bringing his individual claims for the resulting injuries and damages as a direct and proximate cause of the incident in question.

2.2   Plaintiff/Intervenor, Karen O. Landrum, is an individual citizen and resident of Cat Spring, Austin County, Texas. She is bringing her individual claims for the resulting injuries and damages as a direct and proximate cause of the incident in question.

2.3   DEFENDANT, ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION (HEREAFTER REFERRED TO AS ECHO), IS A TEXAS LIMITED PARTNERSHIP WITH ITS PRINCIPAL PLACE OF BUSINESS IN DALLAS, TEXAS. ECHO CAN BE SERVED AT ITS PRINCIPAL PLACE OF BUSINESS, 9314 WEST JEFFERSON BLVD., DALLAS, TX 75211.

2.4   DEFENDANT, TBL GROUP, INC. (HEREAFTER REFERRED TO AS TBLG), IS A TEXAS CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS

IN HOUSTON, TEXAS. TBLG CAN BE SERVED WITH PROCESS BY SERVING ELISA FOX, 801 CHERRY STREET, UNIT 46 FORT WORTH, TX 76102.

2.5    DEFENDANT, DIAMOND TOURS, INC., (HEREAFTER REFERRED TO AS DIAMOND TOURS), IS A FLORIDA CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN FORT MEYERS, FLORIDA. DIAMOND TOURS CAN BE SERVED WITH PROCESS BY SERVING E. MURRAY MOORE JR. AT 215 S. MONROE STREET, SUITE 200, TALLAHASSEE, FL 32302.

2.6    DEFENDANT, LOUIS AMBROSE, JR., WAS THE DRIVER OF A PASSENGER BUS INVOLVED IN THE ACCIDENT GIVING RISE TO THIS LAWSUIT. DEFENDANT IS AN INDIVIDUAL BELIEVED TO BE EMPLOYED BY ECHO. DEFENDANT, LOUIS AMBROSE, JR., IS BELIEVED TO RESIDE AT 2109 JOYNER RANCH RD., FORT WORTH, TEXAS.

2.7    CSX TRANSPORTATION, INC., IS A VIRGINIA CORPORATION DOING BUSINESS IN THE STATE OF TEXAS WITH ITS PRINCIPAL PLACE OF BUSINESS IN JACKSONVILLE, FLORIDA. CSX TRANSPORTATION, INC., CAN BE SERVED WITH PROCESS BY SERVING CT CORPORATION SYSTEM AT 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201-3136.

2.8    Defendant, JOHN DOE, was the conductor of the train involved in the accident giving rise to this lawsuit. Defendant is an individual believed to be employed by and/or an agent of CSX Transportation Inc.

2.9    Defendant, JOHN DOE, was the engineer of the train involved in the accident giving rise to this lawsuit. Defendant is an individual believed to be employed by and/or an agent of CSX Transportation Inc.

## III.
## JURISDICTION AND VENUE

3.1    The amount in controversy far exceeds the minimal jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek, by their lawsuit, monetary relief over $1,000,000.00.

3.2    Venue in this case is proper in Dallas County, Texas, under the general venue rule of Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, because it is the county of defendant, ECHO's principal place of business at the time the cause of action accrued.

3.3    Venue is proper in Dallas County as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because venue is proper in Dallas County as to Defendant ECHO, and because all of Plaintiffs'/Intervenors claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

3.4    Plaintiffs/Intervenors expressly disavow that any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000, there is a lack of complete diversity because at least one plaintiff and at least one defendant are both citizens of Texas. Further, one or more of the properly joined and served Defendants are citizens of the state in which this action is brought. Any removal, or consent to removal, of this case to federal court would be improper.

## IV.
## GENERAL ALLEGATIONS OF FACTS

4.1    On March 7, 2017, an ECHO bus traveling from Austin, Texas to Biloxi, Mississippi was struck by a CSX freight train, leaving at least four people dead and numerous passengers injured. The accident happened at approximately 2:15 p.m.,

as the northbound charter bus, carrying more than 40 people, was stopped, straddling the tracks at the Main Street railroad crossing in Biloxi, Mississippi. The charter bus appeared unable to move from the crossing, when the 52-car train, pulled by three locomotives, slammed into the charter bus. The force of the collision pushed the bus approximately 200 feet after impact.

4.2     A "Humped" crossing sign indicating low ground clearance was posted several feet in advance of grade crossing. The crossing consists of several layers of asphalt patches. These asphalt patches create a steep inclined or hump. This hump has been created and gradually grown overtime by automated CSX Transportation Inc., railroad maintenance practices.

4.3     After the collision, it took more than thirty minutes for witnesses and emergency crews to remove injured passengers through the emergency windows. The investigation into the cause of the accident is ongoing.

4.4     Defendant Louis Ambrose, Jr., was driving the bus in the course and scope of his employment for ECHO. Aubrey O. Landrum and Karen O. Landrum, of Cat Spring, Texas, were passengers in the bus and paid consideration to Diamond Tours for transportation in the ECHO bus. As a result of this collision, both Aubrey O. Landrum and Karen O. Landrum suffered serious personal injuries.

4.5     Two months prior, on January 5, 2017, another CSX Transportation train hit a Pepsi delivery vehicle at precisely the same Main Street crossing. The tractor-trailer had become hung up and immobilized by the steep grade at the crossing. The driver of the Pepsi truck, after unable to move his vehicle, called for help and had attempted to flag down the CSX train before it ultimately crashed into his stopped truck.

4.6    In fact, at this precise crossing there have been sixteen (16) similar train collisions since 1976. Several of these prior accidents have involved motorists either stuck or stopped on the crossing.

4.7    Dallas-based ECHO is a wholly owned subsidary of TBLG. ECHO and TBLG are common carriers who are in the business of carrying passengers for hire, hold themselves out for hire by the public, and are available for hire by the general public. The Defendants were in the course of acting as common carriers with regard to Aubrey and Karen Landrum at the time of the subject incident.

<div align="center">CLAIMS FOR RELIEF</div>

<div align="center">V.<br>NEGLIGENCE</div>

5.1    Defendant Louis Ambrose, Jr., ECHO, TBLG, and Diamond Tours committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the injuries to Aubrey and Karen Landrum.

5.2    Defendant Louis Ambrose, Jr., had a duty to exercise a high degree of care and breached that duty by:

(a)    failing to control the bus;

(b)    failing to keep a proper lookout as a reasonable and prudent person would have;

(c)    failure to act as a reasonable and prudent person would have; and

(d)    failing to abide and/or observe by traffic signs.

5.3    Defendant ECHO is liable for the conduct of Defendant Louis Ambrose, Jr., under the doctrine of *respondeat superior* because Louis Ambrose, Jr., at all relevant times, acted within the course and scope of his employment for Echo. At

the time of the incident, Defendant Louis Ambrose, Jr., was operating the vehicle in the course and scope of his employment and/or agency for Defendant Echo. Defendant, Echo, intentionally granted Defendant, Louis Ambrose, Jr., the authority to act on behalf of Echo. The relevant acts of Defendant, Louis Ambrose, Jr., were performed while in the employment of Echo, to further its business, to accomplish the objective for which Defendant, Louis Ambrose, Jr., was hired, and within the scope of his employment or within the authority delegated to him. Defendant, Echo, therefore, is vicariously liable for the negligence of Defendant, Louis Ambrose, Jr.

5.4     Defendant, ECHO, committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiffs/Intervenors.

5.5     Defendants, ECHO and TBLG, had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to, failing to properly train drivers of vehicles regarding, the importance of following a prescribed route, the appropriate methods and procedures for safely handling the vehicle and its passengers in emergency situations.

5.6     The negligence of Defendants ECHO, TBLG, and Louis Ambrose, Jr., on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiffs.

5.7     ECHO and TBLG are jointly and severally liable for the damages arising out of this incident because they are a joint enterprise and/or joint venture with regard to the operation and maintenance of the charter bus.

## VI.
## CAUSE OF ACTION AGAINST CSX TRANSPORTATION - NEGLIGENCE

6.1    CSX Transportation, Inc., committed acts of commission and omission, collectively and severally, constituting negligence, which were a proximate cause of the accident and Plaintiffs'/Intervenors' damages.

6.2    Defendant CSX Transportation, Inc. is liable for the conduct of Defendants, John Does, under the doctrine of respondeat superior because John Does, at all relevant times, acted within the course and scope of their employment for CSX Transportation, Inc.  At the time of the incident, Defendants, John Does, was operating the train in the course and scope of his employment and/or agency for Defendant, CSX Transportation, Inc.  Defendant CSX Transportation, Inc., intentionally granted Defendants, John Does, the authority to act on behalf of CSX Transportation, Inc.  The relevant acts of Defendants, John Does, were performed while in the employment of CSX Transportation, Inc., to further its business, to accomplish the objective for which Defendants, John Does, were hired, and within the scope of his employment or within the authority delegated to them.  Defendant, CSX Transportation, Inc., therefore, is vicariously liable for the negligence of Defendants, John Does.

6.3    Defendant, CSX Transportation Inc., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiffs/Intervenors.

6.4.    Defendants, CSX Transportation Inc., and John Does, had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to: failure to operate the train at a speed that allowed the train in time to avoid collision for the existing conditions; failure to keep a proper lookout; failure to inspect, report, repair unsafe conditions at the crossing; and failure to brake, slow, or stop in a

reasonable manner.

6.5     The negligence of Defendants, CSX Transportation Inc., and John Does, on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiffs/Intervenors.

6.6     CSX Transportation had a duty to maintain the subject railroad crossing where the incident occurred, including the duty to maintain the condition of the roadway traversing the crossing and its grade.  CSX Transportation owed a duty to the driving public to act reasonably when maintaining the subject railroad crossing, to ensure that the crossing was not ultra hazardous or so dangerous that persons using ordinary care could not pass over it safely. It also had a duty to act reasonably to adequately warn the driving public of the existence of any ultra hazardous conditions in the crossing.  CSX Transportation failed to act reasonably, because, at the time of the subject collision, the railroad failed to prevent the ultra hazardous conditions.

6.7.    CSX Transportation's acts and omissions proximately caused the subject train/vehicle collision and Plaintiffs'/Intervenors' damages.

## VII.
## COMPENSATORY DAMAGES

7.1     As a result of the injuries, Plaintiff/Intervenor, Aubrey O. Landrum, seeks compensatory damages from the Defendants arising from the injuries he suffered to the degree of care, mental anguish, and any pecuniary damages all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount far in excess of $75,000.

7.2     As a result of the injuries, Plaintiff/Intervenor, Karen O. Landrum, seeks compensatory damages from the Defendants arising from the injuries s h e

suffered to the degree of care, mental anguish, and any pecuniary damages all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount far in excess of $75,000.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1    Plaintiffs / Intervenors seek pre-judgment and post-judgment interest as provided by law.

## IX.
## RESERVATION OF RIGHTS

9.1 Plaintiffs and Intervenors reserve the right to prove the amount of damages at trial. Plaintiffs / Intervenors reserve the right to amend their petition and add additional counts and / or parties as discovery continues.

## X.
## CONDITIONS PRECEDENT

10.1 All conditions precedent to Plaintiffs' / Intervenors' right to recover and Defendants' liability have been performed or have occurred.

## XI.
## JURY DEMAND

11.1    Plaintiffs request a trial by jury.

## XII.
## REQUESTS FOR DISCLOSURE

12.1 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs/Intervenors pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs/Intervenors recover judgment of and from Defendants for their damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs/Intervenors may show themselves to be entitled, whether at law or in equity. Dated March 24th 2017.

Respectfully submitted,

By: _____

MIKAL C. WATTS
State Bar No. 20981820
FRANCISCO GUERRA, IV.
State Bar No. 00796684
PAIGE BOLDT
State Bar No. 24082626
WATTS GUERRA LLP
4 Dominion Dr.
Building 3, Suite 100
San Antonio, Texas 78257
Telephone:    (210) 447-0500
Facsimile:    (210) 447-0501
Email: mcwatts@wattsguerra.com
          fguerra@wattsguerra.com
          pboldt@wattsguerra.com

LISA BLUE
State Bar No. 02510500
BARON & BLUE
25 Highland Park Village
Suite 100-772
Dallas, Texas 75205
Telephone:    (214) 969-7373
Facsimile:    (214) 969-7648
Email: lblue@baronandblue.com

**ATTORNEYS FOR**
**PLAINTIFFS/INTERVENORS**

## CERTIFICATE OF SERVICE

I certify that on March 24, 2017, the foregoing document was electronically filed on the efile.texascourts.gov system, which will automatically serve a Notice of Electronic Filing on the following attorneys of record.

Broadus A. Spivey
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Dr., Ste. 205
Austin, Texas 78731
Telephone:  512-474-6061
Facsimile:  512-474-1605
Email:  bas@spivey-law.com

Joe Turner
JOSEPH A. TURNER, PC
1504 West Avenue
Austin, Texas 78701
Telephone:  512-474-4892
Facsimile:  512-474-8252
Email:  joeturnerpc@gmail.com

Mithcell A. Toups
WELLER, GREEN, TOUPS & TERRELL, LLP
Post Office Box 350
Beaumont, Texas 77704
Telephone:  (409) 838-0101
Facsimile:  (409) 832-8577
Email:  matoups@wgttlaw.com

Gregory K. Evans
LAW OFFICES OF GREGORY K. EVANS
3900 Essex, Suite 690
Houston, TX 77027
Telephone:  (713) 840-1299
Facsimile:  (281) 254-7886
Email:  greg@gevanslaw.com

Peter Malouf
THE LAW OFFICE OF PETER G. MALOUF
P.O. Box 12745
Dallas, Texas 75225
Telephone:  (972) 971-5509
Facsimile:  (866) 272-8779
Email:  pm@pmalouflaw.com

Lawrence P. Wilson
W. Mark Lanier
THE LANIER LAW FIRM, P.C.
P.O. Box 691448
6810 FM 1960 West (77069)
Houston, Texas 77269-1448
Telephone:  (713) 659-5200
Facsimile:  (713) 659-2204
Email: Larry.wilson@lanierlawfirm.com

Gregory J. Alexander
ALEXANDER LAW FIRM
8866 Gulf Freeway, Ste. 520
Houston, Texas 77017
Telephone:  (800) 350-5110
Facsimile:  (713) 237-0708
Email: Greg.alexander@injuryattorney.com

FRANCISCO GUERRA, IV.

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in our office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this 10TH day of APRIL A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
3/24/2017 5:15:26 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT OF |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| PEGGY HOFFMAN DECEASED, AND | § | |
| ON BEHALF OF ALL THOSE ENTITLED | § | |
| TO RECOVER FOR THE DEATH OF | § | |
| PEGGY HOFFMAN, DECEASED, UNDER | § | |
| THE TEXAS WRONGFUL DEATH ACT; | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | DALLAS COUNTY, T E X A S |
| | § | |
| ECHO TOURS AND CHARTERS, LP DBA | § | |
| ECHO TRANSPORTATION, TLB GROUP | § | |
| INC., DIAMOND TOURS INC., CSX | § | |
| TRANSPORTATION, INC., LOUIS | § | |
| AMBROSE, JR. AND JOHN DOES. | § | |
| *Defendants.* | § | 44TH JUDICIAL DISTRICT |

---

## PLAINTIFFS' FIRST AMENDED PETITION

---

COME NOW, PLAINTIFFS DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT complaining of ECHO TOURS AND CHARTERS, LP DBA ECHO TRANSPORTATION; TLB GROUP INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC.; LOUIS AMBROSE, JR. AND JOHN DOES respectfully show the Court as follows:

# I.
## DISCOVERY TRACK

1.1 Plaintiffs plead that this case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and will seek an agreed Order or other Court Order to this effect.

# II.
## PARTIES

2.1 Plaintiff, Dee Voigt, is an individual citizen and resident of McMahan, Texas. He is bringing his individual wrongful death claims for the loss of his mother, Peggy Hoffman He is also bringing claims as the Representative of the Estate of Peggy Hoffman, and on behalf of all those entitled to recover for the death of Peggy Hoffman, under the Texas Wrongful Death Act.

2.2 DEFENDANT, ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION (HEREAFTER REFERRED TO AS ECHO), IS A TEXAS LIMITED PARTNERSHIP WITH ITS PRINCIPAL PLACE OF BUSINESS IN DALLAS, TEXAS. ECHO CAN BE SERVED AT ITS PRINCIPAL PLACE OF BUSINESS, 9314 WEST JEFFERSON BLVD, DALLAS, TEXAS, 75211.

2.3 DEFENDANT, TBL GROUP INC. (HEREAFTER REFERRED TO AS TBLG), IS A TEXAS CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN HOUSTON, TEXAS. TBLG CAN BE SERVED WITH PROCESS BY SERVING ELISA FOX, 801 CHERRY STREET, UNIT 46 FORT WORTH, TEXAS, 76102.

2.4 DEFENDANT, DIAMOND TOURS, INC. (HEREAFTER REFERRED TO AS DIAMOND TOURS), IS A FLORIDA CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN FORT MEYERS, FLORIDA. DIAMOND TOURS CAN BE SERVED WITH PROCESS BY SERVING E. MURRAY MOORE JR. AT 215 S. MONROE

STREET, SUITE 200, TALLAHASSEE, FL 32302.

2.5    DEFENDANT, LOUIS AMBROSE, JR., WAS THE DRIVER OF A PASSENGER BUS INVOLVED IN THE ACCIDENT GIVING RISE TO THIS LAWSUIT. DEFENDANT IS AN INDIVIDUAL BELIEVED TO BE EMPLOYED BY ECHO, DEFENDANT LOUIS AMBROSE, JR., IS BELIEVED TO RESIDE AT 2109 JOYNER RANCH RD., FORT WORTH, TEXAS.

2.6    CSX TRANSPORTATION, INC., IS A VIRGINIA CORPORATION DOING BUSINESS IN THE STATE OF TEXAS WITH ITS PRINCIPAL PLACE OF BUSINESS IN JACKSONVILLE, FLORIDA.  CSX TRANSPORTATION, INC., CAN BE SERVED WITH PROCESS BY SERVING CT CORPORATION SYSTEM AT 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201-3136.

2.7    Defendant, JOHN DOE was the conductor of the train involved in the accident giving rise to this lawsuit. Defendant is an individual believed to be employed by and/or an agent of CSX Transportation Inc.

2.8    Defendant, JOHN DOE was the engineer of the train involved in the accident giving rise to this lawsuit. Defendant is an individual believed to be employed by and/or an agent of CSX Transportation Inc.

### III.
#### JURISDICTION AND VENUE

3.1    The amount in controversy far exceeds the minimal jurisdictional limits of this Court.  Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek, by their lawsuit, monetary relief over $1,000,000.00.

3.2    Venue in this case is proper in Dallas County, Texas, under the general venue rule of Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code,

---

because it is the county of defendant, ECHO's principal place of business at the time the cause of action accrued.

3.3     Venue is proper in Dallas County as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because venue is proper in Dallas County as to Defendant ECHO, and because all of Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

3.4     Plaintiffs expressly disavow that any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000, there is a lack of complete diversity because at least one plaintiff and one defendant are both citizens of Texas. Further, one or more of the properly joined and served Defendants are citizens of the state in which this action is brought. Any removal, or consent to removal, of this case to federal court would be improper.

## IV.
### GENERAL ALLEGATIONS OF FACTS

4.1     On March 7, 2017, an ECHO bus traveling from Austin, Texas to Biloxi, Mississippi, was struck by a CSX freight train, leaving at least four people dead and numerous passengers injured. The accident happened at approximately 2:15 p.m., as the northbound charter bus, carrying more than 40 people, was stopped, straddling the tracks at the Main Street railroad crossing in Biloxi, Mississippi. The charter bus appeared unable to move from the crossing, when the 52-car train, pulled by three locomotives, slammed into the charter bus. The force of the collision pushed the bus approximately 200 feet after impact.

4.2     A "Humped" crossing sign indicating low ground clearance was posted several feet in advance of grade crossing. The crossing consists of several layers of

asphalt patches. These asphalt patches create a steep inclined or hump. This hump has been created and gradually grown overtime by automated CSX Transportation Inc., railroad maintenance practices.

4.3     After the collision, it took more than thirty minutes for witnesses and emergency crews to remove injured passengers through the emergency windows. The investigation into the cause of the accident is ongoing.

4.4     Defendant Louis Ambrose, Jr., was driving the bus in the course and scope of his employment for ECHO. Peggy Hoffman of Lockhart, Texas, was a passenger in the bus and paid consideration to Diamond Tours for transportation in the Echo bus. As a result of this accident, Peggy Hoffman suffered serious personal injuries, which ultimately resulted in her death. Mrs. Hoffman, a retired assistant principal of Lockhart High School, was traveling to South Mississippi on a seven-day charter trip organized by Bastrop Senior Center.

4.5     Two months prior, on January 5, 2017, another CSX Transportation train hit a Pepsi delivery vehicle at precisely the same Main Street crossing. The tractor-trailer had become hung up and immobilized by the steep grade at the crossing. The driver of the Pepsi truck, after unable to move his vehicle, called for help and had attempted to flag down the CSX train before it ultimately crashed into his stopped truck.

4.6     In fact, at this precise crossing there have been sixteen (16) similar train collisions since 1976. Several of these prior accidents have involved motorists either stuck or stopped on the crossing.

4.7     Dallas-based ECHO is a wholly owned subsidiary of TBLG. ECHO and TBLG are common carriers who are in the business of carrying passengers for hire, hold themselves out for hire by the public, and are available for hire by the general public.

