IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEE VOIGT, *et al.*, §
                        §
    Plaintiffs,          §
                         §
v.                         §          Civil Action No. 3:17-CV-1018-N
                         §
CSX TRANSPORTATION, INC., *et al.*, §
                         §
    Defendants.     §

DARWYN HANNA, *et al.*,     §
                         §
    Plaintiffs,          §
                         §
v.                         §          Civil Action No. 3:17-CV-1023-N
                         §
CSX TRANSPORTATION, INC., *et al.*, §
                         §
    Defendants.     §

## ORDER

This Order addresses plaintiffs and intervenors's motion[1] to remand.  Because this case is relatively in its infancy and involves exclusively state law claims by Texas residents, the Court exercises its discretion to remand.[2]

---

[1] Although there are two separate cases and motions, the Court will discuss them in the singular for simplicity.

[2] In the interest of time the Court will presume familiarity with the basic facts and procedural posture of the case.

In *Enochs v. Lampasas County*, 641 F.3d 155 (5th Cir. 2011), the Circuit directed district courts to consider eight factors in determining whether to remand or exercise jurisdiction under 28 U.S.C. § 1367(c). The Court will address those in turn.

***1. Whether the state claims raise novel or complex issues of state law.*** – The parties dispute which state's law will apply. Because this Court will not ultimately make that decision, it does not weigh in other than to note that this may be one of those cases in which the citizenship of the parties is more significant than the place of the accident. That said, it is unclear at this time whether the case will ultimately raise novel or complex issues of state law. A case may be quite factually complex, but still not raise novel or complex issues of state law. Realistically, the Court suspects it is likely given the magnitude of the dispute that eventually novel and complex issues of state law will appear. This factor weighs slightly in favor of remand.

***2. Whether the state claims substantially predominate over the federal claims.*** – At this point the federal claims are gone, so the state law claims entirely predominate over the federal claims. This factor weighs strongly in favor of remand.

***3. Whether federal claims have been dismissed.*** – Defendants argue that this factor applies only when the Court, rather than the plaintiffs, dismisses the federal claims, citing *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003). As defendants acknowledge, the Fifth Circuit has never adopted this construction of the statute. Moreover, most of the federal claims at issue were in fact dismissed by the Court, albeit on plaintiffs' motion. *See* Order,

July 7, 2017 [46] (Voigt); Order, August 10, 2017 [55] (Voigt).  Accordingly, the Court finds this factor does apply and weighs in favor of remand.

**4. *Whether there are exceptional circumstances or other compelling reasons for declining jurisdiction.*** – Aside from the other seven enumerated factors,[3] the Court does not find any exceptional circumstances or compelling reasons one way or the other.  This factor is neutral.

**5. *Judicial economy.*** – This factor usually refers to whether this Court has expended sufficient time and effort working on this case and gained sufficient familiarity with the facts and circumstances that it would be inefficient for another judge to have to come up to speed. In that sense, judicial economy weighs in favor of remand, as this case is in its very early stages.  In another sense, the defendants argue that if the Court remands this case there will be at least two separate judicial proceedings dealing with the accident at issue, one in Texas state court and one in Mississippi federal court.  On these facts, that is probably more significant than whether a new judge has to come up to speed on this case.  This factor weighs strongly against remand.

**6. *Convenience.*** – The plaintiffs and most of their doctors are in Texas.  Admittedly, not all are within 100 miles of Dallas.  They are, however, much closer to Dallas than to the Southern District of Mississippi.  On the other hand, most first responders and healthcare

---

[3]Because the two forum versus one forum issue is addressed under judicial economy, the Court does not address it here.

providers are closer to Biloxi.  Plaintiffs identify many other witnesses closer to Dallas than Biloxi.  On balance, the Court finds this factor favors remand.

*7. Fairness.* – It seems more fair for the Texas plaintiffs to have their claims heard in a Texas state court than to be transferred to a federal court in Mississippi.  But for the quirk of complete preemption, this case would have raised exclusively state law claims in a Texas state court.  Because of complete preemption, plaintiffs have been subjected to a detour to federal court, which many state court litigants would say is bad enough on its own.  To use that detour to uproot plaintiffs completely from their chosen forum and replant them in a foreign forum that could not otherwise have been imposed on them is unfair.  This factor weighs strongly in favor of remand.

*8. Comity.* – Comity here favors a state court forum.  *See* Defendants' Joint Response at 15 (defendants acknowledge that, at first blush, comity favors remand, though arguing things may not be quite so simple).  This factor weighs in favor of remand.

The Court notes one other issue that perhaps could have been addressed under item 4, above, but does not really appear to be exceptional.  Defendants argue that the Court should not remand because the plaintiffs have engaged in forum shopping.  As in *Enochs*, the Court finds that plaintiffs have not engaged in any more than the "normal" forum shopping inherent in plaintiffs' exercising their ability to select a forum.  641 F.3d at 160-61.  Here plaintiffs filed a state court lawsuit asserting only state court claims.  But for complete preemption's transmuting their state law claims against CSX into federal claims, they never would have been here.  For plaintiffs to request dismissal of CSX in order to return to the

state court from whence they came hardly seems like the kind of manipulative forum shopping that courts should guard against.  The Court certainly does not fault CSX for removing, but it likewise cannot fault plaintiffs for wanting to return to their initially chosen forum.

On balance, the Court finds that the eight factors favor remand.  Accordingly, the Court grants the plaintiffs and intervenors' motions to remand and orders that these cases are remanded to the 192nd Judicial District Court of Dallas County, Texas.


Signed October 25, 2017.


David C. Godbey
United States District Judge