The Defendants were in the course of acting as common carriers with regard to Peggy Hoffman, at the time of the subject incident.

## CLAIMS FOR RELIEF

### V.

### NEGLIGENCE

5.1     Defendant Louis Ambrose, Jr., ECHO, TBLG, and Diamond Tours committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the death of Ms. Hoffman.

5.2     Defendant Louis Ambrose, Jr., had a duty to exercise a high degree of care and breached that duty by:

(a)     failing to control the bus;

(b)     failing to keep a proper lookout as a reasonable and prudent person would have done;

(c)     failure to act as a reasonable and prudent person would have done; and

(d)     failing to abide and/or observe by traffic signs.

5.3     Defendant ECHO is liable for the conduct of Defendant Louis Ambrose, Jr., under the doctrine of *respondeat superior* because Louis Ambrose, Jr., at all relevant times, acted within the course and scope of his employment for Echo. At the time of the incident, Defendant Louis Ambrose, Jr., was operating the vehicle in the course and scope of his employment and/or agency for Defendant Echo. Defendant Echo intentionally granted Defendant Louis Ambrose, Jr., the authority to act on behalf of Echo. The relevant acts of Defendant Louis Ambrose, Jr., were performed while in the employment of Echo, to further its business, to accomplish the objective for which Defendant Louis Ambrose, Jr., was hired, and within the scope of his employment or

within the authority delegated to him. Defendant Echo, therefore, is vicariously liable for the negligence of Defendant Louis Ambrose, Jr.

5.4    Defendant, Echo committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiffs.

5.5.    Defendants, ECHO and TBLG had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to, failing to properly train drivers of vehicles regarding, the importance of following a prescribed route, the appropriate methods and procedures for safely handling the vehicle and its passengers in emergency situations.

5.6    The negligence of Defendants, ECHO, TBLG, and Louis Ambrose, Jr., on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiffs.

5.7    ECHO and TBLG are jointly and severally liable for the damages arising out of this incident because they are a joint enterprise and/or joint venture with regard to the operation and maintenance of the charter bus.

## VI.
## CAUSE OF ACTION AGAINST CSX TRANSPORTATION - NEGLIGENCE

6.1    CSX Transportation, Inc., committed acts of commission and omission, collectively and severally, constituting negligence, which were a proximate cause of the accident, the death of Peggy Hoffman, and Plaintiffs' damages.

6.2    Defendant CSX Transportation, Inc. is liable for the conduct of Defendants John Does under the doctrine of *respondeat superior* because John Does, at all relevant times, acted within the course and scope of their employment for CSX Transportation,

Inc. At the time of the incident, Defendants John Does was operating the train in the course and scope of his employment and/or agency for Defendant CSX Transportation, Inc. Defendant CSX Transportation, Inc. intentionally granted Defendants, John Does the authority to act on behalf of CSX Transportation, Inc.  The relevant acts of Defendants John Does were performed while in the employment of CSX Transportation, Inc., to further its business, to accomplish the objective for which Defendants, John Does were hired, and within the scope of his employment or within the authority delegated to them. Defendant, CSX Transportation, Inc., therefore, is vicariously liable for the negligence of Defendants, John Does.

6.3    Defendant, CSX Transportation Inc., committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiffs.

6.4.    Defendants, CSX Transportation Inc., and John Does had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to: failure to operate the train at a speed that allowed the train in time to avoid collision for the existing conditions; failure to keep a proper lookout; failure to inspect, report, repair unsafe conditions at the crossing; and failure to brake, slow, or stop in a reasonable manner.

6.5    The negligence of Defendants, CSX Transportation Inc., and John Does on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiffs.

6.6    CSX Transportation, Inc., had a duty to maintain the subject railroad crossing where the incident occurred, including the duty to maintain the condition of the roadway traversing the crossing and its grade. CSX Transportation, Inc. owed a

duty to the driving public to act reasonably when maintaining the subject railroad crossing, to ensure that the crossing was not ultrahazardous or so dangerous that persons using ordinary care could not pass over it safely. It also had a duty to act reasonably to adequately warn the driving public of the existence of any ultra hazardous conditions in the crossing. CSX Transportation, Inc., failed to act reasonably, because, at the time of the subject collision, the railroad failed to prevent the ultra hazardous conditions.

6.7     CSX Transportation's acts and omissions proximately caused the subject train/vehicle collision, the death of Peggy Hoffman, and Plaintiffs' damages.

## VII.
### COMPENSATORY DAMAGES

7.1     As a result of the injuries and death of Peggy Hoffman, Plaintiff Dee Voigt, seeks compensatory damages from the defendants arising from the injuries he suffered to the degree of care, maintenance, services, advice, counsel, love, comfort, affection, protection, emotional support, companionship, and society, which he otherwise would have received from his mother, Peggy Hoffman, deceased, mental anguish, and any pecuniary damages all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount in excess of $75,000.

7.2     As a result of the conduct of Defendants, Peggy Hoffman's Estate seeks monetary damages from Defendants to compensate for pain and suffering, mental anguish, medical expenses, and funeral and burial expenses of Peggy Hoffman.

## VIII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.1    Plaintiffs seek pre-judgment and post-judgment interest as provided by law.

## IX.
### RESERVATION OF RIGHTS

9.1    Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition and add additional counts and/or parties as discovery continues.

## X.
### CONDITIONS PRECEDENT

10.1    All conditions precedent to Plaintiffs' right to recover and Defendants' liability have been performed or have occurred.

## XI.
### JURY DEMAND

11.1    Plaintiffs request a trial by jury.

## XII.
### REQUESTS FOR DISCLOSURE

12.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendants for their damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-

judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be entitled, whether at law or in equity.

Respectfully submitted,

WATTS GUERRA, LLP.
4 Dominion Dr., Suite 300
San Antonio, Texas 78205
Telephone:    (210) 447-0500
Facsimile:    (210) 447-0501

By:    _____

MIKAL C. WATTS
State Bar No. 20981820
FRANCISCO GUERRA, IV.
State Bar No. 00796684
PAIGE BOLDT
State Bar No. 24082626

LISA BLUE
State Bar No. 02510500
BARON & BLUE
3811 Turtle Creek Blvd., Suite 800
Dallas, TX 75219
Telephone:    (214) 969-7373
Facsimile:    (214) 969-7648

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was on this day forwarded to the counsel of record listed below on this 24th day of March, 2017.

Broadus A. Spivey
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Dr., Ste. 205
Austin, Texas 78731
Telephone: 512-474-6061
Facsimile: 512-474-1605
Email: bas@spivey-law.com

Joe Turner
JOSEPH A. TURNER, PC
1504 West Avenue
Austin, Texas 78701
Telephone: 512-474-4892
Facsimile: 512-474-8252
Email: joeturnerpc@gmail.com

Mithcell A. Toups
WELLER, GREEN, TOUPS & TERRELL, LLP
Post Office Box 350
Beaumont, Texas 77704
Telephone: (409) 838-0101
Facsimile: (409) 832-8577
Email: matoups@wgttlaw.com

Gregory K. Evans
LAW OFFICES OF GREGORY K. EVANS
3900 Essex, Suite 690
Houston, TX 77027
Telephone: (713) 840-1299
Facsimile: (281) 254-7886
Email: greg@gevanslaw.com

Peter Malouf
THE LAW OFFICE OF PETER G. MALOUF
P.O. Box 12745
Dallas, Texas 75225
Telephone: (972) 971-5509
Facsimile: (866) 272-8779
Email: pm@pmalouflaw.com

Lawrence P. Wilson
W. Mark Lanier
THE LANIER LAW FIRM, P.C.
P.O. Box 691448
6810 FM 1960 West (77069)
Houston, Texas 77269-1448
Telephone:  (713) 659-5200
Facsimile:  (713) 659-2204
Email: Larry.wilson@lanierlawfirm.com

Gregory J. Alexander
ALEXANDER LAW FIRM
8866 Gulf Freeway, Ste. 520
Houston, Texas 77017
Telephone:  (800) 350-5110
Facsimile:  (713) 237-0708
Email: Greg.alexander@injuryattorney.com

_____

FRANCISCO GUERRA, IV.

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of ____APRL____ A.D. 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

## NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| PEGGY HOFFMAN, DECEASED, AND ON | § | |
| BEHALF OF ALL THOSE ENTITLED TO | § | |
| RECOVER FOR THE DEATH OF PEGGY | § | |
| HOFFMAN, DECEASED, UNDER THE | § | |
| TEXAS WRONGFUL DEATH ACT; | § | |
| | § | |
| VS. | § | DALLAS COUNTY TEXAS |
| | § | |
| ECHO TOURS AND CHARTERS, LP DBA | § | |
| ECHO TRANSPORTATION; TLB GROUP | § | |
| INC.; DIAMOND TOURS INC.; CSX | § | |
| TRANSPORTATION, INC.; AND | § | |
| JOHN DOE | § | 44TH JUDICIAL DISTRICT |

## NO. DC-17-02833

| | | |
|---|---|---|
| DARWYN HANNA, MARIE HANNA | § | IN THE DISTRICT COURT OF |
| AND HELEN DAILEY | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ECHO TOURS & CHARTERS, L.P. | § | |
| D/B/A ECHO TRANSPORTATION; | § | |
| ET&C GP, LLC; TBL GROUP, INC.; | § | |
| AND CSX TRANSPORTATION, INC. | § | 192ND JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION TO CNSOLIDATE

On this _____ day of _____ 2017, the Court considered the Plaintiff's Motion to Consolidate. After hearing the arguments of counsel, and reviewing the Motion and exhibits, the Court finds that the motion should be GRANTED.

It is therefore ORDERED, ADJUDGED AND DECREED, that Cause NO. DC-17-02833 currently pending in the 192nd Judicial District Court, Dallas County, Texas is consolidated with

Cause NO. DC-17-02824 into the 44th Judicial District Court. All future filings shall use Cause NO. DC-17-02833.

      Signed this _____ day of _____, 2017.


                                          _____

                                          JUDGE PRESIDING

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY NAME AND SEAL of said Court, at office
in Dallas, Texas, this ___10th___ day of ___APRIL___ A.D., ___2017___

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
3/24/2017 1:01:03 PM
FELICIA PITRE
DISTRICT CLERK

NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| PEGGY HOFFMAN, DECEASED, AND ON | § | |
| BEHALF OF ALL THOSE ENTITLED TO | § | |
| RECOVER FOR THE DEATH OF PEGGY | § | |
| HOFFMAN, DECEASED, UNDER THE | § | |
| TEXAS WRONGFUL DEATH ACT; | § | |
| | § | |
| VS. | § | DALLAS COUNTY TEXAS |
| | § | |
| ECHO TOURS AND CHARTERS, LP DBA | § | |
| ECHO TRANSPORTATION; TLB GROUP | § | |
| INC.; DIAMOND TOURS INC.; CSX | § | |
| TRANSPORTATION, INC.; AND | § | |
| JOHN DOE | § | 44TH JUDICIAL DISTRICT |

NO. DC-17-02833

| | | |
|---|---|---|
| DARWYN HANNA, MARIE HANNA | § | IN THE DISTRICT COURT OF |
| AND HELEN DAILEY | § | |
| | § | |
| VS. | § | |
| | § | DALLAS COUNTY, TEXAS |
| ECHO TOURS & CHARTERS, L.P. | § | |
| D/B/A ECHO TRANSPORTATION; | § | |
| ET&C GP, LLC; TBL GROUP, INC.; | § | |
| AND CSX TRANSPORTATION, INC. | § | 192ND JUDICIAL DISTRICT |

## MOTION TO CONSOLIDATE

Come Now, Darwyn Hanna, Marie Hanna, and Helen Dailey, ("Movants") and file this Motion to Consolidate and would show the court as follows:

### I. Background

1.     On March 8, 2017 at 4:47 p.m. Cause No. DC-17-02842 styled Dee Voight et al vs. Echo Tours and Charters, LP was filed and is pending in the 44th Judicial District Court in Dallas County.

2.     On March 9, 2017 at 2:45 p.m. Cause No. DC-17-02833 styled Darwyn Hanna et al vs. Echo Tours & Charters, L.P. was filed.

3.     Both cases are related to the same incident and involve the same facts. The incident occurred in Biloxi, Mississippi on March 7, 2017. A tour bus carrying residents of Texas was struck at a railroad crossing which resulted in several deaths and multiple injuries.

4.     As such in the interest of judicial economy and convenience it is in the best interest of all parties to consolidate these actions.

## II. <u>Applicable Law and Authorities</u>

5.     Rule 174 of the Texas Rules of Civil Procedure governs the consolidation of actions. Rule 174(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

6.     TEX. R. CIV. P. 174(a). Rule 174 gives the trial court broad discretion to consolidate cases with common issues of law or fact. *Lone Star Ford v. McCormick*, 838 S.W.2d at 737 (1992). The trial court may consolidate actions that relate to substantially the same transaction, occurrence, subject matter, or question. *Lone Star Ford v. McCormick*, 838 S.W.2d at 737 (1992). The actions should be so related that the evidence presented will be material, relevant, and admissible in each case. Id.

7.     Rule 41 of the Texas Rules of Civil Pro cedure also supports consolidation of the cases. It states in part:

> ...Parties may be dropped or added, or suits filed separately may be consolidated,...

8.     Finally, the local rules of the Civil Courts of Dallas County cite to Rule 174(a) of the Texas Rules of Civil Procedure, and reinforce consolidation.

> 1.04. MOTION TO CONSOLIDATE - Every motion for consolidation or joint hearing of two or more cases under Texas Rules of Civil Procedure ("TRCP") Rule

174(a), shall be filed in the earliest case filed with notice to the later filed Court and all parties in each case.

## III. Prayer

9.       Movant prays that after notice and hearing, the court consolidate the matter currently pending in the 192nd Judicial District Court styled, Cause No. DC-17-02833 styled Darwyn Hanna et al vs. Echo Tours & Charters, L.P. into one case under Cause No. DC-17-02842 styled Dee Voight et al vs. Echo Tours and Charters, LP.

Respectfully submitted,

**WELLER, GREEN, TOUPS & TERRELL, L.L.P.**
Post Office Box 350
Beaumont, Texas 77704
(409) 838-0101
Fax: (409) 832-8577

BY:    /s/ Mitchell A. Toups
       **MITCHELL A. TOUPS**
       STATE BAR NO. 20151600

Gregory K. Evans
TX Bar No. 24002065
LAW OFFICES OF GREGORY K. EVANS
3900 Essex, Suite 690
Houston, TX 77027
(713) 840-1299
(281) 254-7886  FAX
greg@gevanslaw.com

Peter Malouf
TX Bar No. 24006539
The Law Office of Peter G. Malouf
PO Box  12745
Dallas, Texas 75225
(972) 971-5509
(866) 272-8779
Email:  pm@pmalouflaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff's has personally contacted the counsel for Defendants on March 24, 2017. Counsel for Echo Defendants although they have not filed an answer, was not opposed. Counsel for Defendant CSX Transportation is opposed. Counsel for the Voigt Plaintiffs is not opposed to consolidation of the cases.

/s/ Peter Malouf

_____

Peter Malouf


## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record on this 24th day of March , 2017, as follows:

/s/ Peter Malouf

_____

Peter Malouf

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___10th___ day of ___April___, A.D., ___2017___.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
4/4/2017 8:39:58 PM
Civil Action No. 3:17-cv-01018  FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
    **TBL GROUP INC.**
    **BY SERVING ELISA FOX**
    **801 CHERRY STREET UNIT 46**
    **FORT WORTH TX 76102**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty  days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken
against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court  **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
    DENOSHA BOSTON

| **ATTY** |
| :---: |
| **CITATION** |
| **DC-17-02842** |
| **DEE VOIGT, et al** |
| **vs.** |
| **ECHO TOURS AND CHARTERS, LP, et al** |
| ISSUED THIS |
| **28th day of March, 2017** |
| FELICIA PITRE |
| Clerk District Courts, |
| Dallas County, Texas |
| By:  DENOSHA BOSTON, Deputy |

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX  78257; P O BOX 350
BEAUMONT  TX  77704
210-447-0500; 409-838-0101



DALLAS COUNTY CONSTABLE
FEES      FEES NOT
PAID      PAID

# AFFIDAVIT OF SERVICE

| State of Texas | County of Dallas | 44th District Court |
|---|---|---|

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **TBL Group Inc. by delivering to Elisa Fox, Registered Agent, 801 Cherry Street, Unit 46, Fort Worth, TX 76102**.

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiffs' First Amended Petition** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102**, who stated they are authorized to accept service for **TBL Group Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _____ day of
_____, _____ by the affiant who is
personally known to me

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000449

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, District Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
now on file in my office, and that the original as appears on
file, is a true and correct copy of the original as appears on

GIVEN under my hand and seal of said Court, at office
in Dallas, _____ April 30, 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____ Deputy

FILED
DALLAS COUNTY
4/4/2017 8:41:48 PM
Action No. 3:17-cv-01018 FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
TBL GROUP INC.
BY SERVING ELISA FOX
801 CHERRY STREET UNIT 46
FORT WORTH TX 76102

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and INTERVENTION petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 44th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID



# AFFIDAVIT OF SERVICE

| State of Texas | County of Dallas | 44th District Court |
|---|---|---|

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **TBL Group Inc. by delivering to Elisa Fox, Registered Agent, 801 Cherry Street, Unit 46, Fort Worth, TX 76102.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Petition of Intervention** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102**, who stated they are authorized to accept service for **TBL Group Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ____ day of
_____, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000448

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District Courts of Dallas County,
Texas, do hereby certify that the above and foregoing is a true and
correct copy of the original instrument now on file and of record
in my office.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office
in Dallas, Texas, on this the ____ day of _____ A.D., 20__

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
4/4/2017 8:36:20 PM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

Action No. 3:17-cv-01018

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:

**CSX TRANSPORTATION INC**
**BY SERVING CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

**GREETINGS:**
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty  days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken
against you. Your answer should be addressed to the clerk of the 44th District Court at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

**WITNESS: FELICIA PITRE**, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
            DENOSHA BOSTON

| **ATTY** |
|---|
| **CITATION** |
| **DC-17-02842** |
| **DEE VOIGT, et al**<br>vs.<br>**ECHO TOURS AND CHARTERS, LP, et al** |
| ISSUED THIS<br>**28th day of March, 2017** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: DENOSHA BOSTON, Deputy |
| **Attorney for Plaintiff**<br>MIKAL WATTS; MITCHELL A TOUPS<br>4 DOMINION DR BLDG 3<br>SUITE 100<br>SAN ANTONIO TX 78257; P O BOX 350<br>BEAUMONT TX 77704<br>210-447-0500; 409-838-0101 |

**DALLAS COUNTY** ~~CONSTABLE~~
**FEES**          ~~FEES NOT~~
**PAID**            PAID



## AFFIDAVIT OF SERVICE

State of Texas                    County of Dallas                    44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:00 pm, I:**

delivered to **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent** a true copy of the **Citation - Plaintiffs' First Amended Petition** with the date of service endorsed thereon by me, to: **Terri Thongsavat, who is authorized to accept service for CT Corporation System**, at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ___ day of
_____, 2017 by the affiant who is
personally known to me

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000446

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, CLERK of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a full, true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas this _____ day of _____ A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
4/4/2017 9:18:50 PM
Civil Action No. 3:17-cv-01018 FELICIA PITRE
DISTRICT CLERK

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
DIAMOND TOURS INC.
BY SERVING E. MURRAY MOORE JR
215 S. MONROE STREET SUITE 200
TALLAHASSEE FL 32302

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842**, the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
     DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY
FEES
PAID

CONSTABLE
FEES NOT
PAID

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **District Court**

Case Number: DC-17-02842

Plaintiff:
**DEE VOIGT, ET AL**

vs.

Defendant:
**ECHO TOURS AND CHARTERS, LP ET AL**

For:
MIKAL WATTS
4 DOMINION DR
BLDG 3 SUITE 100
SAN ANTONIO, TX 78257

Received these papers on the 28th day of March, 2017 at 3:30 pm to be served on **DIAMOND TOURS, INC. BY DELIVERING TO E. MURRAY, JR., REGISTERED AGENT, 215 S MONROE STREET, SUITE 200, TALLAHASSEE, FL 32302.**

I, CHRISTOPHER KADY, being duly sworn, depose and say that on the **28th day of March, 2017** at **4:10 pm**, I:

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **CITATION, 1ST AMENDED PETITION** with the date and hour of service endorsed thereon by me, to: **KAMDEN LEE as LEGAL ASSISTANT** authorized to accept service, of the within named corporation, at the address of: **215 S MONROE STREET, SUITE 200, TALLAHASSEE, FL 32302** on behalf of **DIAMOND TOURS, INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: WHITE, Height: 5'6", Weight: 120, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                    "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

STATE OF FLORIDA, COUNTY OF LEON

Subscribed and Sworn to before me on the 29th day of March, 2017 by the affiant who is personally known to me.

Jessica Powell
PRINTED NAME

_____
NOTARY PUBLIC

**CHRISTOPHER KADY**
Process Server 237

Our Job Serial Number: KDY-2017009472

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V7.1i

*[Notary seal: JESSICA POWELL, MY COMMISSION EXPIRES DECEMBER 4, 20__, #GG 052239, Bonded thru Notary Public Underwriters, NOTARY PUBLIC, STATE OF FLORIDA]*

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to the original and that this is a true copy of the
record of the original as appears on

GIVEN UNDER MY HAND AND SEAL at said Court, at office
in Dallas, this _____ day of _____ April _____ A.D., _____ 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
4/4/2017 8:33:42 PM
FELICIA PITRE
DISTRICT CLERK

Civil Action No. 3:17-cv-01018

Dianne Coffey

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:

LOUIS AMBROSE JR
2109 JOYNER RANCH RD
FORT WORTH TX 00000

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken
against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste.
101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF
PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR
THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND
TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy
of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
                DENOSHA BOSTON



| ATTY |
|---|
| **CITATION** |
| **DC-17-02842** |
| **DEE VOIGT, et al**<br>vs.<br>**ECHO TOURS AND CHARTERS, LP, et al** |
| ISSUED THIS<br>**28th day of March, 2017** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By: DENOSHA BOSTON, Deputy |
| **Attorney for Plaintiff**<br>MIKAL WATTS; MITCHELL A TOUPS<br>4 DOMINION DR BLDG 3<br>SUITE 100<br>SAN ANTONIO TX 78257; P O BOX 350<br>BEAUMONT TX 77704<br>210-447-0500; 409-838-0101 |

DALLAS COUNTY CONSTABLE
FEES          FEES NOT
PAID          PAID

Civil Action No. 3:17-cv-01018

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**

vs.

Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Louis Ambrose Jr., 2109 Joyner Ranch Rd, Forth Worth, TX 76134**.

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 2:20 pm, I:**

**Personally** delivered a true copy of the **Citation - Petition of Intervention** to: **Louis Ambrose Jr.** at the address of: **2109 Joyner Ranch Rd, Forth Worth, Tarrant County, TX 76134**, pursuant to state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ____ day of
_____, 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000452

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ____ day of _April_ A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**TBL GROUP, INC.**
**BY SERVING ELISA FOX**
**801 CHERRY STREET, UNIT 46**
**FORT WORTH, TX 76102**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and **PETITION IN INTERVENTION**, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff/INTERVENOR being **GLADYS JANE FRANK**

Filed in said Court **31st day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP, TBL GROUP, INC., DIAMOND TOURS, INC., LOUIS AMBROSE, JR., CSX TRANSPORTATION, INC., JOHN DOE AND JOHN DOE**

For Suit, said suit being numbered <u>DC-17-02842,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUESTS FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____ /s/ RITA Rodgers _____, Deputy
        RITA RODGERS



---

**ESERVE**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**4th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  RITA RODGERS, Deputy

---

**Attorney for Plaintiff/INTERVENOR**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX  78257
210-447-0500

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County,_____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

STATE OF TEXAS
COUNTY OF DALLAS

I, _____ Clerk of the District of Dallas County,
Te_____ _____ I have compared this instrument
to_____ _____ of the original as appears on
re_____

GI_____ _____ said Court, at office
In Dallas, _____ 11 _____ of April , A.D., 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____ _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**LOUIS AMBROSE JR**
**2109 JOYNER RANCH RD.**
**FORT WORTH, TEXAS**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PETITION IN INTERVENTION**, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff/INTERVENOR being **GLADYS JANE FRANK**

Filed in said Court **31st day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP, TBL GROUP, INC., DIAMOND TOURS, INC., LOUIS AMBROSE, JR., CSX TRANSPORTATION, INC., JOHN DOE AND JOHN DOE**

For Suit, said suit being numbered <u>DC-17-02842,</u> the nature of which demand is as follows: Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUESTS FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____ /s/ RITA Rodgers _____, Deputy
RITA RODGERS



---

**ESERVE**

**CITATION**

---

**DC-17-02842**

---

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
4th day of April, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: RITA RODGERS, Deputy

---

**Attorney for Plaintiff/INTERVENOR**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257
210-447-0500

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

_____ Dallas County,
_____ this instrument
_____ as appears on

In _____ Apsl _____ Court, at office
_____ A.D., _____ 2017
_____ CLERK
By _____
_____ Deputy

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**ECHO TOURS AND CHARTERS, LP**
**9314 WEST JEFFERSON BLVD**
**DALLAS TX  75211**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and **PETITION IN INTERVENTION**, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff/INTERVENOR being **GLADYS JANE FRANK**

Filed in said Court **31st day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP, TBL GROUP, INC., DIAMOND TOURS, INC., LOUIS AMBROSE, JR., CSX TRANSPORTATION, INC., JOHN DOE AND JOHN DOE**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUESTS FOR DISCLOSURE,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 4th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____/s/ RITA Rodgers_____, Deputy
        RITA RODGERS



---

**ESERVE**

**CITATION**

---

**DC-17-02842**

---

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**4th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  RITA RODGERS, Deputy

---

**Attorney for Plaintiff/INTERVENOR**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX  78257
210-447-0500

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**STATE OF TEXAS**  }
**COUNTY OF DALLAS**  }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ____ day of _____ A.D., ____.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy

FILED
DALLAS COUNTY
4/3/2017 4:40:05 PM
FELICIA PITRE
DISTRICT CLERK

NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, ET AL., *Plaintiffs,* | § § § § | IN THE DISTRICT COURT OF |
| MELISSA MESSERLY, INDIVIDUALLY, ET AL., *Plaintiff / Intervenor,* | § § § | |
| KIMBERLY KAY CHAPMAN, *Plaintiff / Intervenor,* | § § § | |
| AUBREY O. LANDRUM, INDIVIDUALLY, ET AL., *Plaintiffs / Intervenors,* | § § § | |
| ANNIE MAY HAVRAN, INDIVIDUALLY, ET AL., *Plaintiffs / Intervenors,* | § § § | DALLAS COUNTY, TEXAS |
| TIM ORR, ET AL., *Plaintiffs / Intervenors,* | § § § | |
| GLADYS JANE FRANK, *Plaintiff / Intervenor,* | § § § | |
| vs. | § § | |
| ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION; TBL GROUP INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC., LOUIS AMBROSE, JR., ABC COMPANIES, INC., AND JOHN DOES, *Defendants.* | § § § § § § | 44TH JUDICIAL DISTRICT |

## NOTICE OF HEARING ON DEFENDANT CSX TRANSPORATION, INC.'S SPECIAL APPEARANCE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

PLEASE TAKE NOTICE that Defendant CSX Transportation, Inc.'s Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction has been scheduled for oral hearing on **Friday, May 19, 2017, at 10:30 a.m.** in the 44th Judicial District Court, Dallas County, Texas.

NOTICE OF HEARING ON DEFENDANT CSX TRANSPORTATION, INC.'S SPECIAL APPEARANCE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

PAGE 1

Respectfully submitted,

By: _/s/ John W. Proctor_____
  John W. Proctor
  State Bar No. 16347300
  jproctor@browndean.com
  BROWN, DEAN, PROCTOR, & HOWELL, L.L.P.
  306 West 7th Street, Suite 200
  Fort Worth, Texas 76102
  Phone: (817) 332-1391
  Fax: (817) 870-2427

  ATTORNEYS FOR DEFENDANT
  CSX TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the above and foregoing document was served upon all known counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on April 3, 2017.

  _/s/ John W. Proctor_____
  John W. Proctor

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this _____10_____ day of _____April_____ A.D., _____2017_____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FORM NO. 353-4—CITATION Case 3:17-cv-01018-N   Document 1-1   Filed 04/12/17   Page 208 of 341   PageID 219 (SOS)
THE STATE OF TEXAS

Civil Action No. 3:17-cv-01018

**To:   DIAMOND TOURS INC.**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079**
**AUSTIN, TX, 78711**

**CITATION**

| No.: **DC-17-02842** |
| --- |

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et al

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **44th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

**ISSUED**
**ON THIS THE 7TH DAY OF APRIL, 2017**

Said **PLAINTIFF** being **DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Filed in said Court 31st day of March, 2017 against
**DIAMOND TOURS INC.**

By **DENOSHA BOSTON**, Deputy

  For suit, said suit being numbered   **DC-17-02842**  the nature of which demand is as follows:
  Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

Attorney for : Plaintiff
  **CHRISTOPHER J. LEAVITT**
  **600 TRAVIS STREET SUITE 7300**
  **HOUSTON TX 77002**
  **713-223-5909**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 7th day of April, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
          **DENOSHA BOSTON**

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

Civil Action No. 3:17-cv-01018

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-02842

Court No: 44th District Court

Style: DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et al

Received this Citation the _____ day of _____, 20_____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20_____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____ _____ President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:          To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
Signed and sworn to me by the said_____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                                                                State & County of



STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___16___ day of ___April___ A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By _____
                              Deputy

Civil Action No. 3:17-cv-01018

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**TBL GROUP INC**
**BY SERVING REGISTERED AGENT ELISA FOX**
**801 CHERRY STREET SUITE 2000**
**FORT WORTH TX 76102**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **31st day of March, 2017** against

**ECHO TRANSPORTATION, INC., TBL GROUP INC AND CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
DENOSHA BOSTON

---

**ATTY**

CITATION

DC-17-02842

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
7th day of April, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
**CHRISTOPHER J. LEAVITT**
**600 TRAVIS STREET SUITE 7300**
**HOUSTON TX 77002**
**713-223-5909**

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

Civil Action No. 3:17-cv-01018

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No. 44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
_____ hereby certify that I have compared this instrument
_____ a true and correct copy of the original as appears on
_____ office.
GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this the _____ day of _____ A.D., 20__

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

Civil Action No. 3:17-cv-01018

**CITATION**

**To:**   **ABC COMPANIES**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079**
**AUSTIN, TX, 78711**

| No.: DC-17-02842 |
| --- |

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et al

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the
clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you
were served this citation and petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **44th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

ISSUED
**ON THIS THE 7TH DAY OF APRIL, 2017**

Said <u>PLAINTIFF</u> being <u>**DEE VOIGT INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE**</u>
<u>**OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER**</u>
<u>**FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH**</u>
<u>**ACT**</u>

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Filed in said Court 31st day of March, 2017 against
**ABC COMPANIES**

By **DENOSHA BOSTON**, Deputy

For suit, said suit being numbered   DC-17-02842  the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned
unexecuted.

Attorney for : Plaintiff
**CHRISTOPHER J. LEAVITT**
**600 TRAVIS STREET SUITE 7300**
**HOUSTON TX 77002**
**713-223-5909**

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 7th day of April, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
           **DENOSHA BOSTON**

**DALLAS COUNTY CONSTABLE**
**FEES      FEES NOT**
**PAID      PAID**

Civil Action No. 3:17-cv-01018

**OFFICER'S RETURN
FOR INDIVIDUALS**

Cause No. DC-17-02842

Court No: 44th District Court

Style: DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP, et al

      Received this Citation the _____ day of _____, 20____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20____, at _____ o'clock _____.M. by summoning the within named Corporation, _____ by delivering to _____ _____ President - Vice President - Registered Agent - in person, of the said _____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:

|  |  |  |  |
|---|---|---|---|
| For Serving Citation | $_____ | Sheriff_____ |
| For Mileage | $_____ | County of_____ |
| For Notary | $_____ | State of_____ |
| Total Fees | $_____ | By_____ |

To certify which witness by my hand.

(Must be verified if served outside the State of Texas)
State of_____
County of_____
      Signed and sworn to me by the said_____before me this_____ day of _____, 20_____, to certify which witness my hand and seal of office.

Seal

_____

State & County of

_____



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, District Clerk of the District of Dallas County,
Texas, do hereby certify that the above and foregoing is a true and correct copy of the original instrument as it appears on file and of record in my office.

Given under my hand and seal of Court, at office in Dallas, Texas, this the 16 day of April , A.D., 2012.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____
_____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:
    **CSX TRANSPORTATION INC.**
    **BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
    **1999 BRYAN STREET SUITE 900**
    **DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **31st day of March, 2017** against

**ECHO TRANSPORTATION, INC., TBL GROUP INC AND CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    DENOSHA BOSTON



---

**ATTY**

**CITATION**

---

DC-17-02842

---

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**7th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
**CHRISTOPHER J. LEAVITT**
**600 TRAVIS STREET SUITE 7300**
**HOUSTON TX 77002**
713-223-5909

DALLAS COUNTY CONSTABLE
FEES    FEES NOT
PAID    PAID

Civil Action No. 3:17-cv-01018

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____ day of _____ , 20_____ , at _____ o'clock _____.M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20_____ , by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of _____ , 20_____ ,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____



STATE OF TEXAS
COUNTY OF DALLAS

I, STRICKA HYRE, Clerk of the District of Dallas County
do hereby certify that I have compared this instrument
here attached and the correct copy of the original as appears on

GIVEN UNDER MY HAND AND SEAL OF said Court, at office
in Dallas, Texas this _____ day of _____ April _____ A.D., 20 12

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
3/31/2017 2:20:02 PM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittman

**CIVIL PROCESS REQUEST**

3-CIT SOS ATTY

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** DC-17-02842     **CURRENT COURT:** 44th Judicial District Court Dallas County, TX

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiffs' Original Petition in Intervention

**FILE DATE OF MOTION:** March 31,2017

|   | Month/ | Day/ | Year |
|---|---|---|---|

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Echo Transportation, Inc.

   ADDRESS: 801 Cherry Street, Suite 2000, Fort Worth, Texas 76102

   AGENT, (if applicable): Elisa Fox

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Court Records Research     Phone: _____
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:      ☐ **COURTHOUSE DOOR, or**
  -                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

******************************************************************************

****

2. NAME: Diamond Tours, Inc.

   ADDRESS: 13100 Westlinks Terrace, Suite No. 1, Fort Myers, FL 33913

   AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**          ☐ **CONSTABLE**
- ☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: Court Records Research     Phone: _____
- ☐ **MAIL**          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:      ☐ **COURTHOUSE DOOR, or**
  -                          ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Christopher J. Leavitt     TEXAS BAR NO./ID NO. 24053318

MAILING ADDRESS: 600 Travis Street, Suite 7300, Houston, TX 77002

PHONE NUMBER: 713 / 223-5393     FAX NUMBER: 713 / 223-5909

| area code | phone number | | area code | fax number |
|---|---|---|---|---|

EMAIL ADDRESS: cleavitt@txattorneys.com

CIVC108 Revised 9/3/09

## CIVIL PROCESS REQUEST

| FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING |
| FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED |

**CASE NUMBER:** DC-17-02842     **CURRENT COURT:** 44th Judicial District Court Dallas County, TX

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiffs' Original Petition in Intervention

**FILE DATE OF MOTION:** March 31,2017

                                        Month/     Day/     Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. **NAME:** TBL Group, Inc.

   **ADDRESS:** 801 Cherry Street, Suite 2000, Fort Worth, Texas 76102

   **AGENT,** (*if applicable*): Elisa Fox

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

   **SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**　　　　　[ ] **CONSTABLE**
- [x] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Court Records Research　　Phone: _____
- [ ] **MAIL**　　　　　[ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
     Type of Publication:    [ ] **COURTHOUSE DOOR,  or**
                       [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*

2. **NAME:** CSX Transportation, Inc.

   **ADDRESS:** 1999 Bryan Street, Suite 900, Dallas, Texas 75201

   **AGENT,** (*if applicable*): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation

   **SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP**　　　　　[ ] **CONSTABLE**
- [x] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: Court Records Research　Phone: _____
- [ ] **MAIL**　　　　　[ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
     Type of Publication:    [ ] **COURTHOUSE DOOR,  or**
                       [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** Christopher J. Leavitt     **TEXAS BAR NO./ID NO.** 24053318

**MAILING ADDRESS:** 600 Travis Street, Suite 7300, Houston, TX 77002

**PHONE NUMBER:** 713    223-5393      **FAX NUMBER:** 713    223-5909
            area code   phone  number                 area code  fax  number

**EMAIL ADDRESS:** cleavitt@txattorneys.com

CIVIC109 Revised 9/3/09

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** DC-17-02842          **CURRENT COURT:** 44th Judicial District Court Dallas County, TX

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiffs' Original Petition in Intervention

**FILE DATE OF MOTION:** March 31,2017

<div align="center">Month/          Day/          Year</div>

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME:   ABC Companies

   ADDRESS:   1506 30th Street NW, Faribault, Minnesota 55021

   AGENT, (*if applicable*):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  Citation

   **SERVICE BY** (*check one*):
   - [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
   - [x] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:  Court Records Research          Phone: _____
   - [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
   - [ ] **PUBLICATION:**
       Type of Publication:        [ ] **COURTHOUSE DOOR,  or**
                                   [ ] **NEWSPAPER OF YOUR CHOICE:** _____
   - [ ] **OTHER,** *explain* _____

**************************************************************************

****

2. NAME:   _____

   ADDRESS:   _____

   AGENT, (*if applicable*):   _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  _____

   **SERVICE BY** (*check one*):
   - [ ] **ATTORNEY PICK-UP**                    [ ] **CONSTABLE**
   - [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up:          Phone: _____
   - [ ] **MAIL**                                [ ] **CERTIFIED MAIL**
   - [ ] **PUBLICATION:**
       Type of Publication:        [ ] **COURTHOUSE DOOR,  or**
                                   [ ] **NEWSPAPER OF YOUR CHOICE:** _____
   - [ ] **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:   Christopher J. Leavitt          TEXAS BAR NO./ID NO.   24053318

MAILING ADDRESS: 600 Travis Street, Suite 7300, Houston, TX 77002

PHONE NUMBER:   713    223-5393          FAX NUMBER:   713    223-5909

<div align="center">area code    phone number                    area code    fax number</div>

EMAIL ADDRESS: cleavitt@txattorneys.com

CIVC108 Revised 9/2/99

STATE OF TEXAS       }
COUNTY OF DALLAS   }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___1___ day of __April__, A.D., __2017__.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

FILED
3/31/2017 2:20:02 PM
DALLAS COUNTY
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

## CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| PEGGY HOFFMAN, DECEASED, AND ON | § | |
| BEHALF OF ALL THOSE ENTITLED TO | § | |
| RECOVER FOR THE DEATH OF PEGGY | § | |
| HOFFMAN, DECEASED, UNDER THE | § | |
| TEXAS WRONGFUL DEATH ACT; | § | |
| | § | |
| VS. | § | DALLAS COUNTY TEXAS |
| | § | |
| ECHO TOURS AND CHARTERS, LP DBA | § | |
| ECHO TRANSPORTATION; TLB GROUP | § | |
| INC.; DIAMOND TOURS INC.; CSX | § | |
| TRANSPORTATION, INC.; AND | § | |
| JOHN DOE | § | 44TH JUDICIAL DISTRICT |

## CAUSE NO. DC-17-02842
(Petition in Intervention)

| | | |
|---|---|---|
| TIM ORR, ESTATE OF DEBORAH ORR, | § | IN THE DISTRICT COURT OF |
| CATHERINE SHEETS, CHARLES | § | |
| SHEETS, LESLIE SCHELL, MARY | § | |
| LUCAS, MARY HALL, LINDA COX, | § | |
| JC RABEL, BETTY RABEL, LOUISA | § | |
| CRUZ, JUANITA CRUZ, PRISCILLA | § | DALLAS COUNTY, TEXAS |
| TORRES, JUSTINE NYGREN, JILL | § | |
| MCCAN, SANTIAGO DE LA CRUZ, | § | |
| MARY DE LA CRUZ, MIKE TURNER & | § | |
| CATHERINE TURNER | § | |
| *Plaintiffs,* | § | 44th JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| ECHO TRANSPORTATION, INC., | § | |
| TBL GROUP, INC., CSX | § | |
| TRANSPORTATION, INC., DIAMOND | § | |
| TOURS, INC. & ABC COMPANIES, INC. | § | |
| *Defendants.* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFFS' ORIGINAL PETITION IN INTERVENTION

TO THIS HONORABLE COURT:

Plaintiffs/Intervenors file this Original Petition and respectfully show this Court the

following:

## I.
### Discovery Control Plan

1.    Plaintiffs/Intervenors intend to conduct discovery under Level 2.

## II.
### Parties

2.    Plaintiff Tim Orr is an individual and resident of Bastrop County, Texas.  Mr. Orr is the husband of Deborah Orr, deceased. Tim and Deborah Orr were passengers aboard the charter bus at issue in this Petition.

3.    Plaintiff Catherine Sheets is an individual and resident of California. Ms. Sheets is the daughter of the late Deborah Orr.

4.    Plaintiff Charles Sheets is an individual and a resident of California. Mr. Sheets is the son of the late Deborah Orr.

5.    Plaintiff Leslie Schell is an individual and resident of Texas.  Mrs. Schell is the daughter of the late Deborah Orr. She brings claims in her individual capacity, and on behalf of the Estate of Deborah Orr.

6.    Plaintiff Mary Lucas is an individual and resident or Bastrop County. Ms. Lucas was a passenger on the charter bus at issue in this Petition.

7.    Plaintiff Mary Hall is an individual and resident of Bastrop County. Ms. Hall was a passenger on the charter bus at issue in this Petition.

8.    Plaintiff Linda Cox is an individual and resident of Bastrop County. Ms. Cox was a passenger on the charter bus at issue in this Petition.

9.    Plaintiff JC Rabel is an individual and resident of Bastrop County. Mr. Rabel was a passenger on the charter bus at issue in this Petition.

10.     Plaintiff Betty Rabel is an individual and resident of Bastrop County. Mrs. Rabel was a passenger on the charter bus at issue in this Petition.

11.     Plaintiff Louisa Cruz is an individual and resident of Caldwell County. Ms. Cruz was a passenger on the charter bus at issue in this Petition.

12.     Plaintiff Juanita Cruz is an individual and resident of Caldwell County. Ms. Cruz was a passenger on the charter bus at issue in this Petition.

13.     Plaintiff Priscilla Torres is an individual and resident of Caldwell County. Ms. Torres was a passenger on the charter bus at issue in this Petition.

14.     Plaintiff Justine Nygren is an individual and resident of Travis County. Ms. Nygren was a passenger on the charter bus at issue in this Petition.

15.     Plaintiff Jill McCan is an individual and resident of Caldwell County. Ms. McCan was a passenger on the charter bus at issue in this Petition.

16.     Plaintiff Santiago De La Cruz is an individual and resident of Caldwell County. Mr. De La Cruz was a passenger on the charter bus at issue in this Petition.

17.     Plaintiff Mary De La Cruz is an individual and resident of Caldwell County. Mrs. De La Cruz was a passenger on the charter bus at issue in this Petition.

18.     Plaintiff Mike Turner is an individual and resident of Bastrop County. Mr. Turner was a passenger on the charter bus at issue in this Petition.

19.     Plaintiff Catherine Turner is an individual and resident of Bastrop County. Mrs. Turner was a passenger on the charter bus at issue in this Petition.

20.     Defendant Echo Transportation, Inc. is a corporation residing in Dallas County, Texas. This Defendant may be served with process via personal service via its registered agent, Elisa Fox, at 801 Cherry Street, Suite 2000, Fort Worth, Texas 76102.

21.     Defendant Diamond Tours, Inc. is a foreign for profit corporation that conducts continuous and systematic business in this state, but does not keep a registered agent in this state. As such, this Defendant may be served with process via the Texas Secretary of State, at its headquarters, at 13100 Westlinks Terrace, Suite No. 1, Fort Myers, FL 33913.

22.     Defendant TBL Group, Inc. is a domestic corporation headquartered in Dallas County and regularly conducts business in Dallas County. Defendant may be served with process via personal service via its registered agent, Elisa Fox, at 801 Cherry Street, Suite 2000, Fort Worth, Texas 76102.

23.     Defendant CSX Transportation, Inc. is a foreign for profit corporation that maintains a registered agent in this state, and regularly conducts continuous and systematic business in this state. This Defendant owns real estate and personal property in this state, contracts with vendors in this state, joint ventures with entities and individuals in this state, advertises for customers in this state, hires employees from this state, and takes advantage of the court system and uses other governmental functions of this state. This Defendant may be served with process via its registered agent in Texas: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

24.     Defendant ABC Companies is a foreign corporation that keeps an office in Texas and regularly does business in Texas, but does not maintain a registered agent in Texas. This Defendant may be served with process via the Texas Secretary of State, at its headquarters, at 1506 30th Street NW, Faribault, Minnesota 55021.

### III.
### Venue

25.     Several of the Defendants are residents of this state, and two are residents of this County; accordingly, venue is proper in this Court pursuant to Section 15.002, TEX. CIV. PRAC. & REM. CODE.

## IV.
## Facts

26.    On or about March 7, 2017, a tour bus owned and operated by Echo Transportation and TBL Group, Inc. was traveling from one casino to another in and around Biloxi, Mississippi. The tour of which the bus was a part was organized by Defendant Diamond Tours for a senior citizens group primarily from Bastrop, Texas.  The tour bus itself was manufactured by Van Hool.  Van Hool is part owner of Defendant ABC Companies.  ABC Companies is the exclusive distributor for Van Hool busses in the United States.

On the day of the accident, the tour bus driver deviated from the scheduled, planned route and instead took an unplanned route, which required the group to navigate a railroad crossing in Biloxi, Mississippi, owned and maintained by Defendant CSX.   As explanation for this deviation, the driver told the passengers that he had decided to take them on a "scenic route." Unbeknownst to the Plaintiffs, the railroad crossing was well known to Defendant CSX as a dangerous crossing and had been the site of at least seventeen previous serious accidents. Indeed, CSX had created this dangerous condition, but had failed to remedy it. While making its way over the crossing, the bus became "high centered," and became stuck on the tracks. Unfortunately, at the same time, a train, owned and operated by CSX, was traveling towards the crossing. Rather than immediately get the passengers off the bus, the driver instead continued to attempt to move his bus. Conversely, rather than begin slowing and stopping the train, the train conductor instead continued to travel towards the crossing, eventually striking the bus, pushing it and the passengers in and immediately outside of it for more than 200 feet.

The results of the collision were horrific.  Four individuals were killed, and dozens were seriously injured.   Plaintiffs were among those both killed and seriously injured.   These

individuals were rushed to the emergency room and were provided with extensive medical treatment. For most, that treatment continues.

## V.
### Choice of Law: Texas Liability Law/Florida Punitive Damages Law

27.     All passengers on the bus were residents of Texas. This tour in question was organized in Texas, originated in Texas, and spent a significant portion of time in Texas. All Defendants are either headquartered in Texas or do substantial business in Texas. The relationship amongst the parties is centered in Texas. All Plaintiffs are Texas residents. These Texas Plaintiffs joined a bus tour that was advertised in Texas, originated in Texas, and was provided by a Texas-based bus company. The bus in question was sold by a firm with a Texas corporate office. For these and other reasons, Texas law applies to Plaintiffs' liability and damage claims.

Conversely, as set forth herein, the actions of Defendant CSX were negligent, grossly negligent, extremely careless, and reckless. Further, as set forth herein, Defendant CSX's wrongdoing was purely for financial gain even though it knew that such conduct would likely result in injury to others. Because CSX is headquartered in Florida, and because its corporate decision making occurred in Florida, for the punitive damages claims asserted herein, Florida law applies to these specific damages.

## VI.
## Claims

### Negligence/Gross Negligence – Echo/TBL Group

28.     Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below. Defendants owed a legal duty to Plaintiffs to exercise ordinary care.

29.     Defendants breached this duty of care by failing to do the following:

    1.     caused or permitted to be caused a bus-train accident;

2.      failed to operate the bus in a safe and prudent manner;

3.      failed to adequately or safely plan the route for the bus;

4.      failed to exercise reasonable and prudent care in the operations which were occurring on the date of the incident;

5.      failed to implement, follow, and enforce proper operations procedures;

6.      failed to keep a proper lookout;

7.      failed to implement, follow, and enforce proper safety procedures;

8.      failed to keep the vehicle under proper control;

9.      failed to yield the right-of-way;

10.     failed to properly supervise;

11.     failed to properly control;

12.     failed to hire and select competent drivers;

13.     failed to properly inspect, maintain and equip the bus in a prudent manner; and

14.     failed to implement, follow, and enforce proper hazard analysis.

30.     Defendants' actions constitute negligence and gross negligence. Defendants' breach of these duties proximately caused Plaintiff's injuries.

31.     The acts of negligence committed by Defendants' agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by their employer, who is therefore liable under the doctrine of respondeat superior for the negligent actions of its employees.

**Negligent Hiring/Negligent Supervision/Negligent Entrustment – Echo/TBL Group**

32.     Defendants' driver was an inadequately trained, unlicensed, incompetent, or reckless driver on the day in question and as a result he proximately caused the Plaintiffs' injuries.

Defendants were negligent in entrusting its vehicle to this driver, in that Defendants knew or should have known that this driver was an unlicensed, incompetent, or reckless driver.

### Negligence/Gross Negligence/Negligent Retention – Diamond Tours

33.    Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below.

34.    Defendants owed a legal duty to Plaintiffs to exercise ordinary care.

35.    Defendants breached this duty of care by failing to properly select, hire, and retain the Defendant bus company to provide and operate the bus service in question.

36.    Defendant's actions constitute negligence and gross negligence. Defendant's breach of these duties proximately caused Plaintiff's injuries.

37.    The acts of negligence committed by Defendant's agents, servants, and/or employees arose directly out of and was done in prosecution of the business that they were employed to do by their employer, who is therefore liable under the doctrine of respondeat superior for the negligent actions of its employees.

### Negligence/Gross Negligence – CSX

38.    Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below.

39.    Defendant owed a legal duty to Plaintiffs to exercise ordinary care.

40.    Defendant breached this duty of care by failing to do the following:

    1.    caused or permitted to be caused a bus-train accident;

    2.    failed to operate the train in a safe and prudent manner;

    3.    failed to control the train's speed;

    4.    failed to maintain a proper look out;

    5.    failed to control the train in a safe and prudent manner; and

6.      failed to have a reliable system to prevent the accident at the railroad crossing,

despite the fact that dozens of accidents have occurred at this same crossing.

### Product Liability/Strict Liability – ABC Companies

41.      Plaintiffs bring claims against Defendant ABC Companies under the Texas Products

Liability Act (Tex. Civ. Prac. & Rem. Code § 82.001, et seq.). ABC Companies designed,

manufactured, and/or supplied the bus in question and it failed to operate as intended. Upon

information and belief, the bus at issue was not substantially changed after it left control of any

defendant. Further, the bus was in a defective condition, and was unreasonably dangerous to all

users of the bus, and, Defendant, as the designer, manufacturer, and/or supplier is strictly liable

for the physical harm caused to Plaintiffs. Plaintiffs allege that the bus at issue was defective as

manufactured and/or designed and these defects legally caused the bus to get caught on the rail

road crossing at issue.   Additionally, Defendant failed to warn the owners, operators, and/or

lessees of the vehicles that the bus in question would not work as intended.

42.      Plaintiffs allege that the bus issue had a design defect, a manufacturing defect, and a

marketing defect. Plaintiffs allege there was a safer alternative design, that the bus deviated

from its planned specifications, and that the product lacked an adequate warning.

43.      Plaintiffs would also show that Defendant acted willingly, wantonly, maliciously and

recklessly when it breached the duties owed to Plaintiffs. Accordingly, Plaintiffs also seeks an

award of punitive damages.

44.      Additionally, Plaintiffs allege that Defendant ABC sold a product in a defective condition

that was unreasonably dangerous to the end user, and that the product caused harm to Plaintiffs.

Defendant ABC was engaged in the business of selling these products; busses. The busses were

expected to and did reach the user without substantial change in the condition from which it was

sold.  Plaintiffs also allege that Defendant failed to provide adequate warnings or instructions, and this lack of warnings and instructions rendered the product unreasonably dangerous.  ABC Companies knew or should have known of the potential risk of harm presented by the product but marketed it without providing adequate warning to the user or instructions for its safe use. ABC Companies knew or had reason to know that the bus was likely to be dangerous for the use for which it is supplied, and had no reason to believe that consumer will realize the dangerous condition.  Further, Defendant did not provide adequate warnings to anyone or instructions for its safe use, and ABC Companies failed to exercise reasonable care to make the product safe for the use for which it was supplied.

### Negligence of ABC Companies

45.     In designing a vehicle, efforts should be made by manufacturers to identify potential risks, hazards, and/or dangers that can lead to serious injury or death.  Once potential risks, hazards, and/or dangers are identified, then the potential risks, hazards, or dangers should be eliminated if possible.  If the potential risks, hazards, and/or dangers can't be eliminated, then they should be guarded against.

46.     If the potential risks, hazards, and/or dangers can't be eliminated or guarded against, they should at least be warned about.  Vehicle manufacturers have known this for decades, and they also know that they have to consider foreseeable use and misuse when they design vehicles.

47.     Furthermore, vehicle engineers have to hold paramount the health, safety, and welfare of the public and consumers, and they must be knowledgeable about the exposure of the types of accidents and injuries that are occurring with their vehicles out in the real world.

48.     A company that does not conduct a proper engineering analysis that would help it to identify potential risk, hazards, and/or dangers that could seriously injure someone is negligent.

49.     Furthermore, it is important to test vehicles properly before they are sold to the public. Not doing so constitutes negligence.  ABC Companies/Van Hool bus engineers should have used one of the many available techniques to analyze the safety of the subject vehicle and its ability to clear and cross railroad crossings.

50.     So far, there is no evidence which has been presented which shows that any engineering analysis was conducted by ABC Companies/Van Hool. This omission is important because this is the primary role and responsibility of an engineer.  The lack of engineering analysis and poor decisions about clearance and ability to cross railroad crossings led to a defective vehicle being introduced into the stream of commerce. ABC Companies/Van Hool was aware of the danger of having a bus not clear certain grades of roadway, however they were negligent in their decision making for performance testing for this.

51.     ABC Companies/Van Hool was negligent for not conducting proper engineering analysis, target setting, and testing.

52.     Defendants owed a duty to Plaintiffs to perform a proper engineering analysis and to properly test its vehicles. Defendants breached said duty.

53.     The foregoing acts and/or omissions of Defendants were a producing, direct, and/or proximate cause of Plaintiffs' injuries.

54.     The foregoing acts and/or omissions of Defendants were a producing, direct, and/or proximate cause of Plaintiffs' damages.

### Joint and Several Liability – ABC Companies

55.     Under Texas law of strict products liability, retailers and manufacturers are jointly and severally liable for injuries caused by defective products.  As such, Plaintiffs specifically plead joint and several liability as to all Defendants.

## VII.
### Res Ipsa Loquitor

56.     Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below.

57.     In addition, Defendants' negligence described above implicates the doctrine of *res ipsa loquitor* because the character of the event made the basis of this lawsuit is such that it would not have occurred without negligence; and the conditions which caused Plaintiffs' injuries.

## VIII.
### Damages – All Plaintiffs

58.     By reason of the occurrence made the basis of this action, including the conduct on the part of Defendants, Plaintiffs sustained severe bodily injuries and even death.  Plaintiffs suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of their natural lives

59.     Additionally, Plaintiffs have incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

60.     Additionally, as a result of the injuries sustained in the occurrence, Plaintiffs have suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

61.     Additionally, Plaintiffs are physically impaired as a result of the injuries they sustained in the occurrence.  As a consequence, Plaintiffs have lost the ability to perform household services and, in reasonable probability, this loss is permanent.

62.     Pleading further, in the alternative, if it is shown that Plaintiffs were suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence.

63.     Finally, because of the egregious nature of the actions of Defendants, Plaintiffs seek punitive damages against Defendants.   Any caps or limits on punitive damages should not be applied because Defendants' conduct and violations of the Penal Code, including 22.04 (injury to a child, elderly individual, or disabled individual), disqualifies them from the benefit of any caps. Plaintiffs seek court costs and pre-judgment and post-judgment interest at the appropriate rate allowed by law.   Plaintiffs seek any other and further relief to which Plaintiffs may show themselves justly entitled.

### Damages – Orr Family

64.     Certain Plaintiffs, Tim Orr, Christine Sheets, Charles Sheets, and Leslie Schell, seek all damages allowed in a wrongful death action.   Plaintiffs seek loss of consortium, loss of companionship and society, pain and suffering, medical expenses, and mental anguish in the past and future for Plaintiffs.   Plaintiffs seek exemplary damages as part of the wrongful death action. Plaintiffs seek funeral expenses as part of the wrongful death action.

65.     Plaintiffs Tim Orr, Christine Sheets, Charles Sheets, and Leslie Schell bring this action pursuant to §§ 71.001 - 71.012 of the Texas Civil Practice and Remedies Code.   Plaintiffs may bring action for the wrongful death of Deborah Orr.   Plaintiffs, under the Texas Wrongful Death Act, are entitled to recover damages for:

1)     Pecuniary Loss: Pecuniary loss resulting from the death of Mrs. Orr, including, but not limited to, the advice and counsel, care, maintenance, support, services, and reasonable contributions of pecuniary value that Plaintiffs would in reasonable probability have received from Mrs. Orr had she lived.  Also, Plaintiffs are entitled to any expenses for medical or psychological treatment.

2)  Mental Anguish:  Mental anguish suffered by the Plaintiffs as a result of the death of Deborah Orr, including but not limited to the emotional pain, torment, and suffering that Plaintiffs would in reasonable probability, experience from the death of a family member.

3)  Loss of Companionship and Society:  Loss resulting from Mrs. Orr's death, including, but not limited to, love, companionship, comfort, and society that the Plaintiffs would in reasonable probability had experienced if Mrs. Orr had lived.

66.  Plaintiffs seek all damages allowed for family members in a wrongful death action. Plaintiffs seek all damages allowed for an action brought on behalf of Deborah Orr.  Plaintiffs seek exemplary damages under the Survival Statute and as part of the wrongful death action.  Plaintiffs seek funeral expenses under the Survival Statute and as part of the wrongful death action.  Plaintiffs seek any estate fees it is entitled to.

## IX.
## Demand for Jury

67.  Plaintiffs respectfully demand a jury trial.

## X.
## Prayer

68.  For these reasons, Plaintiffs ask that Defendant be cited to appear and answer, and that they have judgment against Defendants as follows:

a.  Actual damages for the following, not less than $250 million, to include:

(1)  past and future pain and suffering;

(2)  past and future mental anguish;

(3)  physical disfigurement;

(4)  physical impairment;

    (5)     past and future medical expenses; and

    (6)     loss of household services

  b.     Exemplary damages;

  c.     Pre-judgment and post-judgment interest;

  d.     Court costs; and

  e.     All other relief to which she is justly entitled.

## XI.
## Request for Rule 194 Disclosures

69.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(k), Tex. R. Civ.P.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G. Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    Christopher J. Leavitt
    State Bar No. 24053318
    JPMorgan Chase Tower
    600 Travis Street, Suite 7300
    Houston, Texas 77002
    Tel: (713) 223-5393
    Fax: (713) 223-5909
    www.txattorneys.com
    tbuzbee@txattorneys.com
    cleavitt@txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on March 31, 2017 as set forth below:

*Via Facsimile: (210) 447-0501*
Mikal Watts
Francisco Guerra, IV.
Paige Boldt
WATTS GUERRA, LLP
4 Dominion Drive, Blge. 3, Suite 100
San Antonio, TX 78257
*Attorneys for Plaintiff Dee Voigt*
*Attorneys for Plaintiff/Intervenor*
*Aubrey O. Landrum*

*Via Facsimile: (214) 969-7373*
Lisa Blue
BARON & BLUE
3811 Turtle Creek Blvd, Suite 800
Dallas, TX 75219
*Local Attorneys for Plaintiff Dee Voigt*
*Local Attorneys for Plaintiff/Intervenor*
*Aubrey O. Landrum*

*Via Facsimile: (512) 474-1605*
Broadus A. Spivey
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Dr., Ste. 205
Austin, TX 78731
*Attorneys for Plaintiff/Intervenor*
*Melissa Messerly*

*Via Facsimile: (512) 474-8252*
Joe Turner
JOSEPH A. TURNER, PC
1504 West Avenue
Austin, TX 78701
*Attorneys for Plaintiff/Intervenor*
*Melissa Messerly*

*Via Facsimile: (713) 659-2204*
W. Mark Lanier
Lawrence P. Wilson
THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, Texas 77069
*Attorneys for Plaintiff/Intervenor*
*Kimberly Kay Chapman*

*Via Facsimile: (713) 237-0708*
Gregory J. Alexander
ALEXANDER LAW FIRM
8866 Gulf Freeway Suite 520
Houston, Texas 77017
*Attorneys for Plaintiff/Intervenor*
*Kimberly Kay Chapman*

*Via Facsimile: (817) 332-3148*
Robert Haslam
HASLAM & GALLAGHER
555 South Summit Avenue
Fort Worth, TX 76104
*Attorneys for Plaintiff/Intervenor*
*Annie May Havran*

*Via Facsimile: (817) 529-2629*
Coby L. Wooten
LAW OFFICE OF COBY L. WOOTEN, P.C.
1301 Ballinger Street, Suite 100
Fort Worth, TX 76102
*Attorneys for Plaintiff/Intervenor*
*Annie May Havran*

*Via Facsimile: (409) 832-8577*
Michell A. Toups
WELLER, GREEN, TOUPS & TERRELL, LLP
Post Office Box 350
Beaumont, Texas 77704
*Attorneys for Plaintiff Darwyn Hanna*

***Via Facsimile:  (281) 254-7886***
Gregory K. Evans
LAW OFFICES OF GREGORY K. EVANS
3900 Essex, Suite 690
Houston, TX 77027
*Attorneys for Plaintiff Darwyn Hanna*

***Via Facsimile: (866) 272-8779***
Peter Malouf
THE LAW OFFICE OF PETER G. MALOUF
PO Box 12745
Dallas, Texas 75225
*Attorneys for Plaintiff Darwyn Hanna*

***Via Facsimile: (817) 870-2427***
John W. Proctor
BROWN, DEAN, PROCTOR & HOWELL, LLP
306 West 7th Street, Suite 200
Fort Worth, TX 76102
*Attorneys for Defendant*
*CSX Transportation, Inc.*


　　　*/s/ Christopher J. Leavitt*
　　　Christopher J. Leavitt

Case 3:17-cv-01018-N   Document 1-1   Filed 04/12/17   Page 241 of 341   PageID 252

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _10_ day of _April_ A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
3/31/2017 6:15:23 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

3-CIT ES

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT; | § § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| AND | § § | |
| MELISSA MESSERLY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH HOFFMAN, DECEASED, | § § § § § § | |
| *Plaintiff/Intervenor,* | § § | DALLAS COUNTY, T E X A S |
| AND | § § | |
| AUBREY O. LANDRUM, INDIVIDUALLY AND KAREN O. LANDRUM, INDIVIDUALLY, | § § § § | |
| *Plaintiffs/Intervenors,* | § § | |
| AND | § § | |
| GLADYS JANE FRANK | § § | |
| *Plaintiff/Intervenor,* | § § § | |
| VS. | § § § | |
| ECHO TOURS AND CHARTERS, LP DBA ECHO TRANSPORTATION; TLB GROUP INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC.; LOUIS AMBROSE, JR. AND JOHN DOES. | § § § § § | 44th JUDICIAL DISTRICT |
| *Defendants.* | | |

**PETITION IN INTERVENTION**

1

COMES NOW, Gladys Jane Frank (hereafter referred to as "Plaintiff or Intervenor") complaining of ECHO Tours and Charters, LP d/b/a ECHO Transportation, TLB Group, Inc., Diamond Tours, Inc., CSX Transportation, Inc., and Louis Ambrose, Jr. and John Does and would respectfully show the Court as follows:

## I.
## DISCOVERY TRACK

1.1   This case should be assigned to Discovery Track Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and the parties will seek an agreed Order or other Court Order to this effect.

## II.
## PARTIES

2.1   Plaintiff/Intervenor, Gladys Jane Frank, is an individual citizen and resident of Sealy, Austin County,Texas. She is bringing her individual claims for the resulting injuries and damages as a direct and proximate cause of the incident in question.

2.2   DEFENDANT, ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION (HEREAFTER REFERRED TO AS ECHO), IS A TEXAS LIMITED PARTNERSHIP WITH ITS PRINCIPAL PLACE OF BUSINESS IN DALLAS, TEXAS. ECHO CAN BE SERVED AT ITS PRINCIPAL PLACE OF BUSINESS, 9314 WEST JEFFERSON BLVD., DALLAS, TX 75211.

2.3   DEFENDANT, TBL GROUP, INC. (HEREAFTER REFERRED TO AS TBLG), IS A TEXAS CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN HOUSTON, TEXAS. TBLG CAN BE SERVED WITH PROCESS BY SERVING ELISA FOX, 801 CHERRY STREET, UNIT 46 FORT WORTH, TX 76102.

2

2.4     Defendant, Diamond Tours, Inc. (hereafter referred to as Diamond Tours), is a Florida corporation with its principal place of business in Fort Meyers, Florida. Diamond Tours can be served with process by serving E. Murray Moore Jr. at 215 S. Monroe Street, Suite 200, Tallahassee, FL 32302.

2.5     DEFENDANT, LOUIS AMBROSE, JR., WAS THE DRIVER OF A PASSENGER BUS INVOLVED IN THE ACCIDENT GIVING RISE TO THIS LAWSUIT. DEFENDANT IS AN INDIVIDUAL BELIEVED TO BE EMPLOYED BY ECHO. DEFENDANT LOUIS AMBROSE, JR. IS BELIEVED TO RESIDE AT 2109 JOYNER RANCH RD. FORT WORTH, TEXAS.

2.6     CSX Transportation, Inc. is a Virginia corporation doing business in the state of Texas with its principal place of business in Jacksonville, Florida. CSX Transportation, Inc. can be served with process by serving CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

2.8     Defendant, John Doe was the conductor of the train involved in the accident giving rise to this lawsuit. Defendant is an individual believed to be employed by and/or an agent of CSX Transportation Inc.

2.9     Defendant, JOHN DOE was the engineer of the train involved in the accident giving rise to this lawsuit. Defendant is an individual believed to be employed by and/or an agent of CSX Transportation Inc.

### III.
### JURISDICTION AND VENUE

3.1     The amount in controversy far exceeds the minimal jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that they seek, by their lawsuit, monetary relief over $1,000,000.00.

3

3.2    Venue in this case is proper in Dallas County, Texas, under the general venue rule of Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code, because it is the county of defendant, ECHO's principal place of business at the time the cause of action accrued.

3.3    Venue is proper in Dallas County as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code because venue is proper in Dallas County as to Defendant ECHO, and because all of Plaintiff's/Intervenor's claims arise out of the same transaction, occurrence, or series of transactions or occurrences.

3.4    Plaintiff/Intervenor expressly disavow that any claims are being made pursuant to federal law, treaties, or constitution. Although the amount in controversy exceeds $75,000, there is a lack of complete diversity because plaintiff and at least one defendant are both citizens of Texas. Further, one or more of the properly joined and served Defendants are citizens of the state in which this action is brought. Any removal, or consent to removal, of this case to federal court would be improper.

## IV.
## GENERAL ALLEGATIONS OF FACTS

4.1    On March 7, 2017, an ECHO bus traveling from Austin, Texas to Biloxi, Mississippi was struck by a CSX freight train, leaving at least four people dead and numerous passengers injured. The accident happened at approximately 2:15 p.m., as the northbound charter bus, carrying more than 40 people, was stopped, straddling the tracks at the Main Street railroad crossing in Biloxi, Mississippi. The charter bus appeared unable to move from the crossing, when the 52-car train, pulled by three locomotives, slammed into the charter bus. The force of the collision

4

pushed the bus approximately 200 feet after impact.

4.2    A "Humped" crossing sign indicating low ground clearance was posted several feet in advance of grade crossing. The crossing consists of several layers of asphalt patches. These asphalt patches create a steep inclined or hump. This hump has been created and gradually grown overtime by automated CSX Transportation Inc. railroad maintenance practices.

4.3    After the collision, it took more than thirty minutes for witnesses and emergency crews to remove injured passengers through the emergency windows. The investigation into the cause of the accident is ongoing.

4.4    Defendant Louis Ambrose, Jr. was driving the bus in the course and scope of his employment for ECHO. Gladys Jane Frank, of Sealy, Texas were passengers in the bus and paid consideration to Diamond Tours for transportation in the ECHO bus. As a result of this collision, Gladys Jane Frank suffered serious personal injuries.

4.5    Two months prior, on January 5, 2017, another CSX Transportation train hit a Pepsi delivery vehicle at precisely the same Main Street crossing. The tractor-trailer had become hung up and immobilized by the steep grade at the crossing. The driver of the Pepsi truck, after unable to move his vehicle, called for help and had attempted to flag down the CSX train before it ultimately crashed into his stopped truck.

4.6    In fact, at this precise crossing there have been sixteen (16) similar train collisions since 1976. Several of these prior accidents have involved motorists either stuck or stopped on the crossing.

4.7    Dallas-based ECHO is a wholly owned subsidiary of TBLG. ECHO and

TBLG are common carriers who are in the business of carrying passengers for hire, hold themselves out for hire by the public, and are available for hire by the general public. The Defendants were in the course of acting as common carriers with regard to Gladys Jane Frank at the time of the subject incident.

## CLAIMS FOR RELIEF
## V.
## NEGLIGENCE

5.1    Defendant Louis Ambrose, Jr., ECHO, TBLG, and Diamond Tours committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the injuries to Gladys Jane Frank.

5.2    Defendant Louis Ambrose, Jr. had a duty to exercise a high degree of care and breached that duty by:

(a)    failing to control the bus;

(b)    failing to keep a proper lookout as a reasonable and prudent person would have;

(c)    failure to act as a reasonable and prudent person would have; and

(d)    failing to abide and/or observe by traffic signs.

5.3    Defendant ECHO is liable for the conduct of Defendant Louis Ambrose, Jr. under the doctrine of *respondeat superior* because Louis Ambrose, Jr., at all relevant times, acted within the course and scope of his employment for Echo. At the time of the incident, Defendant Louis Ambrose, Jr. was operating the vehicle in the course and scope of his employment and/or agency for Defendant Echo. Defendant Echo intentionally granted Defendant Louis Ambrose, Jr. the authority to act on behalf of Echo. The relevant acts of Defendant Louis Ambrose, Jr. were performed while in

6

the employment of Echo, to further its business, to accomplish the objective for which Defendant Louis Ambrose, Jr. was hired, and within the scope of his employment or within the authority delegated to him. Defendant Echo, therefore, is vicariously liable for the negligence of Defendant Louis Ambrose, Jr.

5.4    Defendant ECHO committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiff/Intervenor.

5.5    Defendants, ECHO and TBLG had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to, failing to properly train drivers of vehicles regarding, the importance of following a prescribed route, the appropriate methods and procedures for safely handling the vehicle and its passengers in emergency situations.

5.6    The negligence of Defendants ECHO, TBLG, and Louis Ambrose, Jr. on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiff.

5.7    ECHO and TBLG are jointly and severally liable for the damages arising out of this incident because they are a joint enterprise and/or joint venture with regard to the operation and maintenance of the charter bus.

## VI.
## CAUSE OF ACTION AGAINST CSX TRANSPORTATION - NEGLIGENCE

6.1    CSX Transportation, Inc. committed acts of commission and omission, collectively and severally, constituting negligence, which were a proximate cause of the accident and Plaintiff's/Intervenor's damages.

6.2    Defendant CSX Transportation, Inc. is liable for the conduct of Defendants

John Does under the doctrine of respondeat superior because John Does, at all relevant times, acted within the course and scope of their employment for CSX Transportation, Inc.  At the time of the incident, Defendants John Does was operating the train in the course and scope of his employment and/or agency for Defendant CSX Transportation, Inc.  Defendant CSX Transportation, Inc. intentionally granted Defendants John Does the authority to act on behalf of CSX Transportation, Inc.  The relevant acts of Defendants John Does were performed while in the employment of CSX Transportation, Inc., to further its business, to accomplish the objective for which Defendants John Does were hired, and within the scope of his employment or within the authority delegated to them.  Defendant CSX Transportation, Inc., therefore, is vicariously liable for the negligence of Defendants John Does.

6.3     Defendant CSX Transportation Inc. committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries and the damages of Plaintiff/Intervenor.

6.4.    Defendants, CSX Transportation Inc. and John Does had a duty to exercise a high degree of care and breached that duty by acts of negligence that include, but are not limited to: failure to operate the train at a speed that allowed the train in time to avoid collision for the existing conditions; failure to keep a proper lookout; failure to inspect, report, repair unsafe conditions at the crossing; and failure to brake, slow, or stop in a reasonable manner.

6.5     The negligence of Defendants CSX Transportation Inc. and John Does on the occasion in question was a proximate cause of the occurrence in question and the injuries and the damages of Plaintiff/Intervenor.

6.6     CSX Transportation had a duty to maintain the subject railroad crossing

8

where the incident occurred, including the duty to maintain the condition of the roadway traversing the crossing and its grade. CSX Transportation owed a duty to the driving public to act reasonably when maintaining the subject railroad crossing, to ensure that the crossing was not ultra hazardous or so dangerous that persons using ordinary care could not pass over it safely. It also had a duty to act reasonably to adequately warn the driving public of the existence of any ultra hazardous conditions in the crossing. CSX Transportation failed to act reasonably, because, at the time of the subject collision, the railroad failed to prevent the ultra hazardous conditions.

6.7.    CSX Transportation's acts and omissions proximately caused the subject train/vehicle collision and Plaintiff's/Intervenor's damages.

## VII.
## COMPENSATORY DAMAGES

7.1    As a result of the injuries, Plaintiff/Intervenor Gladys Jane Frank, seeks compensatory damages from the defendants arising from the injuries s h e suffered to the degree of care, mental anguish, and any pecuniary damages all of which were sustained in the past and in reasonable probability will be sustained in the future, in an amount far in excess of $75,000.

## VIII.
## PRE-JUDGMENT AND POST-JUDGMENT
## INTEREST

8.1    Plaintiff/Intervenor seek pre-judgment and post-judgment interest as provided by law.

## IX.
## RESERVATION OF RIGHTS

9.1 Plaintiff and Intervenor reserve the right to prove the amount of damages

9

at trial. Plaintiff/Intervenor reserve the right to amend their petition and add additional counts and/or parties as discovery continues.

## X.
## CONDITIONS PRECEDENT

10.1 All conditions precedent to Plaintiff's/Intervenor's right to recover and Defendants' liability have been performed or have occurred.

## XI.
## JURY DEMAND

11.1    Plaintiff request a trial by jury.

## XII.
## REQUESTS FOR DISCLOSURE

12.1 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are to disclose, within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Intervenor pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff/Intervenor recover judgment of and from Defendants for their damages, in such amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff/Intervenor may show themselves to be entitled, whether at law or in equity.

Dated March 31st 2017.

Respectfully submitted,

By: /s/Mikal C. Watts
    MIKAL C. WATTS
    State Bar No. 20981820

FRANCISCO GUERRA, IV.
State Bar No. 00796684
PAIGE BOLDT
State Bar No. 24082626
WATTS GUERRA LLP

4 Dominion Dr.
Building 3, Suite 100
San Antonio, Texas 78257
Telephone: (210) 447-0500
Facsimile: (210) 447-0501
Email: mcwatts@wattsguerra.com
     fguerra@wattsguerra.com
     pboldt@wattsguerra.com

LISA BLUE
State Bar No. 02510500
BARON & BLUE
25 Highland Park Village
Suite 100-772
Dallas, Texas 75205
Telephone:  (214) 969-7373
Facsimile:  (214) 969-7648
Email:  lblue@baronandblue.com

**ATTORNEYS FOR
PLAINTIFF/INTERVENOR**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of March 2017, a true and correct copy of the above and foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/Mikal C. Watts*
MIKAL C. WATTS

10

Broadus A. Spivey
LAW OFFICES OF BROADUS A. SPIVEY
3303 Northland Dr., Ste. 205
Austin, TX 78731
*Via Email: bas@spivey-law.com*

Joe Turner
JOSEPH A. TURNER, PC
1504 West Avenue
Austin, TX 78701
*Via Email: joeturnerpc@gmail.com*

**ATTORNEYS FOR PLAINTIFF/INTERVENOR**
**MELISSA MESSERLY**

W. Mark Lanier
Lawrence P. Wilson
THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069
*Via Email: larry.wilson@lanierlawfirm.com*

Gregory J. Alexander
ALEXANDER LAW FIRM
8866 Gulf Freeway Suite 520
Houston, TX 77017
*Via Email:*
*greg.alexander@injuryattorney.com*

**ATTORNEYS FOR PLAINTIFF/INTERVENOR**
**KIMBERLY KAY CHAPMAN**

Robert Haslam
HASLAM & GALLAGHER
555 South Summit Avenue
Ft. Worth, TX 76104
*Via Email: Robert@hg555.com*

Coby L. Wooten
LAW OFFICE OF COBY L. WOOTEN, P.C.
1301 Ballinger Street, Suite 100
Ft. Worth, TX 76102
*Via Email: coby@cobywootenlaw.com*

**ATTORNEYS FOR PLAINTIFF/INTERVENOR**
**ANNIE MAY HAVRAN**

Mitchell A. Toups
WELLER, GREEN, TOUPS & TERRELL, LLP
P.O. Box 350
Beaumont, TX 77704
*Via Email: matoups@wgttlaw.com*

Gregory K. Evans
LAW OFFICES OF GREGORY K. EVANS
3900 Essex, Suite 690
Houston, TX 77027
*Via Email: greg@gevanslaw.com*

Peter Malouf
THE LAW OFFICE OF PETER G. MALOUF
P.O. Box 12745
Dallas, TX 75225
*Via Email: pm@pmalouflaw.com*

**ATTORNEYS FOR PLAINTIFF DARWYN**
**AND MARIE HANNA**

Anthony G. Buzbee
Christopher J. Leavitt
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, TX 77002
*Via Email: tbuzbee@txattorneys.com*
*cleavitt@txattorneys.com*

**ATTORNEYS FOR  PLAINTIFFS/INTERVENORS**
**TIM ORR, ET AL**

John W. Proctor
Brown, Dean, Proctor & Howell, LLP
306 West 7th Street, Suite 200
Ft. Worth, TX 76102
*Via Email: jproctor@browndean.com*

**ATTORNEYS FOR DEFENDANT CSX**
**TRANSPORTATION, INC.**

10

Jeffrey R. Ross
ROSS BARNES LLP
801 E. Campbell Road, Suite 390
Richardson, TX 75081
Via Email:  jross@rossbarneslaw.com

**ATTORNEY FOR DEFENDANT DIAMOND
TOURS, INC.**

10

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND and SEAL of said Court, at office
in Dallas, Texas, this _____ day of ___Apr___, A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy

FILED
DALLAS COUNTY
3/31/2017 4:26:29 PM
FELICIA PITRE
DISTRICT CLERK

NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, ET AL., *Plaintiffs,* | § § § § § | IN THE DISTRICT COURT OF |
| MELISSA MESSERLY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH HOFFMAN, DECEASED, *Plaintiff / Intervenor,* | § § § § § § | |
| KIMBERLY KAY CHAPMAN, *Plaintiff / Intervenor,* | § § § | |
| AUBREY O. LANDRUM, INDIVIDUALLY, ET AL., *Plaintiffs / Intervenors,* | § § § | DALLAS COUNTY, TEXAS |
| ANNIE MAY HAVRAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, ET AL., *Plaintiffs / Intervenors,* | § § § § § § | |
| TIM ORR, ET AL., *Plaintiffs / Intervenors,* | § § § | |
| vs. | § § | |
| ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION; TBL GROUP INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC., LOUIS AMBROSE, JR., ABC COMPANIES, INC., AND JOHN DOES, *Defendants.* | § § § § § § § | 44TH JUDICIAL DISTRICT |

## DEFENDANT CSX TRANSPORTATION, INC.'S OBJECTION TO PLAINTIFFS' MOTION TO CONSOLIDATE SUBJECT TO AND WITHOUT WAIVING ITS SPECIAL APPEARANCE, AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Subject to and without waiving its Special Appearance and motion to dismiss for lack of personal jurisdiction, CSX Transportation, Inc. ("CSXT") hereby objects to Plaintiffs' Motion to Consolidate.

On March 24, 2017, Plaintiffs filed a Motion to Consolidate. Plaintiffs' motion does not mention that CSXT has filed a Special Appearance in which it moved for dismissal based on lack

of personal jurisdiction.  CSXT respectfully asserts that the personal jurisdiction issues must necessarily be addressed before any other motion may be heard and before this case may proceed on the merits and hereby requests a hearing on its Special Appearance.

Accordingly, subject to and without waiving its Special Appearance and motion to dismiss for lack of personal jurisdiction, CSXT objects to consolidation and objects a hearing being conducted on the issue of consolidation prior to a hearing and on the Rule 120a motions. Rule 120a Texas Rules of Civil Procedure subpart B. provides that "Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard."  Accordingly, CSXT respectfully requests that the Court not grant any hearing or conference other than to focus on setting the special appearances for hearing, establishing a schedule for completion of jurisdictional discovery, if any, and establishing a briefing schedule for the motions to dismiss so that the jurisdictional matters may be resolved before proceeding on the merits of this matter.  After that determination has been made, and if it is still necessary, the Court may take up Plaintiffs Motion to Consolidate.

<div align="center">Respectfully submitted,</div>

By: _/s/ John W. Proctor_____
    John W. Proctor
    State Bar No. 16347300
    jproctor@browndean.com
    BROWN, DEAN, PROCTOR, & HOWELL, L.L.P.
    306 West 7th Street, Suite 200
    Fort Worth, Texas 76102
    Phone: (817) 332-1391
    Fax: (817) 870-2427

ATTORNEYS FOR DEFENDANT
CSX TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon all known counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on March 31, 2017.

*/s/ John W. Proctor*
John W. Proctor

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER my hand and seal of said Court, at office
in Dallas, Texas, this ___10___ day of ___April___, A.D., ___2017___.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

FILED
DALLAS COUNTY
3/29/2017 2:34:29 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, *Plaintiffs,* | § § § § § § § § | IN THE DISTRICT COURT OF |
| AND | § § | |
| MELISSA MESSERLY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH HOFFMAN, DECEASED, *Plaintiff / Intervenor,* | § § § § § | DALLAS COUNTY, TEXAS |
| AND | § § | |
| KIMBERLY KAY CHAPMAN, *Plaintiff / Intervenor,* | § § § | |
| vs. | § § § | |
| ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION; TBL GROUP INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC., AND JOHN DOE, *Defendants.* | § § § § § § | |
| | | 44TH JUDICIAL DISTRICT |

## DEFENDANT CSX TRANSPORTATION INC.'S SPECIAL APPEARANCE AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

CSX Transportation, Inc. ("CSXT"), non-resident defendant named in the above-styled case, files this Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction, verified by the attached Affidavit of Nathan Goldman, pursuant to Rule 120a of the Texas Rules of Civil Procedure requesting this Court to dismiss all of the claims asserted by Plaintiffs Dee Voigt, Individually and as Representative of the Estate of Peggy Hoffman, Deceased, and on

1

Behalf of All Those Entitled to Recover for the Death of Peggy Hoffman, Deceased, under the

Texas Wrongful Death Act ("Plaintiffs"), and by Plaintiff/Intervenor Melissa Messerly,

Individually and as Representative of the Estate of Kenneth Hoffman, Deceased, and Kimberly

Kay Chapman (collectively, "Intervenors"), because CSXT is not subject to personal jurisdiction

in the State of Texas.  This Special Appearance is made to the entire proceeding and is being

filed prior to any other motion, plea or pleading.

## I.
## SUMMARY

CSXT is not subject to personal jurisdiction—specific or general—in the State of Texas.

Absent exceptional circumstances, a corporation is only subject to general personal jurisdiction

in its state of incorporation (CSXT is incorporated in Virginia) or where it has its principal place

of business (Florida).  Those exceptional circumstances do not exist here.  Additionally, this

Court cannot exercise specific jurisdiction over CSXT in this case, because Plaintiffs' and

Intervenors' alleged claims do not arise out of or relate to any existing contacts of CSXT with

the state of Texas.  Furthermore, forcing CSXT into a Texas court clearly offends traditional

notions of fair play and substantial justice because of the obvious burdens CSXT would face

when forced to defend itself in Texas for actions clearly related to Mississippi.  For all these

reasons, CSXT makes this Special Appearance to the entire proceeding, objecting that the Court

lacks jurisdiction over it and requesting the issuance of an order dismissing CSXT with prejudice

from the litigation of this matter.  CSXT respectfully requests a hearing before this Court on its

Special Appearance.

## II.
## BACKGROUND AND RELEVANT FACTS

Upon information and belief, Plaintiffs filed suit against CSXT in state court in Dallas

County, Texas, relating to a grade crossing collision between a train and a bus that occurred on

March 7, 2017, in Biloxi, Mississippi. *See* Plaintiffs' Original Petition at ¶ 4.1. Plaintiffs allege

that Defendants including CSXT are at fault for the underlying accident and that CSXT's and

others' alleged negligence proximately caused Plaintiffs' alleged injuries. *See id.* at ¶¶ 5.1–6.2.

Upon information and belief, Intervenors Melissa Messerly and Kimberly Kay Chapman

subsequently filed petitions to intervene joining in Plaintiffs' allegations.[1]  *See* Intervenor's

Original Petition in Intervention; Petition in Intervention.  However, Plaintiffs' Petition and

Intervenors' Petitions, respectively, are devoid of any facts that would support exercising

jurisdiction over CSXT in Texas. *See generally* Plaintiffs' Original Petition; Intervenor's

Original Petition in Intervention; Petition in Intervention.  In fact, Plaintiffs' Petition and

Intervenors' Petitions contain no factual allegations that CSXT took any actions whatsoever in

Texas relating to the underlying accident. *Id.*

        CSXT is a corporation organized under the laws of Virginia, with its principal place of

business in Jacksonville, Florida.  *See* <u>Exhibit A</u> at ¶¶ 3–4, Affidavit of Nathan Goldman.

Furthermore, CSXT has no real property in Texas; does not own, operate, or maintain rail lines

in Texas; and has only approximately five (5) out of its 23,500 employees working in Texas. *Id.*

at ¶¶ 5–7.

### III.
### ARGUMENT AND AUTHORITY

**A.**    <u>**Requirements for the Exercise of Personal Jurisdiction.**</u>

        Personal jurisdiction is a prerequisite to case disposition and the issuance of any binding

judgment. *See CRS Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).  The existence of personal

jurisdiction is a question of law. *Preussag Aktiengensellschaft v. Coleman*, 16 S.W.3d 110,

113 (Tex. App.—Houston [1st Dist.] 2000, pet. dism'd w.o.j.).  A Texas court may exercise

---

[1]      To date, CSXT has not been served with either petition filed by Intervenors.

personal jurisdiction over a non-resident defendant if (1) jurisdiction is authorized by the Texas long-arm statute and (2) the exercise of jurisdiction is consistent with federal and state due process standards. *See Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex. 1991); *Transportacion Especial Autorizada, S.A. v. Seguros Comercial America, S.A.,* 978 S.W.2d 716, 719 (Tex. App.—Austin 1998, no pet.). The Texas long-arm statute grants Texas courts jurisdiction to the full extent permitted by the United States Constitution. *See Guardian Royal,* 815 S.W.2d at 226. Thus, the only limitations on Texas courts in asserting personal jurisdiction over a non-resident defendant are those imposed by the Due Process Clause of the Fourteenth Amendment.

When analyzing the due process aspect of personal jurisdiction there are two issues that must be examined: (1) whether the nonresident defendant purposely has established "minimum contacts" with the forum state and (2) whether the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Guardian Royal Exch.,* 815 S.W.2d at 226. A court's exercise of personal jurisdiction over a nonresident defendant is constitutional only as long as these two requirements are met. *Id.* Although the jurisdiction of Texas courts is always dependent on the defendant's having some minimum contacts with Texas, the requisite extent of those contacts varies depending on the type of *in personam* jurisdiction sought to be imposed. Thus, the United States Supreme Court has refined the minimum contacts analysis into specific and general jurisdiction. *See Guardian Royal,* 815 S.W.2d at 227 *(citing Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–17 (1984)).

General jurisdiction is "all-purpose jurisdiction" where the defendant can be sued in the forum state regardless of whether the plaintiff's cause of action relates to the defendant's contacts with the forum. *Daimler AG v. Bauman,* 134 S. Ct. 746, 754 (2014). Specific

jurisdiction, on the other hand, allows jurisdiction only over claims that arise out of or relate to a defendant's contacts with the forum state. *See id.* For the reasons discussed herein, CSXT does not have sufficient minimum contacts with Texas to support either general or specific jurisdiction.

**B.      CSXT is Not Subject to General Jurisdiction in Texas.**

The Court may only exercise general jurisdiction over a non-resident defendant when the defendant's "affiliations with the [forum] State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The Supreme Court has emphasized "that only a limited set of affiliations with a forum will render a defendant amendable to all-purpose jurisdiction there." *Daimler AG*, 134 S. Ct. at 760. For corporations, "*the place of incorporation and place of business are [the] paradigm bases for general jurisdiction.*" *Id.* (quotation omitted) (emphasis added). *See generally id.* at 761–62 & n. 20.

The Supreme Court's opinion in *Daimler* illustrates how pervasive a defendant's contacts with the forum must be to render it subject to general personal jurisdiction. In *Daimler*, the defendant's subsidiary conducted substantial business in the forum state and maintained a regional headquarters there. *See id.* at 763 (Sotomayor, J., concurring in the judgment). For purposes of its opinion, the Supreme Court assumed the subsidiary's contacts were attributable to the defendant. *See id.* at 760 (Ginsburg, J., majority opinion). The plaintiffs argued that the subsidiary's contacts were enough to establish general jurisdiction because the defendant, through its subsidiary, had engaged in a "substantial, continuous, and systematic course of business" in the forum state. *See id.* at 761 (internal quotation omitted). The Supreme Court disagreed, however, and found the plaintiff's view of general jurisdiction "unacceptably grasping." *Id.*

The Court explained that even substantial business activity in the forum is not enough to render a defendant "at home" in the forum state. Instead, a defendant's contacts with the forum must make up a substantial percentage of the defendant's aggregate contacts with every jurisdiction. *See generally id.* at 762, n. 20 ("General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide."). Otherwise, a defendant that engages in substantial business activity in multiple jurisdictions would be deemed at home in all of them, a result the Court rejected outright. *See id.* ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Accordingly, a defendant is only subject to general jurisdiction in a forum with which its contacts are uniquely prevalent and where the corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 761. As the Supreme Court of Texas recently reiterated, under *Daimler* and its progeny: "Courts do not have general jurisdiction over corporate defendants that are neither incorporated in the forum state nor have their principal place of business there, absent some relatively substantial contacts with the forum state." *Searcy v. Parex Resources, Inc.*, 496 S.W.3d 58, 72 (Tex. 2016).

Against this backdrop, CSXT cannot be subject to general personal jurisdiction in Texas. As a matter of fact, CSXT is not incorporated in Texas, but in Virginia, and does not have its principal place of business in Texas, but in Jacksonville, Florida. Exhibit A at ¶¶ 3–4. CSXT also lacks other traditional contacts with Texas which may afford this Court some basis for even considering personal jurisdiction, such as ownership of real property or the existence of a relatively significant number of employees in Texas. *Id.* at ¶¶ 5–7. In any event, there has been no attempt at a showing by Plaintiffs or Intervenors that CSXT has such relatively substantial contacts with Texas to support general jurisdiction.

Based on the facts, CSXT clearly does not maintain uniquely prevalent contacts with Texas which are so continuous and systematic as to render it "essentially at home" in Texas. For these reasons, CSXT is not subject to general personal jurisdiction in Texas, and Plaintiffs' Petition against CSXT, and Intervenors' respective Petitions, must be dismissed.

**C.**     **CSXT Cannot Be Subject to Specific Jurisdiction in Texas.**

To establish specific jurisdiction, Plaintiffs and Intervenors must show that CSXT deliberately engaged in significant business activities within Texas such that it should reasonably anticipate being hailed to court here. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75 (1985). Specific jurisdiction only attaches if the litigation results from alleged injuries that arise out of or relate to a defendant's alleged contacts with the forum. *Daimler*, 134 S. Ct. at 754. The focus of this inquiry is whether the defendant's conduct connects it substantially to the forum state—"the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

Neither Plaintiffs nor Intervenors have pled a sufficient jurisdictional basis for maintaining this action against CSXT in Texas. "Specific jurisdiction . . . does not exist where the defendant's contacts with the forum state are not substantially connected to the alleged operative facts of the case." *Searcy*, 496 S.W.3d at 70. Plaintiffs and Intervenors have not alleged that CSXT took any actions that would subject it to specific jurisdiction in Texas. On the other hand, Plaintiffs' and Intervenors' alleged claims involving a grade crossing accident occurring in Biloxi, Mississippi, do not arise out of or relate to any of CSXT's contacts with Texas. Plaintiffs and Intervenors are the only link to this jurisdiction. For these reasons, Plaintiffs and Intervenors cannot make the required showing for the Court to exercise specific jurisdiction over CSXT in Texas.

**D.      The Exercise of Jurisdiction Would Be Unconstitutional.**

This Court's exercise of jurisdiction over CSXT also offends traditional notions of fair play and substantial justice, and is inconsistent with the constitutional requirements of due process.  As Supreme Court of Texas has likewise noted:

> [W]hether a trial court's exercise of jurisdiction is consistent with due process requirements turns on two requirements: (1) the defendant must have established minimum contacts with the forum state; and (2) the assertion of jurisdiction cannot offend traditional notions of fair play and substantial justice.

*Searcy*, 496 S.W.3d at 66.

Importantly, the exercise of jurisdiction over CSXT offends due process requirements because Plaintiffs failed to allege any jurisdictional facts which support hauling CSXT into a Texas court.  Second, it would be extremely burdensome and unfair to force CSXT to come to Texas to defend itself in an action which has no connection with any activities conducted in Texas.  Third, it would be unfair to force CSXT to litigate in Texas when most of the documentation and potential witnesses are located outside of the state.  Fourth, this case does not implicate substantive social policies that justify its adjudication in Texas.  Finally, Texas could presumably have, at most, a *limited* interest in adjudicating a dispute against CSXT which arises from (1) a foreign entity, (2) whose alleged contacts occurred outside the state of Texas, and (3) relate to an incident outside the state of Texas.

Accordingly, the exercise of jurisdiction over CSXT is not consistent with due process and does not comport with traditional notions of fair play and substantial justice.  Therefore, CSXT respectfully requests a hearing, and this Court should sustain CSXT's Special Appearance and dismiss Plaintiffs' and Intervenors' claims against CSXT.

# IV.
## CONCLUSION

CSXT is not subject to personal jurisdiction in Texas.  Because this Court cannot exercise personal jurisdiction over CSXT, CSXT enters this Special Appearance, requests the Court to grant same, and requests an order dismissing Plaintiffs' causes of action against it and granting CSXT such other and further relief to which it may be entitled.  CSXT respectfully requests a hearing before this Court on its Special Appearance.

<div align="center">

Respectfully submitted,

</div>

By:   /s/ John W. Proctor
John W. Proctor
State Bar No. 16347300
jproctor@browndean.com
BROWN, DEAN, PROCTOR, & HOWELL, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas 76102
Phone:  (817) 332-1391
Fax:  (817) 870-2427

ATTORNEYS FOR DEFENDANT
CSX TRANSPORTATION, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon all known counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on March 29, 2017.

/s/ John W. Proctor
John W. Proctor

CAUSE NO. DC-17-02842

| | |
|---|---|
| DEE VOIGT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, )<br>    *Plaintiffs*, | IN THE DISTRICT COURT OF |
| AND | |
| MELISSA MESSERLY, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF KENNETH HOFFMAN, DECEASED,<br>    *Plaintiff/Intervenor*, | DALLAS COUNTY, TEXAS |
| AND | |
| KIMBERLY KAY CHAPMAN,<br>    *Plaintiff/Intervenor*<br>v. | |
| ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION; TLB GROUP, INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC.; AND JOHN DOE,<br>    *Defendants*. | 44TH JUDICIAL DISTRICT |

**AFFIDAVIT OF NATHAN GOLDMAN IN SUPPORT OF AND VERIFYING DEFENDANT CSX TRANSPORTATION INC.'S SPECIAL APPEARANCE**

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | |
| | ) | ss: |
| COUNTY OF DUVAL | ) | |

BEFORE ME, the undersigned authority, on this day personally appeared Nathan Goldman, who under oath stated as follows:

1

# EXHIBIT A

1.    My name is Nathan Goldman.  I am over eighteen (18) years of age and am legally competent to make this Affidavit, which is true and correct, is based on my personal knowledge, and is made voluntarily and not under duress.

2.    I am the Vice President of Risk and Compliance, and General Counsel for CSX Transportation, Inc., a named defendant in the above-styled and numbered lawsuit.

3.    CSX Transportation, Inc. is a corporation organized under the laws of Virginia.

4.    CSX Transportation, Inc. has its principal place of business in Jacksonville, Florida.

5.    CSX Transportation, Inc. owns no real property in the state of Texas.

6.    CSX Transportation, Inc. does not own, operate, or maintain any rail lines in the state of Texas.

7.    CSX Transportation, Inc. employs approximately 23,500 employees throughout twenty-seven (27) states.  CSX Transportation, Inc. has approximately five (5) employees working in the state of Texas.

8.    In addition to the facts contained in this Affidavit, the facts set out in CSX Transportation, Inc.'s Special Appearance are also true and correct.

2

FURTHER AFFIANT SAYETH NOT.

Nathan Goldman

SWORN AND SUBSCRIBED TO before me on this the 29th day of March, 2017.

JoAnn S. Rinehart
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF246329
Expires 7/1/2019

Notary Public

My commission expires:    07-01-2019

3

**12**

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _April_, A.D., _2017_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

FILED
DALLAS COUNTY
3/31/2017 4:05:32 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02842

| | | |
|---|---|---|
| DEE VOIGHT, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PEGGY HOFFMAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT | § § § § § § § | IN THE DISTRICT COURT OF |
| V. | § § § | DALLAS COUNTY, TEXAS |
| ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION; TBL GROUP, INC.; DIAMOND TOURS, INC.; CSX TRANSPORTATION, INC. AND JOHN DOE | § § § § § | 44TH JUDICIAL DISTRICT |

## DEFENDANT DIAMOND TOURS, INC.'S ORIGINAL ANSWER

Diamond Tours, Inc., a Defendant in the above-styled and numbered cause, hereby makes this Original Answer, and would respectfully show this Court the following:

### I.

### GENERAL DENIAL

Pursuant to and as permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the material allegations set forth in Plaintiffs' Original Petition and, being allegations of fact, demand that Plaintiffs be required to prove such allegations by a preponderance of the credible evidence or to a greater standard as may be required by law.

### II.

### SPECIAL EXCEPTIONS

1.      Defendant objects and specially excepts to Section V (Negligence) of Plaintiffs' Original Petition for the reason that Plaintiffs have failed to identify any allegedly negligent act or omission by Diamond Tours. As such, the pleadings do not provide any basis for a negligence claim against Diamond Tours and Diamond Tours lacks fair notice of the claims being made against it.

Defendant Diamond Tours, Inc.'s Original Answer – Page 1

Defendant requests that Plaintiffs be required to replead with specificity as to Diamond Tours or that, in the alternative, Plaintiffs claims against Diamond Tours be stricken in their entirety.

2.       More generally, Defendant objects and specially excepts to Plaintiffs' Original Petition in its entirety for the reason that Plaintiffs have failed to identify any wrongful act, neglect, carelessness, unskillfulness, or default on the part of Diamond Tours to support liability against it. As such, the pleadings do not provide any basis for the inclusion of Diamond Tours as a Defendant in this lawsuit and Diamond Tours lacks fair notice of the basis for its inclusion as a party in this lawsuit. Defendant requests that Plaintiffs be required to replead with specificity as to Diamond Tours or that, in the alternative, Plaintiffs claims against Diamond Tours be stricken in their entirety.

## III.

### DEMAND FOR JURY TRIAL & LEVEL 3 SCHEDULING ORDER

Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Defendant requests a jury trial of this matter. Discovery in this case should be conducted under Level 3.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that its special exceptions be sustained and that Plaintiffs be required to replead or that Plaintiffs' allegations against Diamond Tours be stricken. Praying further, Defendant prays that Plaintiffs take nothing from Diamond Tours by this suit; and that Defendant go hence without delay and recover all costs expended in Defendant's behalf. Praying further, Defendant prays for such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

ROSS BARNES LLP

By:     /s/ Jeffrey R. Ross
        Jeffrey R. Ross
        State Bar No. 24041823
        jross@rossbarneslaw.com
        801 E. Campbell Road, Suite 390
        Richardson, TX 75081
        (214) 420-2300
        (214) 420-2299 (facsimile)

        ATTORNEY FOR DEFENDANT DIAMOND
        TOURS, INC.


## CERTIFICATE OF SERVICE

I do hereby certify that on March 31, 2017, a true and correct copy of the above and foregoing document has been forwarded electronically via the Court's electronic filing system to counsel for all parties who have appeared in this action.

        /s/ Jeffrey R. Ross
        Jeffrey R. Ross

STATE OF TEXAS         }
COUNTY OF DALLAS    }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this ___10___ day of __April__, A.D., _2017_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy

FILED
DALLAS COUNTY
3/16/2017 4:23:59 PM
FELICIA PITRE
DISTRICT CLERK

FORM NO. 353-3 - CITATION

THE STATE OF TEXAS

To: DIAMOND TOURS, INC.
BY SERVING ITS REGISTERED AGENT, E. MURRAY MOORE JR.
215 S. MONROE STREET, SUITE 200
TALLAHASSEE, FL 32302

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the 44th District Court at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being DEE VOIGT, ET AL

Filed in said Court 8th day of March, 2017 against

ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION

For Suit, said suit being numbered DC-17-02842-B, the nature of which demand is as follows:
Suit on MOTOR VEHICLE ACCIDENT etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas County, Texas

By_____ Deputy
SPRING MCKINLEY

ATTY
CITATION

DC-17-02842-B

DEE VOIGT, et al
vs.
ECHO TOURS AND CHARTERS, LP
et al

ISSUED THIS
10th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRING MCKINLEY, Deputy

Attorney for Plaintiff
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS 78257
210-447-0500

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Dallas**                    **44th District Court**

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 1:44 pm to be served on **Diamond Tours, Inc. by delivering to E. Murray Moore, Jr., Registered Agent, 215 S. Monroe Street, Suite 200, Tallahassee, Leon County, FL 32302**

I, Wyatt Kady, being duly sworn, depose and say that on the **13th day of March, 2017** at **3:00 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiffs' Original Petition** with the date of service endorsed thereon by me, to: **Kameen Lee as Authorized/Legal Clerk** at the address of: **215 S. Monroe Street, Suite 200, Tallahassee, Leon County, FL 32302**, who stated they are authorized to accept service for **Diamond Tours, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ⎵4th⎵ day of
⎵March⎵ ⎵2017⎵ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

_____
**Wyatt Kady**

Our Job Serial Number: ESA-2017000369

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District Courts of Dallas County,
Texas, do hereby certify that the above and foregoing is a true and correct copy of the original instrument now on file in my office and that same as appears on

GIVEN UNDER MY HAND AND SEAL of office this 10th day of April, A.D. 2017

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

    ECHO TRANSPORTATION, INC.
    BY SERVING REGISTERED AGENT ELISA FOX
    801 CHERRY STREET SUITE 2000
    FORT WORTH TX 76102

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **Dee Voigt, Individually and as Representative of the Estate of Peggy Hoffman, Deceased, and on Behalf of all Those Entitled to Recover for the Death of Peggy Hoffman, Deceased, under the**

Filed in said Court **31st day of March, 2017** against

**ECHO TRANSPORTATION, INC., TBL GROUP INC AND CSX TRANSPORTATION INC.**

For Suit, said suit being numbered <u>DC-17-02842,</u> the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
    DENOSHA BOSTON

---

<u>ATTY</u>

**CITATION**

DC-17-02842

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
7th day of April, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
**CHRISTOPHER J. LEAVITT**
**600 TRAVIS STREET SUITE 7300**
**HOUSTON TX 77002**
713-223-5909

**DALLAS COUNTY CONSTABLE**
**FEES**
**PAID**

**FEES NOT**
**PAID**

# OFFICER'S RETURN

Case No. : DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____ _____ _____,

20_____, by delivering to the within named

_____   _____

_____   _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER my hand and seal of said court, at office in Dallas this the 10th day of APRIL A.D., 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

3/14/17
RAS

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION
9314 WEST JEFFERSON BLVD.
DALLAS, TEXAS 75211

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court  **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
SPRINGE MCKINLEY

---

**ATTY**

**CITATION**

**DC-17-02842-B**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP**
**, et al**

ISSUED THIS
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS  78257
210-447-0500

DALLAS COUNTY CONSTABLE
FEES
PAID          FEES NOT
PAID

# AFFIDAVIT OF SERVICE

State of Texas                    County of Dallas                    44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 1:44 pm to be served on **Echo Tours And Charters, LP d/b/a Echo Transportation, 9314 West Jefferson Blvd, Dallas, Dallas County, TX 75211.**

I, Randy Shelley, being duly sworn, depose and say that on the **14th day of March, 2017 at 1:58 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the alternate address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102,** as authorized to accept delivery for **Echo Tours And Charters, LP d/b/a Echo Transportation,** and informed said person of the contents therein.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _15_ day of
_March_ , _2017_ by the affiant who is
personally known to me.

_Kelli Shotts_
NOTARY PUBLIC

_Randy Shelley_
**Randy Shelley**
SCH-3990  Exp:08/31/2017

Our Job Serial Number: ESA-2017000366

**Kelli Shotts**
Commission Expires
07-11-2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V8.5n

STATE OF TEXAS
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this 10TH day of APRIL, A.D. 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By ______ Deputy

Action No. 3:17-cv-01018

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:** TLB GROUP INC,
BY SERVING ITS REGISTERED AGENT, ELISA FOX
801 CHERRY STREET, UNIT 466
FT. WORTH, TEXAS 76102

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
SPRINGE MCKINLEY

---

**ATTY**

**CITATION**

**DC-17-02842-B**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP**
**et al**

ISSUED THIS
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS 78257
210-447-0500

---

**DALLAS COUNTY CONSTABLE**

**FEES PAID** **FEES NOT PAID**

# AFFIDAVIT OF SERVICE

| State of Texas | County of Dallas | 44th District Court |
|---|---|---|

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 1:44 pm to be served on **TBL Group Inc. by delivering to Elisa Fox, Registered Agent, 801 Cherry Street, Unit 46, Fort Worth, Tarrant County, TX 76102**

I, Randy Shelley, being duly sworn, depose and say that on the **14th day of March, 2017 at 1:58 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Elisa Fox** as Registered Agent at the address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102**, who stated they are authorized to accept service for **TBL Group Inc.**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the _15_ day of
_March_, _2017_ by the affiant who is
personally known to me.

_Kelli Shotts_
NOTARY PUBLIC

_Randy a Shelley_
**Randy Shelley**
SCH-3990 Exp. 08/31/2017

Our Job Serial Number: ESA-2017000367

Kelli Shotts
Commission Expires
07-11-2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District Courts of Dallas County,
Texas, do hereby certify that the foregoing is a true and correct copy
to be a true and correct copy of the original as the same appears of
record in the District Clerk's office of Dallas County, Texas as the same appears on

GIVEN under my hand and seal of office this 10TH day of APRIL A.D., 2017
in Dallas, Texas.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    **CSX TRANSPORTATIO, INC.**
**BY SERVING ITS REGISTERED AGENT, ELISA FOX**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT, ET AL**

Filed in said Court **8th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION**

For Suit, said suit being numbered **DC-17-02842-B,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the seal of said Court at office this 10th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By: _____, Deputy
    SPRINGE MCKINLEY

---

**ATTY**

**CITATION**

**DC-17-02842-B**

**DEE VOIGT, et al**
vs.
**ECHO TOURS AND CHARTERS, LP**
et al

ISSUED THIS
**10th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: SPRINGE MCKINLEY, Deputy

**Attorney for Plaintiff**
MIKAL WATTS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO, TEXAS 78257
210-447-0500



DALLAS COUNTY CONSTABLE
FEES PAID    FEES NOT PAID

## AFFIDAVIT OF SERVICE

State of Texas                    County of Dallas                    44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 13th day of March, 2017 at 12:00 pm to be served on **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201.**

I, Randy Shelley, being duly sworn, depose and say that on the **13th day of March, 2017 at 12:30 pm, I:**

delivered to **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent**, a true copy of the **Citation - Plaintiff's Original Petition** with the date of service endorsed thereon by me, to: **Terri Thongsavat, who is authorized to accept service for CT Corporation System,** at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the __14__ day of
__March__ , __2017__ by the affiant who is
personally known to me.

_Kelli Shotts_
NOTARY PUBLIC

_Randa Shelley_
**Randy Shelley**
SCH-3990  Exp:08/31/2017

Our Job Serial Number: ESA-2017000368


**Kelli Shotts**
Commission Expires
07-11-2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in this office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _____ A.D. _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

Action No. 3:17-cv-01018

Marissa Pittman

FILED
DALLAS COUNTY
4/10/2017 12:36:57 PM
FELICIA PITRE
DISTRICT CLERK

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:
    LOUIS AMBROSE JR
    2109 JOYNER RANCH RD
    FORT WORTH TX 00000

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

---

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

---



DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

## AFFIDAVIT OF SERVICE

State of Texas                    County of Dallas                    44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**

vs.

Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Louis Ambrose Jr., 2109 Joyner Ranch Rd, Forth Worth, TX 76134.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 2:20 pm, I:**

**Personally** delivered a true copy of the **Citation - Plaintiffs' First Amended Petition** to: **Louis Ambrose Jr.** at the address of: **2109 Joyner Ranch Rd, Forth Worth, Tarrant County, TX 76134**, pursuant to state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ⎯Z⎯ day of
⎯⎯⎯⎯, 2017 by the affiant who is
personally known to me

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
NOTARY PUBLIC

Carlos Barrera
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000453

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this _10_ day of _April_, A.D., _2017_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

CAUSE NO. DC-17-02842-B

| | | |
|---|---|---|
| DEE VOIGT, Individually and as Representative of the Estate of PEGGY HOFFMAN, Deceased, and On Behalf Of All Those Entitled to Recover for the Death of PEGGY HOFFMAN, Deceased, under the Texas Wrongful Death Act; | § § § § § § § | IN THE DISTRICT COURT |
| MELISSA MESSERLY, Individually and as Representative of the Estate of KENNETH HOFFMAN, Deceased, | § § § § | |
| AUBREY O. LANDRUM, Individually and KAREN O. LANDRUM, Individually, | § § § § | |
| GLADYS JANE FRANK, | § § | |
| ANNIE MAY HAVRAN, INDIVIDUALLY, AND AS REPRESENATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CLINTON LOUIS HAVRAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, and | § § § § § § § § § § § § | |
| KIMBERLY KAY CHAPMAN, | § § § | |
| Plaintiffs/Intervenors, | § § | |
| v. | § § | 44th JUDICIAL DISTRICT |
| ECHO TOURS AND CHARTERS, LP d/b/a ECHO TRANSPORTATION; TLB GROUP, INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC., LOUIS AMBROSE, JR. and JOHN DOES, | § § § § § § § § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

**DEFENDANT TBL GROUP, INC.'S VERIFIED ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **TBL GROUP, INC. ("TBL")**, a Defendant named in the above entitled and numbered cause, and files this its Verified Original Answer to Plaintiffs' First Amended Petition, Intervenor Melissa Messerly's Petition in Intervention, Intervenors Aubrey O. Landrum and Karen O. Landrum's Petition in Intervention, Intervenor Gladys Jane Frank's Petition in Intervention, and Intervenor Annie May Havran's Petition in Intervention, and for same would respectfully show as follows:

## I.
## GENERAL DENIAL

Defendant TBL denies each and every, all and singular, the material allegations contained within Plaintiffs and Intervenors' pleadings and demands strict proof thereof.

## II.
## IMPROPER PARTY

Defendant TBL affirmatively pleads that Defendant TBL lacks the capacity to be sued or held liable for the damages claimed. Plaintiffs and Intervenors have made allegations against TBL solely as the parent corporation of Defendant Echo Tours and Charters, L.P. but, in Texas, a parent corporation is not liable for the acts of its subsidiaries absent special circumstances not present here. Moreover, Defendant Echo Tours and Charters, L.P. is a licensed federal motor carrier, Defendant TBL asserts that the duties that the Plaintiffs/Intervenors are seeking to impose upon this Defendant are statutory, non-delegable duties applicable, if relevant, only to Defendant Echo Tours and Charters, L.P. as a matter of law. No other Echo-affiliated entity is a proper party to this case.

## III.
## SECTION 18.091

Defendant TBL invokes Section 18.091 of the Texas Civil Practice and Remedies Code.

To the extent Plaintiffs/Intervenors seek recovery for loss of earnings, loss of earning capacity,

loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss

must be presented in the form of net loss after reduction of income tax payments or unpaid tax

liability.   Defendant TBL further requests the court to instruct the jury as to whether any

recovery for compensatory damages sought by Plaintiffs/Intervenors is subject to federal or state

income taxes.

## IV.
## SECTION 41.0105

Defendant TBL invokes Section 41.0105 of the Texas Civil Practice and Remedies Code.

To the extent Plaintiffs/Intervenors seek recovery of medical or healthcare expenses incurred, the

evidence to prove such loss must be limited to the amount actually paid or incurred by or on

behalf of Plaintiffs/Intervenors.   Defendant TBL further requests the court to instruct the jury as

to whether any recovery for medical or healthcare expenses sought by Plaintiffs/Intervenors is

limited to the amount actually paid or incurred by or on behalf of Plaintiffs/Intervenors.

## V.
## ADDITIONAL AFFIRMATIVE DEFENSES

Further answering, if same be necessary, and without waiving any of the matters

hereinabove asserted, Defendant TBL pleads as follows:

1.     Defendant TBL affirmatively pleads that there may be a defect in parties.

Specifically, Plaintiffs/Intervenors have failed to join the City of Biloxi, Mississippi and the

Mississippi Department of Transportation, who may be necessary and indispensable parties

pursuant to TEX. R. CIV. P. 39(a).  To the extent that the City of Biloxi and the Mississippi Department of Transportation cannot be made parties to this suit and they are necessary and indispensable parties, then this action should be dismissed pursuant to TEX. R. CIV. P. 39(b).  Similarly, Defendant CSX Transportation, Inc. is also a necessary and indispensable party that has indicated its intent to assert jurisdictional defenses herein.  To the extent that Defendant CSX Transportation, Inc. cannot be made a party to this suit, then this action should be dismissed pursuant to TEX. R. CIV. P. 39(b) for that reason as well.

2.     Defendant TBL pleads further that the Voight Plaintiffs may lack standing to bring claims on behalf of the Estate of Peggy Hoffman and may further lack capacity to sue on its behalf.  Additionally, Defendant TBL has not yet seen evidence that the heirs of the Estate of Peggy Hoffman have not been declared by a court of competent jurisdiction.  Plaintiff Dee Voigt may not have standing or capacity to sue on "behalf of all those entitled to recovery for the death of Peggy Hoffman under the Texas Wrongful Death Act [sic]" or even pursuant to the Texas Survival Statute.  The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Dee Voigt does not have the standing to bring on anyone else's behalf.

3.     Defendant TBL pleads further that the Havran Plaintiffs may lack standing to bring claims on behalf of the Estate of Clinton Louis Havran and may further lack capacity to sue on its behalf.  Additionally, Defendant TBL has not yet seen evidence that the heirs of the Estate of Clinton Louis Havran have not been declared by a court of competent jurisdiction.  Plaintiff Annie May Havran may not have standing or capacity to sue on "behalf of all those entitled to recovery for the death of Clinton Louis Havran under the Texas Wrongful Death Act

[sic]" or even pursuant to the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Annie May Havran may not have the standing to bring on anyone else's behalf.

4.     Defendant TBL pleads further that the Messerly Plaintiffs may lack standing to bring claims on behalf of the Estate of Kenneth Hoffman and may further lack capacity to sue on its behalf. Additionally, Defendant TBL has not yet seen evidence that the heirs of the Estate of Kenneth Hoffman have not been declared by a court of competent jurisdiction. Plaintiff Melissa Messerly may not have standing or capacity to sue on behalf of the Estate of Kenneth Hoffman under the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Melissa Messerly may not have the standing to bring on anyone else's behalf.

5.     Pleading further, Defendant TBL asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiffs/Intervenors' damages. Therefore, Defendant TBL asserts all rights, limitations, and defenses available under Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, including its right for the jury to determine comparative and/or proportionate responsibility of all parties, third parties, responsible third parties, and settling persons.

6.     Defendant TBL affirmatively pleads that it is entitled to a credit or set off in the amount of any payment, recovery, or settlement that Plaintiffs/Intervenors have obtained or will obtain from any party to compensate Plaintiffs/Intervenors for the injuries and damages about

which Plaintiffs/Intervenors complain.

7.     Defendant TBL affirmatively pleads that the injuries and damages of which Plaintiffs/Intervenors complain were wholly brought about by a new and independent cause or causes not reasonably foreseeable by Defendant TBL, and therefore, such new and independent cause or causes became the immediate and efficient cause or causes of such alleged injuries and damages such that the acts or omissions of which Plaintiffs/Intervenors complain as to this Defendant TBL were wholly remote and not a cause of any injuries or damages sought to be recovered by Plaintiffs/Intervenors.

## VI.
## JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant TBL demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **TBL GROUP, INC.** prays that Plaintiffs and Intervenors take nothing by this suit, that Defendant TBL go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL A. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**JAMES E. JOHNSON**
State Bar No. 00787773
jjohnson@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 [FAX]

*and*

**DAVID M. PRUESSNER**
State Bar No. 16364500
david@prulaw.com
LAW OFFICE OF DAVID M. PRUESSNER
4111 Joshua Lane
Dallas, Texas 75287
(214) 543-6827
(469) 375-3228

**ATTORNEYS FOR DEFENDANT
TBL GROUP, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served to all known attorneys of record in this cause of action via EfileTexas.gov on the 10th day of April, 2017.

_____
MICHAEL P. SHARP
DANIEL M. KARP
DAVID M. PRUESSNER

## **VERIFICATION**

STATE OF TEXAS       §
                                  §
COUNTY OF DALLAS    §

      BEFORE ME, the undersigned Notary Public, on this day personally appeared MICHAEL P. SHARP, who being by me first duly sworn on his oath, deposed and said that he is duly qualified and authorized in all respects to make this verification; that he is an authorized representative of Defendant TBL Group, Inc.; that he has read the above and foregoing Original Answer and affirmative defenses asserted therein; and that every statement contained therein is within his knowledge and is true and correct.

      **SIGNED** this the 10th day of April, 2017.

 

_____
MICHAEL P. SHARP

      **SUBSCRIBED AND SWORN TO BEFORE ME** by the said on this the 10th day of April, 2017, to certify which witness my hand and seal of office.

 

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

 

_____
(Printed Name of Notary Public)

My Commission Expires:_____

## VERIFICATION

STATE OF TEXAS      §
                          §
COUNTY OF DALLAS    §

         BEFORE ME, the undersigned Notary Public, on this day personally appeared MICHAEL P. SHARP, who being by me first duly sworn on his oath, deposed and said that he is duly qualified and authorized in all respects to make this verification; that he is an authorized representative of Defendant TBL Group, Inc.; that he has read the above and foregoing Original Answer and affirmative defenses asserted therein; and that every statement contained therein is within his knowledge and is true and correct.

         **SIGNED** this the 10th day of April, 2017.



                                     MICHAEL P. SHARP

         **SUBSCRIBED AND SWORN TO BEFORE ME** by the said on this the 10th day of April, 2017, to certify which witness my hand and seal of office.

[Notary seal: PATRICIA ANNE COLLINS / My Commission Expires / June 26, 2018]

                             *Patricia Anne Collins*
                             NOTARY PUBLIC IN AND FOR
                             THE STATE OF TEXAS

*Patricia Anne Collins*
(Printed Name of Notary Public)

My Commission Expires: ___6. 26. 18___

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _April_ A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
4/10/2017 10:04:24 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02842-B

| | |
|---|---|
| DEE VOIGT, Individually and as Representative of the Estate of PEGGY HOFFMAN, Deceased, and On Behalf Of All Those Entitled to Recover for the Death of PEGGY HOFFMAN, Deceased, under the Texas Wrongful Death Act; | § § § § § § § |
| | § |
| MELISSA MESSERLY, Individually and as Representative of the Estate of KENNETH HOFFMAN, Deceased, | § § § |
| | § |
| AUBREY O. LANDRUM, Individually and KAREN O. LANDRUM, Individually, | § § § |
| | § |
| GLADYS JANE FRANK, | § |
| | § |
| ANNIE MAY HAVRAN, INDIVIDUALLY, AND AS REPRESENATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CLINTON LOUIS HAVRAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT, and | § § § § § § § § § § § |
| | § |
| KIMBERLY KAY CHAPMAN, | § § |
| Plaintiffs/Intervenors, | § § |
| v. | § |
| | § |
| ECHO TOURS AND CHARTERS, LP d/b/a ECHO TRANSPORTATION; TLB GROUP, INC.; DIAMOND TOURS INC.; CSX TRANSPORTATION, INC., LOUIS AMBROSE, JR. and JOHN DOES, | § § § § § § § |
| | § |
| Defendants. | § |

IN THE DISTRICT COURT

44th JUDICIAL DISTRICT

DALLAS COUNTY, TEXAS

DEFENDANT ECHO TRANSPORTATION'S VERIFIED ORIGINAL ANSWER          Page 1

### DEFENDANT ECHO TRANSPORTATION'S VERIFIED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION ("ECHO")**, a Defendant named in the above entitled and numbered cause, and files this, its Verified Original Answer to Plaintiffs' First Amended Petition, Intervenor Melissa Messerly's Petition in Intervention, Intervenors Aubrey O. Landrum and Karen O. Landrum's Petition in Intervention, Intervenor Gladys Jane Frank's Petition in Intervention, and Intervenor Annie May Havran's Petition in Intervention, and for same would respectfully show as follows:

### I.
### GENERAL DENIAL

Defendant Echo denies each and every, all and singular, the material allegations contained within Plaintiffs' and Intervenors' pleadings and demands strict proof thereof.

### II.
### SECTION 18.091

Defendant Echo invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs/Intervenors seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant Echo further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs/Intervenors is subject to federal or state income taxes.

## III.
## SECTION 41. 0105

Defendant Echo invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs/Intervenors seek recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs/Intervenors. Defendant Echo further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs/Intervenors is limited to the amount actually paid or incurred by or on behalf of Plaintiffs/Intervenors.

## IV.
## ADDITIONAL AFFIRMATIVE DEFENSES

Further answering, if same be necessary, and without waiving any of the matters hereinabove asserted, Defendant Echo pleads as follows:

1.      Defendant Echo affirmatively pleads that there may be a defect in parties. Specifically, Plaintiffs/Intervenors have failed to join the City of Biloxi, Mississippi and the Mississippi Department of Transportation, who may be necessary and indispensable parties pursuant to TEX. R. CIV. P. 39(a). To the extent that the City of Biloxi and the Mississippi Department of Transportation cannot be made parties to this suit and they are necessary and indispensable parties, then this action should be dismissed pursuant to TEX. R. CIV. P. 39(b). Similarly, Defendant CSX Transportation, Inc. is also a necessary and indispensable party that has indicated its intent to assert jurisdictional defenses herein. To the extent that Defendant CSX Transportation, Inc. cannot be made a party to this suit, then this action should be dismissed pursuant to TEX. R. CIV. P. 39(b) for that reason as well.

2.      Defendant Echo pleads further that the Voigt Plaintiffs may lack standing to bring

claims on behalf of the Estate of Peggy Hoffman and may further lack capacity to sue on its behalf. Additionally, Defendant Echo has not yet seen evidence that the heirs of the Estate of Peggy Hoffman have not been declared by a court of competent jurisdiction. Plaintiff Dee Voigt may not have standing or capacity to sue on "behalf of all those entitled to recovery for the death of Peggy Hoffman under the Texas Wrongful Death Act [sic]" or even pursuant to the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Dee Voigt does not have the standing to bring on anyone else's behalf.

3.      Defendant Echo pleads further that the Havran Plaintiffs may lack standing to bring claims on behalf of the Estate of Clinton Louis Havran and may further lack capacity to sue on its behalf. Additionally, Defendant Echo has not yet seen evidence that the heirs of the Estate of Clinton Louis Havran have not been declared by a court of competent jurisdiction. Plaintiff Annie May Havran may not have standing or capacity to sue on "behalf of all those entitled to recovery for the death of Clinton Louis Havran under the Texas Wrongful Death Act [sic]" or even pursuant to the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Annie May Havran may not have the standing to bring on anyone else's behalf.

4.      Defendant Echo pleads further that the Messerly Plaintiffs may lack standing to bring claims on behalf of the Estate of Kenneth Hoffman and may further lack capacity to sue on its behalf. Additionally, Defendant Echo has not yet seen evidence that the heirs of the Estate of Kenneth Hoffman have not been declared by a court of competent jurisdiction. Plaintiff Melissa Messerly may not have standing or capacity to sue on behalf of the Estate of Kenneth Hoffman

under the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Melissa Messerly may not have the standing to bring on anyone else's behalf.

5.      Pleading further, Defendant Echo asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiffs/Intervenor's damages. Therefore, Defendant Echo asserts all rights, limitations, and defenses available under Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, including its right for the jury to determine comparative and/or proportionate responsibility of all parties, third parties, responsible third parties, and settling persons.

6.      Defendant Echo affirmatively pleads that it is entitled to a credit or set off in the amount of any payment, recovery, or settlement that Plaintiffs/Intervenors have obtained or will obtain from any party to compensate Plaintiffs/Intervenors for the injuries and damages about which Plaintiffs/Intervenors complain.

7.      Defendant Echo affirmatively pleads that the injuries and damages of which Plaintiffs/Intervenors complain were wholly brought about by a new and independent cause or causes not reasonably foreseeable by Defendant Echo, and therefore, such new and independent cause or causes became the immediate and efficient cause or causes of such alleged injuries and damages such that the acts or omissions of which Plaintiffs/Intervenors complain as to this Defendant Echo were wholly remote and not a cause of any injuries or damages sought to be recovered by Plaintiffs/Intervenors.

## V.
## JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant Echo demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION** prays that Plaintiffs and Intervenors take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL A. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**JAMES E. JOHNSON**
State Bar No. 00787773
jjohnson@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 [FAX]

*and*

**DAVID M. PRUESSNER**
State Bar No. 16364500
david@prulaw.com
LAW OFFICE OF DAVID M. PRUESSNER
4111 Joshua Lane
Dallas, Texas 75287
(214) 543-6827
(469) 375-3228

**ATTORNEYS FOR DEFENDANT
ECHO TRANSPORTATION, INC.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served to all known attorneys of record in this cause of action via EfileTexas.gov on the 10th day of April, 2017.

_____
MICHAEL P. SHARP
DANIEL M. KARP
DAVID M. PRUESSNER

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared **MICHAEL P. SHARP**, who being by me first duly sworn on his oath, deposed and said that he is duly qualified and authorized in all respects to make this verification; that he has read the above and foregoing Original Answer and affirmative defenses asserted therein; and that every statement contained therein is within his knowledge and is true and correct.

**SIGNED** this the 10th day of April, 2017.

_____
MICHAEL P. SHARP

**SUBSCRIBED AND SWORN TO BEFORE ME** by the said on this the 10TH day of April, 2017, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

_____
(Printed Name of Notary Public)

My Commission Expires:_____

## VERIFICATION

STATE OF TEXAS       §
                               §

COUNTY OF DALLAS     §

BEFORE ME, the undersigned Notary Public, on this day personally appeared **MICHAEL P. SHARP**, who being by me first duly sworn on his oath, deposed and said that he is duly qualified and authorized in all respects to make this verification; that he has read the above and foregoing Original Answer and affirmative defenses asserted therein; and that every statement contained therein is within his knowledge and is true and correct.

**SIGNED** this the 10th day of April, 2017.

MICHAEL P. SHARP

**SUBSCRIBED AND SWORN TO BEFORE ME** by the said on this the 10TH day of April, 2017, to certify which witness my hand and seal of office.



NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

PATRICIA ANNE COLLINS
My Commission Expires
June 26, 2018

Patricia Anne Collins
(Printed Name of Notary Public)

My Commission Expires: 6/26/18

---

**DEFENDANT ECHO TRANSPORTATION'S VERIFIED ORIGINAL ANSWER**           Page 9

**STATE OF TEXAS**
**COUNTY OF DALLAS** }

**I, FELICIA PITRE,** Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

**GIVEN UNDER MY HAND AND SEAL** of said Court, at office
in Dallas, Texas, this _____10_____ day of _____April_____, A.D., _____2017_____.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

FILED
DALLAS COUNTY
4/10/2017 9:56:07 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-02842-B

| | |
|---|---|
| DEE VOIGT, Individually and as Representative of the Estate of PEGGY HOFFMAN, Deceased, and On Behalf Of All Those Entitled to Recover for the Death of PEGGY HOFFMAN, Deceased, under the Texas Wrongful Death Act; § § § § § § § | IN THE DISTRICT COURT |

DEE VOIGT, Individually and as
Representative of the Estate of PEGGY
HOFFMAN, Deceased, and On Behalf Of
All Those Entitled to Recover for the
Death of PEGGY HOFFMAN, Deceased,
under the Texas Wrongful Death Act;

MELISSA MESSERLY, Individually and
as Representative of the Estate of
KENNETH HOFFMAN, Deceased,

AUBREY O. LANDRUM, Individually
and KAREN O. LANDRUM,
Individually,

GLADYS JANE FRANK,

ANNIE MAY HAVRAN,
INDIVIDUALLY, AND AS
REPRESENATIVE OF THE ESTATE
OF CLINTON LOUIS HAVRAN,
DECEASED, AND ON BEHALF OF
ALL THOSE ENTITLED TO
RECOVER FOR THE DEATH OF
CLINTON LOUIS HAVRAN,
DECEASED, UNDER THE TEXAS
WRONGFUL DEATH ACT, and

KIMBERLY KAY CHAPMAN,

              **Plaintiffs/Intervenors,**

v.                             **44th JUDICIAL DISTRICT**

ECHO TOURS AND CHARTERS, LP
d/b/a ECHO TRANSPORTATION; TLB
GROUP, INC.; DIAMOND TOURS
INC.; CSX TRANSPORTATION, INC.,
LOUIS AMBROSE, JR. and JOHN
DOES,

                **Defendants.**         **DALLAS COUNTY, TEXAS**

## DEFENDANT LOUIS AMBROSE, JR.'S VERIFIED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **LOUIS AMBROSE, JR.**, ("AMBROSE"), a Defendant named in the above entitled and numbered cause, and files this, his Verified Original Answer to Plaintiffs' First Amended Petition, Intervenor Melissa Messerly's Petition in Intervention, Intervenors Aubrey O. Landrum and Karen O. Landrum's Petition in Intervention, Intervenor Gladys Jane Frank's Petition in Intervention, and Intervenor Annie May Havran's Petition in Intervention, and for same would respectfully show as follows:

## I.
## GENERAL DENIAL

Defendant Ambrose denies each and every, all and singular, the material allegations contained within Plaintiffs and Intervenors' pleadings and demands strict proof thereof.

## II.
## SECTION 18.091

Defendant Ambrose invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiffs/Intervenors seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant Ambrose further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs/Intervenors is subject to federal or state income taxes.

## III.
## SECTION 41.0105

Defendant Ambrose invokes Section 41.0105 of the Texas Civil Practice and Remedies

Code.   To the extent Plaintiffs/Intervenors seek recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs/Intervenors.   Defendant Ambrose further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs/Intervenors is limited to the amount actually paid or incurred by or on behalf of Plaintiffs/Intervenors.

<div align="center">

**IV.**
**ADDITIONAL AFFIRMATIVE DEFENSES**

</div>

Further answering, if same be necessary, and without waiving any of the matters hereinabove asserted, Defendant Ambrose pleads as follows:

1.      Defendant Ambrose affirmatively pleads that there may be a defect in parties. Specifically, Plaintiffs/Intervenors have failed to join the City of Biloxi, Mississippi and the Mississippi Department of Transportation, who may be necessary and indispensable parties pursuant to TEX. R. CIV. P. 39(a).   To the extent that the City of Biloxi and the Mississippi Department of Transportation cannot be made parties to this suit and they are necessary and indispensable parties, then this action should be dismissed pursuant to TEX. R. CIV. P. 39(b). Similarly, Defendant CSX Transportation, Inc. is also a necessary and indispensable party that has indicated its intent to assert jurisdictional defenses herein.   To the extent that Defendant CSX Transportation, Inc. cannot be made a party to this suit, then this action should be dismissed pursuant to TEX. R. CIV. P. 39(b) for that reason as well.

2.      Defendant Ambrose pleads further that the Voight Plaintiffs may lack standing to bring claims on behalf of the Estate of Peggy Hoffman and may further lack capacity to sue on its behalf.   Additionally, Defendant Ambrose has not yet seen evidence that the heirs of the

Estate of Peggy Hoffman have not been declared by a court of competent jurisdiction. Plaintiff Dee Voigt may not have standing or capacity to sue on "behalf of all those entitled to recovery for the death of Peggy Hoffman under the Texas Wrongful Death Act [sic]" or even pursuant to the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Dee Voigt does not have the standing to bring on anyone else's behalf. .

3.      Defendant Ambrose pleads further that the Havran Plaintiffs may lack standing to bring claims on behalf of the Estate of Clinton Louis Havran and may further lack capacity to sue on its behalf. Additionally, Defendant Ambrose has not yet seen evidence that the heirs of the Estate of Clinton Louis Havran have not been declared by a court of competent jurisdiction. Plaintiff Annie May Havran may not have standing or capacity to sue on "behalf of all those entitled to recovery for the death of Clinton Louis Havran under the Texas Wrongful Death Act [sic]" or even pursuant to the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Anni May Havran may not have the standing to bring on anyone else's behalf.

4.      Defendant Ambrose pleads further that the Messerly Plaintiffs may lack standing to bring claims on behalf of the Estate of Kenneth Hoffman and may further lack capacity to sue on its behalf. Additionally, Defendant Ambrose has not yet seen evidence that the heirs of the Estate of Kenneth Hoffman have not been declared by a court of competent jurisdiction. Plaintiff Melissa Messerly may not have standing or capacity to sue on behalf of the Estate of Kenneth Hoffman under the Texas Survival Statute. The right to prosecute those claims belongs to the statutorily described individuals, and without further proof, Plaintiff Melissa Messerly may

not have the standing to bring on anyone else's behalf.

5.      Pleading further, Defendant Ambrose asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiffs/Intervenors' damages. Therefore, Defendant Ambrose asserts all rights, limitations, and defenses available under Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, including his right for the jury to determine comparative and/or proportionate responsibility of all parties, third parties, responsible third parties, and settling persons.

6.      Defendant Ambrose affirmatively pleads that he is entitled to a credit or set off in the amount of any payment, recovery, or settlement that Plaintiffs/Intervenors have obtained or will obtain from any party to compensate Plaintiffs/Intervenors for the injuries and damages about which Plaintiffs/Intervenors complain.

7.      Defendant Ambrose affirmatively pleads that the injuries and damages of which Plaintiffs/Intervenors complain were wholly brought about by a new and independent cause or causes not reasonably foreseeable by Defendant Ambrose, and therefore, such new and independent cause or causes became the immediate and efficient cause or causes of such alleged injuries and damages such that the acts or omissions of which Plaintiffs/Intervenors complain as to this Defendant were wholly remote and not a cause of any injuries or damages sought to be recovered by Plaintiffs/Intervenors.

## V.
## JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant Ambrose

demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **LOUIS AMBROSE, JR.** prays that Plaintiffs and Intervenors take nothing by this suit, that Defendant Ambrose go hence with his costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant Ambrose may show himself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

_____
**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL A. KARP**
State Bar No. 24012937
dkarp@feesmith.com
**JAMES E. JOHNSON**
State Bar No. 00787773
jjohnson@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 [FAX]

*and*

**DAVID M. PRUESSNER**
State Bar No. 16364500
david@prulaw.com
LAW OFFICE OF DAVID M. PRUESSNER
4111 Joshua Lane
Dallas, Texas 75287
(214) 543-6827
(469) 375-3228

**ATTORNEYS FOR DEFENDANT
LOUIS AMBROSE, JR.**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served to all known attorneys of record in this cause of action via EfileTexas.gov on the 10th day of April, 2017.

_____

**MICHAEL P. SHARP**
**DANIEL M. KARP**
**DAVID M. PRUESSNER**

## VERIFICATION

| STATE OF TEXAS | § |
| --- | --- |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared **MICHAEL P. SHARP**, who being by me first duly sworn on his oath, deposed and said that he is duly qualified and authorized in all respects to make this verification; that he has read the above and foregoing Original Answer and affirmative defenses asserted therein; and that every statement contained therein is within his knowledge and is true and correct.

**SIGNED** this the 10TH day of April, 2017.

_____
MICHAEL P. SHARP

**SUBSCRIBED AND SWORN TO BEFORE ME** by the said on this the 10th day of April, 2017, to certify which witness my hand and seal of office.

> PATRICIA ANNE COLLINS
> My Commission Expires
> June 26, 2018

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

_Patricia Anne Collins_
(Printed Name of Notary Public)

My Commission Expires: 6.26.2018

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _____, A.D., 2017.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS
By_____Deputy

Civil Action No. 3:17-cv-01018

# OFFICER'S RETURN

Case No. :  DC-17-02842

Court No.44th District Court

Style: DEE VOIGT, et al

vs.

ECHO TOURS AND CHARTERS, LP, et al

Came to hand on the ____29____ day of ____MARCH____, 20_17___, at __8:47___ o'clock _A____.M. Executed at215 S MONROE ST STE 200_____, within the County of _____ at 2:45 o'clock _P_.M. on the __4th__ day of _April_____, 20 _17_, by delivering to the within named Diamond Tours IN By Serring its Registered Agent E. Murray Moore Jr By US Certified Mail Return Receipt Received and Signed by unreadable signature

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_76.00_____ | _unreadable Signature_ |
| For mileage | $_____ | of_____County,_____ |
| For Notary | $_____ | By_Jay Lane_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____ day of _____, 20_____,

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0104 5914 93**

Notary Public_____County_____

## FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

Cit/Action No. 3:17-cv-01018

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **DIAMOND TOURS INC.**
      **BY SERVING ITS REGISTERED AGENT E MURRAY MOORE JR**
      **215 S MONROE STREET SUITE 200**
      **TALLAHASSEE FL 32302**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff/ Intervenor being **ANNIE MAY HAVRAN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CLINTON LOUIS HAVRAN, DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF CLINTONLOUI HAVRAN, DECEASED**

Filed in said Court  **27th day of March, 2017** against

**DIAMOND TOURS INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
     GAY LANE

---

CERT MAIL

CITATION

DC-17-02842

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**29th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff / Intervenor**
ROBERT HASLAM
HASLAM & GALLAGHER
555 SOUTH SUMMIT AVENUE
FORT WORTH TX 76104
817-332-3115

---

DALLAS COUNTY CONSTABLE

FEES PAID

FEES NOT PAID


**UNITED STATES**
**POSTAL SERVICE**®

Date: April 4, 2017

MAIL MAIL:

The following is in response to your April 4, 2017 request for delivery information on your
Certified Mail™/RRE item number 92148901066154000104591493. The delivery record
shows that this item was delivered on April 4, 2017 at 2:45 pm in TALLAHASSEE, FL
32301. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000104591493
DC-17-02842/ GDL
BY SERVING ITS REGISTERED AGENT E MURRAY MOORE JR
DIAMOND TOURS INC
215 S Monroe St Ste 200
Tallahassee, FL 32301-1852

STATE OF TEXAS }
COUNTY OF DALLAS }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and accurate copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _10th_ day of _April_, A.D., _2017_

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy

FILED
DALLAS COUNTY
4/6/2017 4:52:19 PM
FELICIA PITRE
DISTRICT CLERK

# THE LAW OFFICE OF PETER G. MALOUF*

P.O. Box 12745
Dallas, Texas 75225
(972) 971-5509 Phone
(866) 272- 8779 Facsimile                                    *Also Licensed in the District of Columbia

April 6, 2017

**Via E-File and Email**              **Via E-File and Email**
John W. Proctor                       S. Camille Reifers
Brown, Dean, Proctor, & Howell, L.L.P.   Boyle Brasher LLC
306 West Seventh Street, Suite 200    80 Monroe Avenue, Suite 410
Fort Worth, Texas  76102              Memphis, Tennessee 38103

**Via E-File and Email**
Michael Sharp
Daniel Karp
Fee, Smith, Sharp & Vitullo
Three Galleria Tower
13155 Noel Road Suite 1000
Dallas, Texas 75240

    Re:   *Dee Voight et al v. Echo Tours and et al*
          Cause No.: DC 17-02842; 44th Judicial District Court

         And

         *Darwyn Hanna v. Echo Tours & Charters, L.P. et al*
         Cause No.: DC 17-02833; 192nd Judicial District Court

Dear Counsel:

    Per the court coordinator, and clerk for the 44th Judicial District Court, the hearing on the Motion to Consolidate which was scheduled for tomorrow at 1:50 p.m. **has been canceled.**

    If you have any questions, please feel free to call.

             Sincerely,

             /s/ Peter Malouf

             Peter Malouf

Cc:   All Counsel of Record - Via E-File

STATE OF TEXAS        }
COUNTY OF DALLAS      }

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, this _____ day of _April_, A.D., _2017_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

FILED
DALLAS COUNTY
4/4/2017 8:52:58 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**ECHO TOURS AND CHARTERS, LP**
**9314 WEST JEFFERSON BLVD**
**DALLAS TX 75211**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
28th day of March, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

DALLAS COUNTY CONSTABLE
FEES PAID       FEES NOT PAID

# AFFIDAVIT OF SERVICE

State of Texas                              County of Dallas                              44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Echo Tours And Charters, LP d/b/a Echo Transportation, 9314 West Jefferson Blvd, Dallas, TX 75211.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Petition of Intervention** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the alternate address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102**, as authorized to accept delivery for **Echo Tours And Charters, LP d/b/a Echo Transportation**, and informed said person of the contents therein.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ___ day of
_____ 2017 by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000451

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that I have compared this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office in Dallas, Texas, this ___10___ day of ___April___, A.D., _2017_.

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____Deputy

Civil Action No. 3:17-cv-01018

FILED
DALLAS COUNTY
4/4/2017 8:38:08 PM
FELICIA PITRE
DISTRICT CLERK

Marissa Pittman

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:

CSX TRANSPORTATION INC
BY SERVING CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3136

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **INTERVENTION** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
        DENOSHA BOSTON



DALLAS COUNTY
FEES
PAID

DALLAS COUNTY CONSTABLE
FEES NOT
PAID

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX 78257; P O BOX 350
BEAUMONT TX 77704
210-447-0500; 409-838-0101

# AFFIDAVIT OF SERVICE

State of Texas                County of Dallas                44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent, 1999 Bryan Street, Suite 900, Dallas, TX 75201**.

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:00 pm, I:**

delivered to **CSX Transportation, Inc. by delivering to CT Corporation System, Registered Agent** a true copy of the **Citation - Petition of Intervention** with the date of service endorsed thereon by me, to: **Terri Thongsavat, who is authorized to accept service for CT Corporation System**, at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the ___ day of
_____, 20__ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000447

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA PITRE, Clerk of the District of Dallas County,
Texas, do hereby certify that I have compared this instrument
to be a true and correct copy of the original as appears on
record in my office.

GIVEN UNDER MY HAND AND SEAL of said Court, at office
in Dallas, Texas, the _____ day of _____ A.D., _____

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By _____ Deputy

Action No. 3:17-cv-01018

*Marissa Pittman*

FILED
DALLAS COUNTY
4/4/2017 8:43:51 PM
FELICIA PITRE
DISTRICT CLERK

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**ECHO TOURS AND CHARTERS, LP**
**9314 WEST JEFFERSON BLVD**
**DALLAS TX  75211**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **DEE VOIGT INDIVIDUALLY AND AS REPRESNTATIVE OF THE ESTATE OF PEGGY HOFFMAN DECEASED, AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER FOR THE DEATH OF PEGGY HOFFMAN, DECEASED, UNDER THE TEXAS WRONGFUL DEATH ACT**

Filed in said Court  **24th day of March, 2017** against

**ECHO TOURS AND CHARTERS, LP D/B/A ECHO TRANSPORTATION, TBL GROUP INC., DIAMOND TOURS INC., LOUIS AMBROSE JR., CSX TRANSPORTATION INC.**

For Suit, said suit being numbered **DC-17-02842,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 28th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
            DENOSHA BOSTON

---

**ATTY**

**CITATION**

**DC-17-02842**

**DEE VOIGT, et al**
**vs.**
**ECHO TOURS AND CHARTERS, LP, et al**

ISSUED THIS
**28th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DENOSHA BOSTON, Deputy

**Attorney for Plaintiff**
MIKAL WATTS; MITCHELL A TOUPS
4 DOMINION DR BLDG 3
SUITE 100
SAN ANTONIO TX  78257; P O BOX 350
BEAUMONT  TX  77704
210-447-0500; 409-838-0101



~~DALLAS COUNTY CONSTABLE~~

FEES
PAID

FEES NOT
PAID

Civil Action No. 3:17-cv-01018

# AFFIDAVIT OF SERVICE

State of Texas                          County of Dallas                          44th District Court

Case Number: DC-17-02842

Plaintiff:
**Dee Voight, et al**
vs.
Defendant:
**Echo Tours and Charters, LP dba Echo Transportation, et al**

Received these papers on the 28th day of March, 2017 at 12:35 pm to be served on **Echo Tours And Charters, LP d/b/a Echo Transportation, 9314 West Jefferson Blvd, Dallas, TX 75211.**

I, Carlos Barrera, being duly sworn, depose and say that on the **28th day of March, 2017 at 1:45 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiffs' First Amended Petition** with the date of service endorsed thereon by me, to: **Elisa Fox as Registered Agent** at the alternate address of: **Decker Jones, 801 Cherry Street, Suite 2000, Unit 46, Fort Worth, Tarrant County, TX 76102,** as authorized to accept delivery for **Echo Tours And Charters, LP d/b/a Echo Transportation,** and informed said person of the contents therein.

I am a private process server and I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and Sworn to before me on the __2__ day of
__Apru__, __2017__ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

EDRICK ALVISO
MY COMMISSION EXPIRES
March 23, 2019

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/18

Our Job Serial Number: ESA-2017000450

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



STATE OF TEXAS
COUNTY OF DALLAS

I, FELICIA ___ ___ ___ District ___ of Dallas County,
Texas, ___ ___ ___ ___ ___ ___ ___ ___ instrument
to be a ___ ___ ___ ___ ___ ___ compared ___ ___ and
record in my ___ ___ ___ ___ of the original as appears on

GIVEN UNDER ___ ___ ___ ___ ___ SEAL of said Court, at office
in Dallas, Texas, this ___ day of ___ A.D., 2012

FELICIA PITRE, DISTRICT CLERK
DALLAS COUNTY, TEXAS

By_____ Deputy